# EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE ARIAD PHARMACEUTICALS, INC. SECURITIES LITIGATION | **NO. 1:13-cv-12544 (WGY)**<br><br>**CLASS ACTION** |

**DECLARATION OF ALEXANDER VILLANOVA REGARDING:**
**(A) MAILING OF THE NOTICE AND CLAIM FORM; (B) PUBLICATION OF**
**THE SUMMARY NOTICE; AND (C) REPORT ON REQUESTS FOR**
**EXCLUSION AND OBJECTIONS**

I, Alexander Villanova, declare and state as follows, pursuant to 28 U.S.C. § 1746:

1.      I am a Project Manager employed by Epiq Class Action & Claims Solutions, Inc. ("Epiq").  The following statements are based on my personal knowledge and information provided by other Epiq employees working under my supervision and, if called on to do so, I could and would testify competently thereto.

2.      Epiq was retained by Plaintiffs' Co-Lead Counsel for the Settlement Class to provide notice and administration services in the above-captioned class action litigation (the "Action"), and appointed by the Court as the Claims Administrator.[1]  I submit this Declaration in order to provide the Court and the Parties to the Settlement with information regarding, among other things, the mailing of the Court-approved Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees, and Settlement Fairness Hearing (the "Notice") and the Proof of Claim and Release ("Proof of Claim") (together, the Notice and Proof of Claim are referred to herein as the "Claim Packet"), as well as the publication of the Summary Notice and establishment of the website and toll-free number dedicated to this class action, in accordance with the Court's Order for Notice and Hearing.

## DISSEMINATION OF THE CLAIM PACKET

3.      Epiq is responsible for disseminating the Claim Packet to potential Settlement Class Members in this Action.  By definition, Settlement Class Members are all persons and entities that purchased, or otherwise acquired, shares of ARIAD Pharmaceuticals, Inc. ("ARIAD") publicly traded common stock during the period from December 11, 2012 through December 14, 2012, inclusive, and were damaged thereby, subject to the exclusions set forth in the Order for Notice and Hearing.

---

[1]  Unless otherwise defined herein, all capitalized terms shall have the same meanings as set forth in the Stipulation and Agreement of Settlement, dated November 29, 2017 (the "Stipulation").

4.      On January 9, 2018, Epiq received a Microsoft Excel file forwarded from the transfer agent for ARIAD containing a list of shareholders of record of ARIAD common stock. This list had a total of 360 names and addresses for noticing.  Epiq extracted the names and addresses.  After data clean-up and de-duplication there remained 359 unique names and addresses of potential Settlement Class Members.

5.      Epiq loaded this data into a database created for the Action.

6.      The large majority of potential Settlement Class Members are "beneficial" purchasers whose securities are held in "street name"—i.e., the securities are purchased by brokerage firms, banks, institutions and other third-party nominees in the name of the nominee, on behalf of the beneficial purchasers.  Epiq maintains and updates a proprietary list of the largest and most common banks, brokers and other nominees.  Accordingly, the list of known holders of ARIAD common stock provided by ARIAD's transfer agent was supplemented with Epiq's internal broker list containing 1,398 additional names and addresses.

7.      The Notice requested that nominees who purchased or otherwise acquired the publicly traded common stock of ARIAD during the Settlement Class Period for the beneficial interest of a person or entity other than themselves to either (i) send a copy of the Claim Packet to the beneficial owner, postmarked no later than 7 days after such nominee's receipt of the Claim Packet, or (ii) provide Epiq with the names and addresses of such persons no later than 7 days after the nominee's receipt of the Claim Packet.  Nominees also received an instruction letter with their Claim Packets.  A true and accurate copy of the letter sent to nominees is attached as Exhibit A.

8.      Epiq thereafter formatted the Claim Packet and caused it to be printed, personalized with the name and address of each potential Settlement Class Member or nominee,

and mailed by first-class mail, postage prepaid, to the known potential Settlement Class Members and nominees on February 2, 2018 (the "Notice Date").

9.      On the Notice Date, 1,757 copies of the Claim Packet were mailed.  A copy of the Claim Packet is attached hereto as Exhibit B.

10.      Epiq has received requests from nominees for additional unaddressed copies of the Claim Packet and for Claim Packets to be mailed directly by Epiq to potential Settlement Class Members identified by the nominee.  From the Notice Date through April 3, 2018, Epiq has mailed an additional 4,088 copies of the Claim Packet to potential members of the Settlement Class whose names and addresses were received from individuals or nominees.  Epiq has also mailed another 1,830 Claim Packets to nominees who requested Claim Packets to forward to their customers.  All requests for notice have been responded to in a timely manner and Epiq will continue to timely respond to any additional requests received.

11.      As of April 3, 2018, an aggregate of 7,675 Claim Packets have been disseminated to potential Settlement Class Members and nominees by first-class mail.

12.      As of April 3, 2018, 172 Claim Packets have been returned by the United States Postal Service to Epiq as undelivered as addressed ("UAA").  Of those returned UAA, 20 had forwarding addresses and were promptly re-mailed to the updated address.

## PUBLICATION OF THE SUMMARY NOTICE

13.      The Court's Order for Notice and Hearing also directed that the Summary Notice be published once in *Investor's Business Daily* and be transmitted over *PR Newswire* within 14 calendar days of the Notice Date.  Accordingly, the Summary Notice was published in *Investor's Business Daily* and transmitted over the *PR Newswire* on February 12, 2018.  Attached as Exhibit C is a confirmation of publication, attesting to the publication in *Investor's Business Daily* and a screen shot attesting to the transmission over *PR Newswire*.

3

## CALL CENTER SERVICES

14.     Epiq reserved a toll-free phone number for the Settlement, (888) 524-4593, and published that toll-free number in the Claim Packet and on the Settlement website.

15.     The toll-free number connects callers with an Interactive Voice Recording ("IVR").  The IVR provides potential Settlement Class Members and others who call the toll-free telephone number access to additional information that has been pre-recorded.  The toll-free telephone line with pre-recorded information is available 24 hours a day, 7 days a week.  Specifically, the pre-recorded message provides callers with a brief summary of the Settlement and the option to select one of several more detailed recorded messages addressing frequently asked questions.  The IVR also allows callers to request that a copy of the Claim Packet be mailed to them or the caller may opt to speak live with a trained operator.

16.     Epiq made the toll-free phone number available on February 2, 2018, the same date Epiq mailed the Claim Packets.

17.     In addition, Monday through Friday from 6:00 a.m. to 6:00 p.m. Pacific Time (excluding official holidays), callers are able to speak to a live operator regarding the status of the Settlement and/or obtain answers to questions they may have.  During other hours, callers may leave a message for an agent to call them back.

## WEBSITE

18.     Epiq established and is maintaining a website dedicated to the Action (www.AriadSecuritiesLitigation.com) to provide information to Settlement Class Members and to answer frequently asked questions.  Users of the website can download a copy of the Notice, Proof of Claim, Stipulation, and the Order for Notice and Hearing, among other relevant documents.  The web address was set forth in the Claim Packet and the Summary Notice.  Epiq

will continue operating, maintaining and, as appropriate, updating the website until the conclusion of this administration.

## EXCLUSION REQUESTS AND OBJECTIONS

19.     The Notice informed Settlement Class Members that written requests for exclusion from the Settlement Class must be mailed, postmarked no later than April 19, 2018, addressed to ARIAD Securities Litigation Exclusions, c/o Epiq Systems, Inc., Claims Administrator, P.O. Box 4230, Portland, OR 97208-4230. Epiq has monitored all mail that has been delivered to this Post Office Box. As of the date of this Declaration, Epiq has received no requests for exclusion from the Settlement Class.  Epiq will continue to be the repository for exclusion requests up to and beyond the postmark deadline and will report any exclusion requests that are received. Although Settlement Class Members who wish to object to the Settlement are not supposed to send them to Epiq (they are supposed to file any objection with the Clerk of the Court and serve it on counsel), Epiq has checked all mail just in case any individuals do not follow the instructions and end up mailing objections to the case inbox. As of the date of this Declaration, Epiq has received no objections. Epiq will notify counsel of any objections received.

20.     Epiq will submit a supplemental declaration after the April 19, 2018 deadline for requesting exclusion (and objecting), which will address all that are received.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on April 3, 2018, at Beaverton, Oregon.

Alexander Villanova

# EXHIBIT A

*In re ARIAD Pharmaceuticals, Inc. Securities Litigation*
c/o Epiq Systems, Inc.
P.O. Box 4230
Portland, OR 97208-4230

Website: www.AriadSecuritiesLitigation.com
Email:    info@AriadSecuritiesLitigation.com
Phone:   (888) 524-4593

## NOTICE TO BROKERS, BANKS, AND OTHER NOMINEES

### TIME-SENSITIVE, COURT-ORDERED
### ACTION REQUIRED ON YOUR PART

---

**In re ARIAD Pharmaceuticals, Inc. Securities Litigation**
**Case No. 1:13-cv-12544 (WGY)**

---

A proposed settlement of the above-noted securities class action has been reached.

The Settlement Class consists of all persons and entities that purchased or otherwise acquired publicly traded ARIAD common stock during the period from December 11, 2012, through December 14, 2012, inclusive (the "Settlement Class Period"), and were damaged thereby. The CUSIP for ARIAD common stock was 04033A100.

Enclosed is the Notice and the Claim Form (the "Notice Packet"), which must be timely sent to potential Settlement Class Members by Court order.

If you are a broker or other nominee who purchased or otherwise acquired publicly traded ARIAD common stock during the period from December 11, 2012, through December 14, 2012, inclusive, for the beneficial interest of a person or entity other than yourself, **WITHIN SEVEN (7) CALENDAR DAYS OF YOUR RECEIPT OF THE ENCLOSED NOTICE PACKET, you must either:**

(a) provide the Claims Administrator, Epiq Systems, with a list of the names and last known addresses of all such beneficial owners described above; or

(b) request from the Claims Administrator sufficient copies of the enclosed Notice Packet to forward to all such beneficial owners and, within seven (7) calendar days of receipt of those copies, forward the Notice Packet to all such beneficial owners.

**PLEASE NOTE: THESE DOCUMENTS CONTAIN DEADLINES THAT COULD IMPACT YOUR CUSTOMERS' RIGHTS.**

**If you are providing a list of names and addresses to the Claims Administrator, please do the following:**

(a) Compile a list of names and last known addresses of the beneficial owners described above.

(b) Prepare the list in Microsoft Excel format following the "Electronic Name and Address File Layout" set forth on page 2 below. A preformatted spreadsheet can also be found on the "Nominees" page of the website, *www.AriadSecuritiesLitigation.com*.

(c) Then you must do one of the following:

    1. Burn the Microsoft Excel file(s) to a CD or DVD and mail the CD or DVD to:

        *In re ARIAD Pharmaceuticals, Inc. Securities Litigation*
        c/o Epiq Systems, Inc.
        P.O. Box 4230
        Portland, OR 97208-4230;

    2. Email the spreadsheet to info@AriadSecuritiesLitigation.com; or

    3. Upload the spreadsheet to the "Nominees" page of the website, *www.AriadSecuritiesLitigation.com*.

**If you are going to forward the Notice Packet to the beneficial owners,** request the needed number of copies of the Notice Packet via email to info@AriadSecuritiesLitigation.com. You must mail the Notice Packets to the beneficial owners within seven (7) calendar days of your receipt of the Notice Packets.

**For Questions, Please Call (888) 524-4593**

**Expense Reimbursement**

Reasonable expenses are eligible for reimbursement (including postage and costs to compile names and addresses), if an invoice documenting the expenses is timely submitted to the Claims Administrator. Please submit your invoice within <u>one month</u> of completing the mailing or providing your file.

**Electronic Name and Address File Layout**

| Column | Description | Length | Notes |
|--------|-------------|--------|-------|
| A | Account # | 15 | Unique identifier for each record |
| B | Beneficial owner's first name | 25 | |
| C | Beneficial owner's middle name | 15 | |
| D | Beneficial owner's last name | 30 | |
| E | Joint beneficial owner's first name | 25 | |
| F | Joint beneficial owner's middle name | 15 | |
| G | Joint beneficial owner's last name | 30 | |
| H | Business or record owner's name | 60 | Businesses, trusts, IRAs, and other types of accounts |
| I | Representative or contact name | 45 | |
| J | Address 1 | 35 | |
| K | Address 2 | 25 | |
| L | City | 25 | |
| M | U.S. state or Canadian province | 2 | U.S. and Canada addresses only[1] |
| N | ZIP code | 10 | |
| O | Country (other than U.S.) | 15 | |

**For further details, please refer to page 14 of the enclosed Notice.**

If you have any questions, contact the Claims Administrator at (888) 524-4593 or by email at info@AriadSecuritiesLitigation.com. Thank you for your cooperation.

---

[1] For countries other than the U.S. and Canada, place any territorial subdivision in "Address 2" field.

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE ARIAD PHARMACEUTICALS, INC. SECURITIES LITIGATION | No. 1:13-cv-12544 (WGY) |

**NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT,
MOTION FOR ATTORNEYS' FEES, AND SETTLEMENT FAIRNESS HEARING**

**If you purchased or otherwise acquired shares of ARIAD Pharmaceuticals, Inc. ("ARIAD") publicly traded common stock during the period from December 11, 2012, through December 14, 2012, inclusive (the "Settlement Class Period"), and were damaged thereby, then you may be entitled to a payment from a class action settlement.**

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

•   The settlement will provide a $3.5 million settlement fund for the benefit of investors who purchased or otherwise acquired shares of ARIAD publicly traded common stock during the Settlement Class Period and were damaged thereby.[1]

•   The Settlement resolves claims by the City of Fort Lauderdale Police & Fire Retirement System and William A. Gaul ("Settlement Class Representatives") that have been asserted on behalf of the proposed Settlement Class against ARIAD, Harvey J. Berger, Timothy P. Clackson, Edward M. Fitzgerald, and Frank G. Haluska (collectively, "Defendants").

•   If you are a Settlement Class Member, your legal rights are affected whether you act or do not act. Read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY APRIL 26, 2018** | The only way to get a payment. |
| **EXCLUDE YOURSELF BY APRIL 19, 2018** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against ARIAD and the other Released Defendant Parties about the Settled Claims. |
| **OBJECT BY APRIL 19, 2018** | Write to the Court about why you do not like the Settlement, the proposed Plan of Allocation, and/or Plaintiffs' Co-Lead Counsel's application for an award of attorneys' fees and payment of expenses. |
| **GO TO A HEARING ON MAY 10, 2018** | Ask to speak in Court about the Settlement at the Settlement Fairness Hearing. |
| **DO NOTHING** | Get no payment. Give up rights. |

•   These rights and options - **and the deadlines to exercise them** - are explained in this notice.

•   The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement and after appeals are resolved. Please be patient.

---

[1] All capitalized terms not otherwise defined in this document shall have the meanings provided in the Stipulation and Agreement of Settlement dated November 29, 2017 (the "Stipulation").

## SUMMARY OF THIS NOTICE

### Statement of Plaintiffs' Recovery

Pursuant to the Settlement described herein, a Gross Settlement Fund consisting of $3.5 million in cash, including any accrued interest, has been established. Based on Settlement Class Representative's consulting expert's estimate of the number of shares of common stock that may have been damaged by the alleged fraud, and assuming that all those shares participate in the Settlement, Settlement Class Representative's consulting expert estimates that the average recovery per damaged share of ARIAD common stock under the Settlement is $1.52 per damaged share[2] before deduction of Court-awarded attorneys' fees and expenses, and $0.87 per damaged share after deduction of the attorneys' fees and expenses discussed below. A Settlement Class Member's actual recovery will be a portion of the Net Settlement Fund determined by that claimant's Recognized Claim as compared to the total Recognized Claims of all Settlement Class Members who submit acceptable Claim Forms. Depending on the number of claims submitted, when during the Settlement Class Period a Settlement Class Member purchased shares of ARIAD common stock, the purchase price paid, and whether those shares were held at the end of the Settlement Class Period or sold during the Settlement Class Period, and, if sold, when they were sold and the amount received, an individual Settlement Class Member may receive more or less than this average amount. *See* the Plan of Allocation beginning on page 10 for more information on your Recognized Claim.

### Statement of Potential Outcome of Case

The Parties disagree on both liability and damages and do not agree on the average amount of damages per share that would be recoverable if plaintiffs were to have prevailed on each claim alleged. The issues on which the Parties disagree include whether the statements made or facts allegedly omitted were material or otherwise actionable under the federal securities laws; the appropriate economic model for determining the amount by which ARIAD common stock was allegedly artificially inflated (if at all) during the Settlement Class Period; the amount by which ARIAD common stock was allegedly artificially inflated (if at all) during the Settlement Class Period; the effect of various market forces influencing the trading price of ARIAD common stock at various times during the Settlement Class Period; the extent to which Defendants' alleged misstatements and omissions influenced (if at all) the trading price of ARIAD common stock at various times during the Settlement Class Period; and whether any purchasers of ARIAD publicly traded common stock suffered damages as a result of the alleged misstatements and omissions. The Defendants have expressly denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, acts, misstatements, or omissions alleged, or that could have been alleged, in this action, and deny any and all liability to the plaintiffs or the Settlement Class and deny that plaintiffs or the Settlement Class have suffered any damages.

### Statement of Attorneys' Fees and Expenses Sought

Plaintiffs' Co-Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed $1,050,000, which is 30% of the $3.5 million settlement amount and significantly less than the value of Plaintiffs' Counsel's legal services to date. The Settlement is not "claims-made" and the Defendants are not entitled to the return of any of the settlement amount if the Effective Date of the Settlement is reached. Accordingly, the full value of the $3.5 million Settlement is for the benefit of the Settlement Class. Plaintiffs' Co-Lead Counsel will also apply for reimbursement of litigation expenses paid or incurred in connection with the institution, prosecution and resolution of the claims against the Defendants, in an amount not to exceed $450,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by the Settlement Class Representatives directly related to their representation of the Settlement Class. Any fees and expenses awarded by the Court will be paid from the Gross Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses. The estimate of the average cost per damaged share, if the Court approves Plaintiffs' Co-Lead Counsel's fee and expense application, is $0.65 per damaged share. Plaintiffs' Counsel have expended considerable time and effort in the prosecution of this litigation on a contingent fee basis, and have advanced the expenses of the litigation, in the expectation that if they were successful in obtaining a recovery for the Settlement Class they would be paid from such recovery. The Defendants have expressly denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, acts, or omissions alleged, or that could have been alleged, in this action.

### Further Information

Further information regarding the Action and this Notice may be obtained by contacting the Claims Administrator: *In re ARIAD Pharmaceuticals, Inc. Securities Litigation*, c/o Epiq Systems, Inc., P.O. Box 4230, Portland, OR 97208-4230, *www.AriadSecuritiesLitigation.com*; or Plaintiffs' Co-Lead Counsel: John C. Browne, Bernstein Litowitz Berger & Grossmann LLP, 1251 Avenue of the Americas, New York, NY 10020, Tel: (800) 380-8496,

---

[2] An allegedly damaged share might have been traded more than once during the Settlement Class Period, and the indicated average recovery would be the total for all purchasers of that share.

johnb@blbglaw.com; Jonathan Gardner, Labaton Sucharow LLP, 140 Broadway, New York, NY 10005, Tel: (888) 219-6877, settlementquestions@labaton.com; and Sanford P. Dumain, Milberg Tadler Phillips Grossman LLP, One Pennsylvania Plaza, Suite 1920, New York, NY 10119, Tel: (800) 320-5081, sdumain@milberg.com.

**Reasons for the Settlement**

For the Settlement Class Representatives, the principal reason for the Settlement is the benefit to be provided to the Settlement Class now. This benefit must be compared to the risk that no recovery might be achieved in view of the District Court's dismissal of the Complaint. Although plaintiffs were successful reinstating some of their claims on appeal, there are risks that a smaller recovery or no recovery might be obtained after continued litigation, including a contested trial and potential appeals, possibly years into the future.

For the Defendants, who deny all allegations of wrongdoing or liability whatsoever, the principal reason for the settlement is to eliminate the expense, risks, and uncertain outcome of the litigation.

**[END OF PSLRA COVER PAGE]**

**BASIC INFORMATION**

| 1. | Why did I get this Notice? |
|---|---|

You or someone in your family may have purchased or otherwise acquired shares of ARIAD publicly traded common stock during the period from December 11, 2012, through December 14, 2012, inclusive, and been damaged thereby.

The Court directed that this Notice be sent to Settlement Class Members because they have a right to know about a proposed settlement of a class action lawsuit, and about all of their options, before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and after objections and appeals are resolved, an administrator appointed by the Court will make the payments that the Settlement allows.

This Notice explains the lawsuit, the Settlement, Settlement Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the District of Massachusetts, and the case is known as *In re ARIAD Pharmaceuticals, Inc. Securities Litigation*, Case No. 1:13-cv-12544 (WGY) (D. Mass.). This case was assigned to United States District Judge William G. Young. The people who sued are called plaintiffs, and the company and the persons they sued, ARIAD Pharmaceuticals, Inc. and Harvey J. Berger (former Chairman and Chief Executive Officer of ARIAD), Timothy P. Clackson (President of Research and Development, Senior Vice President, and Chief Scientific Officer of ARIAD), Edward M. Fitzgerald (Executive Vice President and Chief Financial Officer of ARIAD), and Frank G. Haluska (Senior Vice President and Chief Medical Officer of ARIAD), are called the Defendants.

| 2. | What is this lawsuit about? |
|---|---|

ARIAD is a pharmaceutical manufacturer focused on developing drugs for the treatment of cancer. This class action lawsuit claims that Defendants misled investors by making materially false and misleading statements and omissions about the safety and efficacy of ARIAD's development-stage cancer medication, "ponatinib," and its prospects for approval for front line use by the Food and Drug Administration ("FDA") with a "favorable label" for the drug. The lawsuit seeks money damages against the Defendants for violations of the federal securities laws. The Defendants deny any wrongdoing whatsoever.

On October 10, 2013, the initial complaint in the action was filed. The operative complaint in the Action, the Corrected Consolidated Complaint for Violations of the Federal Securities Laws (the "Complaint"), was filed on March 25, 2014. The Complaint asserted claims under Section 10(b) and Section 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 pertaining to a number of alleged misrepresentations and omissions allegedly made by Defendants during the time period from December 12, 2011, through October 30, 2013, and also asserted claims under Sections 11 and 15 of the Securities Act of 1933 against ARIAD, some of its officers, and its underwriters relating to a secondary offering in January 2013.

On April 14, 2014, defendants moved to dismiss the Complaint. On March 25, 2015, the Court granted defendants' motion and dismissed the Complaint in its entirety. On April 21, 2015, plaintiffs appealed to the U.S. Court of Appeals for the First Circuit.

On November 28, 2016, the First Circuit reversed the dismissal of the claims under Section 10(b) and Section 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5, predicated on statements allegedly made by Defendants on December 11, 2012. The First Circuit affirmed the dismissal of all other claims, including the dismissal of the claims from December 12, 2011, to December 10, 2012, and from December 15, 2012, to October 30, 2013, and the claims under the Securities Act of 1933. The case was remanded back to the District Court. *See In re ARIAD Pharms. Sec. Litig.,* 842 F.3d 744 (1st Cir. 2016).

On February 2, 2017, Defendants filed an answer to the Complaint.

On February 7, 2017, the Court referred the case to Alternative Dispute Resolution, to be conducted by May 2017.

On March 6, 2017, plaintiffs filed a Motion for Class Certification for shareholders damaged by the alleged December 11, 2012 misstatements and omissions and filed a Memorandum of Law in Support of the Motion for Class Certification.

On March 9, 2017, Defendants filed a Motion for Judgment on the Pleadings together with a Memorandum of Law in support of the motion.

On March 23, 2017, plaintiffs filed a Memorandum of Law in Opposition to Defendants' Motion for Judgment on the Pleadings.

On April 18, 2017, with leave of the Court and Plaintiffs' assent, Defendants filed a Reply to Plaintiffs' Response to their Motion for Judgment on the Pleadings.

On May 1, 2017, a mediation scheduled before Magistrate Judge Donald L. Cabell was canceled by Court Order, and retired United States District Judge Faith Hochberg was engaged as private mediator by the parties.

On May 18, 2017, after hearing, the Court denied Defendants' Motion for Judgment on the Pleadings.

The mediation before Judge Hochberg took place on May 24, 2017, at the New York offices of Labaton Sucharow LLP. At this mediation, Plaintiffs' Co-Lead Counsel and Defendants' Counsel, on behalf of their respective clients, entered into a term sheet setting forth all material deal points associated with the resolution of the Action.

### 3.   Why is this a class action?

In a class action, one or more people called class representatives (in this case (i) the City of Fort Lauderdale Police & Fire Retirement System and (ii) William A. Gaul), sue on behalf of people who have similar claims. All these people are a class or class members. Bringing a case, such as this one, as a class action allows the adjudication of many similar claims of persons and entities, which might be economically too small to bring in individual actions. One court resolves the issues for all class members, except for those who exclude themselves from the class.

### 4.   Why is there a settlement?

The Court did not finally decide in favor of plaintiffs or Defendants. Instead, both sides, with the assistance of retired United States District Judge Faith Hochberg acting as a mediator, agreed to a settlement. That way, they avoid the risks and cost of a trial. The Settlement Class Representatives and their attorneys think the Settlement is in the best interest of the Settlement Class.

## WHO IS IN THE SETTLEMENT

To see if you will get money from this Settlement, you first have to determine if you are a Settlement Class Member.

### 5.   How do I know if I am part of the Settlement?

The Court directed, for the purposes of the proposed Settlement, that everyone who fits this description is a Settlement Class Member: *all persons and entities that purchased, or otherwise acquired, shares of ARIAD publicly traded common stock during the period from December 11, 2012, through December 14, 2012, inclusive, and were damaged thereby.*

## 6.    Are there exceptions to being included?

Yes. There are some individuals and entities that are excluded from the Settlement Class by definition. Excluded from the Settlement Class are: (i) Defendants; (ii) the officers, directors, and affiliates of ARIAD; (iii) members of immediate family of any Individual Defendant; (iv) any entity in which any Defendant has or had a controlling interest; (v) ARIAD's employee retirement and/or benefit plan(s) and their participants and/or beneficiaries to the extent they purchased or acquired ARIAD common stock through any such plan(s); and (vi) the legal representatives, heirs, successors or assigns of any such excluded person. Also excluded from the Settlement Class will be any persons or entities who timely and validly seek exclusion from the Settlement Class in accordance with the requirements explained in question 11 below.

If one of your mutual funds purchased shares of ARIAD common stock during the Settlement Class Period, that alone does not make you a Settlement Class Member. You are a Settlement Class Member only if you directly purchased or otherwise acquired shares of ARIAD common stock during the Settlement Class Period. If you **sold** ARIAD common stock during the Settlement Class Period, that alone does not make you a Settlement Class Member. You are a Settlement Class Member only if you **purchased or otherwise acquired** your shares during the Settlement Class Period. Check your investment records or contact your broker to see if you purchased or otherwise acquired ARIAD common stock during the Settlement Class Period.

## 7.    What if I am still not sure if I am included?

If you are still not sure whether you are included, you can ask for free help. You can call 1-888-524-4593 or visit *www.AriadSecuritiesLitigation.com* for more information. Or you can fill out and return the Claim Form described in question 9, to see if you qualify.

### THE SETTLEMENT BENEFITS — WHAT YOU GET

## 8.    What does the Settlement provide?

In exchange for the Settlement and release of the Settled Claims against the Released Defendant Parties, Defendants have agreed to create a $3.5 million fund to be divided, after deduction of Court-awarded attorneys' fees, interest, and expenses, settlement administration costs, and any applicable Taxes, among all Settlement Class Members who send in valid Claim Forms.

The Plan of Allocation discussed on page 10 explains how claimants' "Recognized Claims" will be calculated. Your share of the fund will depend on the total amount of Recognized Claims other Settlement Class Members; how many shares of ARIAD common stock you bought; how much you paid for the shares; and when you bought and whether or when you sold them, and if so for how much you sold them.

You can calculate your Recognized Claim in accordance with the formula shown below in the Plan of Allocation. It is unlikely that you will get a payment for all of your Recognized Claim. After all Settlement Class Members have sent in their Claim Forms, the payment you get will be a part of the Net Settlement Fund equal to your Recognized Claim divided by the total of everyone's Recognized Claims. *See* the Plan of Allocation beginning on page 10 for more information on your Recognized Claim.

## 9.    How can I get a payment? When would I get my payment?

To qualify for a payment, you must submit a timely and valid Claim Form with supporting documents. A Claim Form is being circulated with this Notice. You may also get a Claim Form on the Internet at *www.AriadSecuritiesLitigation.com*. Read the instructions carefully, fill out the Claim Form, include all the documents the form asks for, sign it, and either mail it to the Claims Administrator by first class mail or submit it using the website *www.AriadSecuritiesLitigation.com*, such that your claim is postmarked or received no later than **April 26, 2018.**

The Court will hold a hearing on **May 10, 2018,** to decide whether to approve the settlement. If the Court approves the settlement after that, there may be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. It also takes time for all the Claim Forms to be processed. Please be patient.

## 10.   What am I giving up to get a payment or stay in the Settlement Class?

Unless you exclude yourself, you are staying in the Settlement Class, and that means that, upon the "Effective Date," you will release all "Settled Claims" (as defined below) against the "Released Defendant Parties" (as defined below).

"Settled Claims" means any and all claims, debts, demands, rights, obligations, disputes, issues, controversies, or causes of action, suits, matters, damages, or liabilities of every kind, nature, description, and character whatsoever (including, but not limited to, any claims for damages, whether compensatory, special, incidental, consequential, punitive, exemplary, or otherwise), injunctive relief, declaratory relief, rescission or recessionary damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, or liabilities whatsoever, whether based on federal, state, local, or foreign law, or statutory, common, or administrative law, or any other law, rule, or regulation, whether asserted as claims, cross-claims, counterclaims, or third-party claims, whether fixed or contingent, choate or inchoate, accrued or un-accrued, liquidated or unliquidated, at law or in equity, matured or un-matured, whether class or individual in nature, including both known claims and Unknown Claims, that have been or could have been or in the future could be asserted in any forum, whether foreign or domestic, by Settlement Class Representatives or any Settlement Class Member, or any person claiming through or on behalf of them, that in any way arise out of, are based upon, relate to, or concern, directly or indirectly, in whole or in part, (a) the claims, allegations, transactions, facts, events, acts, disclosures, statements, representations, or omissions, or failures to act alleged, set forth, referred to, or involved in the Action (or which could have been raised in the Action or any other forum with respect to such claims, allegations, transactions, events, acts, disclosures, statements, representations, or omissions or failures to act) or any of the complaints filed or proposed to be filed therein, and (b) the purchase, acquisition, disposition, or sale of ARIAD common stock during the Settlement Class Period. For the avoidance of doubt, "Settled Claims" do not include claims relating to the enforcement of the Settlement.

"Released Defendant Parties" means any and all of the Defendants, Defendants' Counsel, and each of their respective past or present subsidiaries, divisions, parents, affiliates, successors and predecessors, officers, directors, agents, employees, attorneys, advisors, investment advisors, auditors, accountants, insurers; any person, firm, trust, corporation, officer, director, or other individual or entity in which any Defendant has a controlling interest, any members of any Individual Defendant's immediate family, or any trust of which any Individual Defendant is the settlor or which is for the benefit of any Individual Defendant or his family, and the personal or legal representatives, spouses, heirs, executors, estates, administrators, successors in interest, or assigns of any Released Defendant Party.

"Unknown Claims" means any and all Settled Claims which any Settlement Class Representative or Settlement Class Member does not know or suspect to exist in his, her or its favor as of the Effective Date, and any Settled Defendants' Claims which any Defendant does not know or suspect to exist in his, her, or its favor as of the Effective Date, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement. With respect to any and all Settled Claims and Settled Defendants' Claims, the Parties stipulate and agree that upon the Effective Date, the Settlement Class Representatives and the Defendants shall expressly waive, and each Settlement Class Member shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Settlement Class Representatives, Settlement Class Members, Defendants, or Released Defendant Parties may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Settled Claims and the Settled Defendants' Claims, but Settlement Class Representatives and Defendants shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member and Released Defendant Party shall be deemed to have settled and released, and upon the Effective Date and by operation of the Judgment shall have settled and released, fully, finally, and forever, any and all Settled Claims and Settled Defendants' Claims, as applicable without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Settlement Class Representatives and Defendants acknowledge, and all Settlement Class Members and Released Defendant Parties by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Settled Claims and Settled Defendants' Claims was separately bargained for and was a key element of the Settlement.

The "Effective Date" will occur when an Order entered by the Court approving the Settlement becomes final and not subject to appeal.

If you remain a member of the Settlement Class, all of the Court's orders will apply to you and legally bind you.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this Settlement, but you want to keep any right you may have to sue or continue to sue the Defendants and the other Released Defendant Parties, on your own, about the Settled Claims, then you must take steps to get out. This is called excluding yourself — or is sometimes referred to as "opting out" of the Settlement Class. Defendants may withdraw from and terminate the Settlement if putative Settlement Class Members who purchased or otherwise acquired in excess of a certain amount of ARIAD common stock exclude themselves from the Settlement Class.

### 11.   How do I get out of the proposed Settlement?

To exclude yourself from the Settlement Class, you must send a signed letter by mail stating that you "request exclusion from the Settlement Class in *In re ARIAD Pharmaceuticals, Inc. Securities Litigation*, Case No. 1:13-cv-12544 (WGY) (D. Mass.)." Your letter should state the date(s), price(s), and number(s) of shares of all your purchases, acquisitions, and sales of ARIAD publicly traded common stock during the Settlement Class Period (and sales in the 90 days after the Settlement Class Period). In addition, be sure to include your name, address, telephone number, and your signature. You must mail your exclusion request postmarked no later than **April 19, 2018** to:

ARIAD Securities Litigation Exclusions
c/o Epiq Systems, Inc., Claims Administrator
P.O. Box 4230
Portland, Oregon 97208-4230

You cannot exclude yourself by telephone or by e-mail. If you ask to be excluded, you will not get any payment from the Settlement, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue (or continue to sue) the Defendants and the other Released Defendant Parties in the future.

### 12.   If I do not exclude myself, can I sue the Defendants and the other Released Defendant Parties for the same thing later?

No. Unless you exclude yourself, you give up any rights to sue the Defendants and the other Released Defendant Parties for any and all Settled Claims. If you have a pending lawsuit speak to your lawyer in that case immediately. You must exclude yourself from *this* Settlement Class to continue your own lawsuit. Remember, the exclusion deadline is **April 19, 2018**.

### 13.   If I exclude myself, can I get money from the proposed Settlement?

No. If you exclude yourself, do not send in a Claim Form to ask for any money. But, you may exercise any right you may have to sue, continue to sue, or be part of a different lawsuit against the Defendants and the other Released Defendant Parties.

## THE LAWYERS REPRESENTING THE SETTLEMENT CLASS

### 14.   Do I have a lawyer in this case? How will the lawyers be paid?

The Court ordered that the law firms of Bernstein Litowitz Berger & Grossmann LLP, Labaton Sucharow LLP, and Milberg Tadler Phillips Grossman LLP will represent the Settlement Class. These lawyers are called Plaintiffs' Co-Lead Counsel. You will not be separately charged for these lawyers. The Court will determine the amount of Plaintiffs' Co-Lead Counsel's fees and expenses, which will be paid from the Gross Settlement Fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

Plaintiffs' Co-Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed $1,050,000. At the same time, Lead Counsel also intends to apply for reimbursement of litigation expenses in an amount not to exceed $450,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by the Settlement Class Representatives directly related to their representation of the Settlement Class. The Court will determine the amount of any award of attorneys' fees or reimbursement of litigation expenses. Such sums as may be approved by the Court will be paid from the Gross Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

### 15.   How do I tell the Court that I do not like the proposed Settlement?

If you are a Settlement Class Member you can object to the Settlement or any of its terms, the proposed Plan of Allocation and/or the application by Plaintiffs' Co-Lead Counsel for an award of attorneys' fees and expenses. You may write to the Court setting out your objection. You may give reasons why you think the Court should not approve any or all of the Settlement terms or arrangements. The Court will consider your views if you file a proper objection within the deadline identified, and according to the following procedures.

To object, you must send a signed letter stating that you object to the proposed Settlement in "*In re ARIAD Pharmaceuticals, Inc. Securities Litigation*, Case No. 1:13-cv-12544-WGY (D. Mass.)." The objection must include the following: the name of this Action; your full name, address, telephone number, and signature; information sufficient to prove membership in the Settlement Class, including the number of shares of ARIAD common stock purchased, acquired, and or sold during the Settlement Class Period, and the dates of purchase and sale; all grounds for the objection, accompanied by any legal support known to you or your counsel; the identity of all counsel who represent you; a statement confirming whether you or any counsel representing you intend to personally appear and/or testify at the Settlement Fairness Hearing; and a list of any persons who may be called to testify at the Settlement Fairness Hearing in support of your objection. Your objection must be filed with the Court and served on all the following counsel on or before **April 19, 2018**:

**COURT:**

Clerk of the Court
United States District Court for the District of Massachusetts
John Joseph Moakley United States Courthouse
1 Courthouse Way
Boston, MA 02110

| **FOR SETTLEMENT CLASS:** | **FOR DEFENDANTS:** |
| --- | --- |
| Sanford P. Dumain | John F. Sylvia |
| Milberg Tadler Phillips Grossman LLP | Mintz Levin Cohn Ferris Glovsky and Popeo PC |
| One Pennsylvania Plaza | One Financial Center |
| Suite 1920 | Boston, MA 02111 |
| New York, NY 10119 | |

You do not need to go to the Settlement Fairness Hearing to have your written objection considered by the Court. At the Settlement Fairness Hearing, any Settlement Class Member who has not previously submitted a request for exclusion from the Settlement Class and who has complied with the procedures set out in this question 15 and question 19 below for filing with the Court and providing to counsel for the Parties a statement of an intention to appear at the Settlement Fairness Hearing may also appear and be heard, to the extent allowed by the Court, to state any objection to the Settlement, the Plan of Allocation or Plaintiffs' Co-Lead Counsel's motion for an award of attorneys' fees and payment of expenses. Any such objector may appear in person or arrange, at that objector's expense, for a lawyer to represent the objector at the hearing.

### 16.   What is the difference between objecting and seeking exclusion?

Objecting is simply telling the Court that you do not like something about the proposed Settlement. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S SETTLEMENT FAIRNESS HEARING

### 17.   When and where will the Court decide whether to approve the proposed settlement?

The Court will hold a Settlement Fairness Hearing at **2:00 p.m. on Thursday, May 10, 2018**, at the United States District Court for the District of Massachusetts, John Joseph Moakley United States Courthouse, 1 Courthouse Way, 5th Floor, Courtroom 18, Boston, Massachusetts 02210. At this hearing the Court will consider whether the Settlement

is fair, reasonable and adequate. The Court also will consider the proposed Plan of Allocation for the proceeds of the Settlement and the application of Plaintiffs' Co-Lead Counsel for attorneys' fees and payment of expenses. The Court will take into consideration any written objections filed in accordance with the instructions in question 15. The Court also may listen to people who have properly indicated, within the deadline identified above, an intention to speak at the hearing; but decisions regarding the conduct of the hearing will be made by the Court. *See* question 19 for more information about speaking at the hearing. The Court may also decide how much to pay to Plaintiffs' Counsel. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take.

You should be aware that the Court may change the date and time of the Settlement Fairness Hearing. Thus, if you want to come to the hearing, you should check with Plaintiffs' Co-Lead Counsel before coming to be sure that the date and/or time has not changed.

## 18.   Do I have to come to the Settlement Fairness Hearing?

No. Plaintiffs' Co-Lead Counsel will answer questions the Court may have. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you filed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary. Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

## 19.   May I speak at the Settlement Fairness Hearing?

If you object to the Settlement, you may ask the Court for permission to speak at the Settlement Fairness Hearing. To do so, you must include with your objection (*see* question 15 above) a statement stating that it is your "notice of intention to appear in *In re ARIAD Pharmaceuticals, Inc. Securities Litigation*, Case No. 1:13-cv-12544-WGY (D. Mass.)." Persons who intend to object to the Settlement, the Plan of Allocation, and/or counsel's application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Fairness Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Fairness Hearing. Unless otherwise ordered by the Court, you cannot speak at the hearing if you excluded yourself from the Settlement Class or if you have not provided written notice of your intention to speak at the Settlement Fairness Hearing by the deadline identified, and in accordance with the procedures described in questions 15 and 17 above.

## IF YOU DO NOTHING

## 20.   What happens if I do nothing at all?

If you do nothing, you will get no money from the Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against Defendants and the other Released Defendant Parties about the Settled Claims in this case, ever again. To share in the Net Settlement Fund you must submit a Claim Form (*see* question 9). To start, continue or be a part of any other lawsuit against the Defendants and the other Released Defendant Parties about the Settled Claims in this case you must exclude yourself from this Settlement Class (*see* question 11).

## GETTING MORE INFORMATION

## 21.   Are there more details about the proposed Settlement?

This Notice summarizes the proposed Settlement. More details are in the Stipulation. You may review the Stipulation filed with the Court or other documents in the case during business hours at the office of the Clerk of the United States District Court, District of Massachusetts, John Joseph Moakley United States Courthouse, 1 Courthouse Way, Boston, Massachusetts 02210. Subscribers to PACER, a fee-based service, can also view the papers filed publicly in the Action through the Court's online Case Management/Electronic Case Files System at https://www.pacer.gov.

You can also get a copy of the Stipulation, and other documents related to the Settlement, as well as additional information about the case by visiting the website dedicated to the Settlement, *www.AriadSecuritiesLitigation.com*, where you will find answers to common questions about the Settlement, a Claim Form, plus other information to help you determine whether you are a Settlement Class Member and whether you are eligible for a payment. You also can call the Claims Administrator at 1-888-524-4593 toll free; write to *In re ARIAD Pharmaceuticals, Inc. Securities*

*Litigation*, c/o Epiq Systems, Inc., P.O. Box 4230, Portland, OR 97208-4230; or visit the websites of Plaintiffs' Co-Lead Counsel at *www.blbglaw.com, www.labaton.com, or www.milberg.com*.

## PLAN OF ALLOCATION OF NET SETTLEMENT FUND
## AMONG SETTLEMENT CLASS MEMBERS

The Plan of Allocation set forth below is the plan that is being proposed by Settlement Class Representatives and their counsel to the Court for approval. The Court may approve this Plan of Allocation or modify it without additional notice to the Settlement Class. Any order modifying the Plan of Allocation will be posted on the settlement website at: *www.AriadSecuritiesLitigation.com* and at *www.labaton.com*.

The $3.5 million Cash Settlement Amount and the interest earned thereon shall be the Gross Settlement Fund. The Gross Settlement Fund, less all taxes, approved costs, fees and expenses (the "Net Settlement Fund") shall be distributed to members of the Settlement Class who submit acceptable Claim Forms ("Authorized Claimants").

The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Claim." The Recognized Claim formula is not intended to be an estimate of the amount of what a Settlement Class Member might have been able to recover after a trial; nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the settlement. The Recognized Claim formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants.

The objective of this Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants who suffered economic losses as a result of the alleged violations of the federal securities laws during the Settlement Class Period (December 11, 2012 through December 14, 2012) that the Court found viable. To design this Plan, Plaintiffs' Co-Lead Counsel have conferred with their damages expert. This Plan is intended to be generally consistent with an assessment of, among other things, the damages that Plaintiffs' Co-Lead Counsel and Settlement Class Representatives believe were recoverable in the Action. The Plan of Allocation, however, is not a formal damages analysis.

The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

The Plan of Allocation generally measures the amount of loss that a Settlement Class Member can claim for purposes of making *pro rata* allocations of the Net Settlement Fund to Authorized Claimants. For losses to be compensable damages under the federal securities laws, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of the securities at issue. In this case, Plaintiffs allege that Defendants issued false statements and omitted material facts on December 11, 2012 (before market hours), which artificially inflated the price of ARIAD common stock. It is alleged that the corrective information released to the market on December 14, 2012 (during market hours, at 11:48 AM EST) impacted the market price of ARIAD common stock throughout the remainder of the day and removed the alleged artificial inflation from ARIAD common stock prices by the close of the market on December 14, 2012. Accordingly, in order to have a compensable loss in this Settlement, the ARIAD common stock must have been purchased or otherwise acquired during the Settlement Class Period and held through the release of the alleged corrective disclosure at 11:48 AM EST on December 14, 2012.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

For purposes of determining whether a Claimant has a "Recognized Claim", purchases, acquisitions, and sales of ARIAD common stock will first be matched on a First In/First Out ("FIFO") basis.

A "Recognized Loss Amount" will be calculated as set forth for each purchase of ARIAD common stock during the Settlement Class Period from December 11, 2012 through December 14, 2012 that is listed in the Claim Form and for which adequate documentation is provided. To the extent that the calculation of a Claimant's Recognized Loss Amount results in a negative number, that number shall be set to zero.

For each share of ARIAD common stock purchased or otherwise acquired during the Settlement Class Period and sold before the close of trading on March 13, 2013, an "Out of Pocket Loss" will be calculated. Out of Pocket Loss is defined as the purchase price (excluding all fees, taxes, and commissions) minus the sale price (excluding all fees, taxes, and commissions). To the extent that the calculation of the Out of Pocket Loss results in a negative number, that number shall be set to zero.

**For each share of ARIAD common stock purchased or otherwise acquired from December 11, 2012 through and including December 14, 2012 and:**

A.  Sold before the release of corrective information on December 14, 2012 (at 11:48 AM EST),[3] the Recognized Loss Amount for each such share shall be zero.

B.  Sold after the release of corrective information on December 14, 2012 (at 11:48 AM EST), and before the close of trading on March 13, 2013, the Recognized Loss Amount for each such share shall be ***the least of***:

   1.  $4.83; or

   2.  for shares sold on December 14, 2012, $23.67 _minus_ the actual sale price; or

   3.  the actual purchase/acquisition price of each such share _minus_ the average closing price from December 14, 2012, up to the date of sale as set forth in Table 1 below; or

   4.  the Out of Pocket Loss.

C.  Held as of the close of trading on March 13, 2013, the Recognized Loss Amount for each such share shall be ***the lesser of***:

   1.  $4.83; or

   2.  the actual purchase/acquisition price of each such share _minus_ $20.31.[4]

---

[3] In the event that documentation does not exist setting forth the exact time of purchase and/or sale, the price at which the purchase and/or sale took place shall serve as a proxy for determining whether the transaction occurred before or after the release of the allegedly corrective information. Shares purchased or sold on December 14, 2012 at any price less than $23.67 shall be deemed to have occurred after 11:48 AM EST for purposes of this Plan of Allocation.

[4] Pursuant to Section 21(D)(e)(1) of the PSLRA, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day look-back period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the PSLRA, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of ARIAD common stock during the 90-day look-back period, December 14, 2012, through March 13, 2013. The mean (average) closing price for ARIAD common stock during this 90-day look-back period was $20.31.

**TABLE 1**

**ARIAD Average Closing Price**
**December 14, 2012 – March 13, 2013**

| Date | Average Closing Price between Dec 14, 2012, and Date Shown | Date | Average Closing Price between Dec 14, 2012, and Date Shown |
|---|---|---|---|
| 12/14/2012 | $18.93 | 1/30/2013 | $19.92 |
| 12/17/2012 | $19.48 | 1/31/2013 | $19.92 |
| 12/18/2012 | $19.71 | 2/1/2013 | $19.92 |
| 12/19/2012 | $19.95 | 2/4/2013 | $19.91 |
| 12/20/2012 | $20.07 | 2/5/2013 | $19.92 |
| 12/21/2012 | $20.14 | 2/6/2013 | $19.93 |
| 12/24/2012 | $20.17 | 2/7/2013 | $19.93 |
| 12/26/2012 | $20.16 | 2/8/2013 | $19.92 |
| 12/27/2012 | $20.11 | 2/11/2013 | $19.92 |
| 12/28/2012 | $20.04 | 2/12/2013 | $19.92 |
| 12/31/2012 | $19.96 | 2/13/2013 | $19.93 |
| 1/2/2013 | $19.98 | 2/14/2013 | $19.93 |
| 1/3/2013 | $19.96 | 2/15/2013 | $19.93 |
| 1/4/2013 | $19.92 | 2/19/2013 | $19.96 |
| 1/7/2013 | $19.85 | 2/20/2013 | $19.98 |
| 1/8/2013 | $19.84 | 2/21/2013 | $20.00 |
| 1/9/2013 | $19.85 | 2/22/2013 | $20.02 |
| 1/10/2013 | $19.84 | 2/25/2013 | $20.05 |
| 1/11/2013 | $19.81 | 2/26/2013 | $20.06 |
| 1/14/2013 | $19.82 | 2/27/2013 | $20.08 |
| 1/15/2013 | $19.84 | 2/28/2013 | $20.10 |
| 1/16/2013 | $19.86 | 3/1/2013 | $20.12 |
| 1/17/2013 | $19.89 | 3/4/2013 | $20.14 |
| 1/18/2013 | $19.92 | 3/5/2013 | $20.16 |
| 1/22/2013 | $19.94 | 3/6/2013 | $20.18 |
| 1/23/2013 | $19.94 | 3/7/2013 | $20.20 |
| 1/24/2013 | $19.92 | 3/8/2013 | $20.22 |
| 1/25/2013 | $19.91 | 3/11/2013 | $20.25 |
| 1/28/2013 | $19.92 | 3/12/2013 | $20.28 |
| 1/29/2013 | $19.93 | 3/13/2013 | $20.31 |

## ADDITIONAL PROVISIONS

If a Settlement Class Member has more than one purchase/acquisition or sale of ARIAD common stock during the Settlement Class Period, all purchases/acquisitions and sales shall be matched on a FIFO basis. Settlement Class Period sales will be matched first against any holdings at the beginning of the Settlement Class Period and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Settlement Class Period.

Purchases or acquisitions and sales of ARIAD common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" or "sale" date. The receipt or grant by gift, inheritance or operation of law of ARIAD common stock during the Settlement Class Period shall not be deemed a purchase, acquisition, or sale of these shares of ARIAD common stock for the calculation of an Authorized Claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such shares of such ARIAD common stock unless (i) the donor or decedent purchased or otherwise acquired such shares of ARIAD common stock during the Settlement Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of ARIAD common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

In accordance with the Plan of Allocation, the Recognized Loss Amount on any portion of a purchase or acquisition that matches against (or "covers") a "short sale" is zero. The Recognized Loss Amount on a "short sale" that is not covered by a purchase or acquisition is also zero.

In the event that a Claimant has an opening short position in ARIAD common stock at the start of the Settlement Class Period, the earliest Settlement Class Period purchases or acquisitions shall be matched against such opening short position in accordance with the FIFO matching described above and any portion of such purchases or acquisition that covers such short sales will not be entitled to recovery. In the event that a claimant newly establishes a short position during the Settlement Class Period, the earliest subsequent Settlement Class Period purchase or acquisition shall be matched against such short position on a FIFO basis and will not be entitled to a recovery.

ARIAD common stock is the only security eligible for recovery under the Plan of Allocation. With respect to ARIAD common stock purchased or sold through the exercise of an option, the purchase/sale date of the ARIAD common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

The sum of a Claimant's Recognized Loss Amounts will be the Claimant's "Recognized Claim."

An Authorized Claimant's Recognized Claim shall be the amount used to calculate the Authorized Claimant's *pro rata* share of the Net Settlement Fund. If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share shall be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund shall be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

## FURTHER PAYMENT INFORMATION FOR ALL CLAIMS

Settlement Class Members who do not submit acceptable Claim Forms will not share in the distribution of the Net Settlement Fund, however they will nevertheless be bound by the Settlement and the Order and Final Judgment of the Court dismissing this Action unless they have timely and validly sought exclusion.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. If any funds remain in the Net Settlement Fund by reason of un-cashed distributions or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund at least six months after the initial distribution of such funds shall be re-distributed to Settlement Class Members who have cashed their initial distributions in an economical manner, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such re-distribution. Any balance that still remains in the Net Settlement Fund after re-distribution(s), which is not feasible or economical

to reallocate, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund, shall be contributed to non-sectarian, not-for-profit charitable organization(s) serving the public interest, designated by Plaintiffs' Co-Lead Counsel and approved by the Court.

Payment pursuant to the Plan of Allocation or such other plan as may be approved by the Court shall be conclusive against all Authorized Claimants. No person shall have any claim against Plaintiffs, Plaintiffs' Co-Lead Counsel, their damages expert, Claims Administrator, or other agent designated by Plaintiffs' Co-Lead Counsel, arising from determinations or distributions to Claimants made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court. Plaintiffs, Defendants, their respective counsel, and all other Released Parties shall have no responsibility for or liability whatsoever for the investment or distribution of the Gross Settlement Fund, the Net Settlement Fund, the Plan of Allocation or the determination, administration, calculation, or payment of any Claim Form or non-performance of the Claims Administrator, the payment or withholding of taxes owed by the Gross Settlement Fund or any losses incurred in connection therewith.

## SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased or otherwise acquired shares of ARIAD publicly traded common stock during the period from December 11, 2012 through December 14, 2012, inclusive, for the beneficial interest of a person or organization other than yourself, the Court has directed that, WITHIN SEVEN (7) DAYS OF YOUR RECEIPT OF THIS NOTICE, you either provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased or otherwise acquired ARIAD common stock during such time period or request additional copies of this Notice and the Claim Form, which will be provided to you free of charge, and within seven (7) days mail the Notice and Claim Form directly to the beneficial owners of that ARIAD common stock. If you choose to follow alternative procedure (b), the Court has directed that, upon such mailing, you send a statement to the Claims Administrator confirming that the mailing was made as directed. You are entitled to reimbursement from the Gross Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners. Those expenses will be paid upon request and submission of appropriate supporting documentation. All communications concerning the foregoing should be addressed to the Claims Administrator:

*In re ARIAD Pharmaceuticals, Inc. Securities Litigation*
c/o Epiq Systems, Inc.
Claims Administrator
P.O. Box 4230
Portland, OR 97208-4230
(888) 524-4593

Dated:      February 2, 2018                          BY  ORDER  OF  THE  UNITED  STATES
                                                      DISTRICT COURT FOR THE DISTRICT OF
                                                      MASSACHUSETTS

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE ARIAD PHARMACEUTICALS, INC. SECURITIES LITIGATION | No. 1:13-cv-12544 (WGY) |

## PROOF OF CLAIM AND RELEASE

DEADLINE FOR SUBMISSION: **April 26, 2018**.

If you purchased or otherwise acquired shares of ARIAD Pharmaceuticals, Inc. ("ARIAD") publicly traded common stock during the period from December 11, 2012 through December 14, 2012, inclusive ("Settlement Class Period"), you are a "Settlement Class Member" and you may be entitled to share in the settlement proceeds.

Excluded from the Settlement Class are: (i) Defendants; (ii) the officers, directors, and affiliates of ARIAD; (iii) members of immediate family of any Individual Defendant; (iv) any entity in which any Defendant has or had a controlling interest; (v) ARIAD's employee retirement and/or benefit plan(s) and their participants and/or beneficiaries to the extent they purchased or acquired ARIAD common stock through any such plan(s); and (vi) the legal representatives, heirs, successors or assigns of any such excluded person. Also excluded from the Settlement Class are any putative Settlement Class Members who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Settlement Fairness Hearing (the "Notice").

If you are a Settlement Class Member, you must complete and submit this Proof of Claim and Release form ("Claim Form") in order to be eligible for any settlement benefits. You must either submit the Claim Form online using the settlement website *www.AriadSecuritiesLitigation.com*, or mail it by first class mail so that your Claim Form is **postmarked or received no later than April 26, 2018**. The mailing address for Claim Forms is:

*In re ARIAD Pharmaceuticals, Inc. Securities Litigation*
c/o Epiq Systems, Inc.
Claims Administrator
P.O. Box 4230
Portland, OR 97208-4230
*www.AriadSecuritiesLitigation.com*
(888) 524-4593

Your failure to submit your Claim Form by **April 26, 2018** will subject your claim to rejection and preclude you from receiving any money in connection with the settlement of this litigation. Do not mail or deliver your claim to the court or to any of the parties or their counsel as any such claim will be deemed not to have been submitted. Submit your claim only to the Claims Administrator.

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may alternatively request to, or may be requested to, submit information regarding their transactions in electronic files to the Claims Administrator. All such Claimants MUST submit a manually signed paper Claim Form listing all their transactions whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator at 1-(888) 524-4593 or visit their website at *www.AriadSecuritiesLitigation.com* to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

## PART I – CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above.

Beneficial Owner's First Name      MI    Beneficial Owner's Last Name

Co-Beneficial Owner's First Name    MI    Co-Beneficial Owner's Last Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from the Beneficial Owner[s] listed above)

Address 1 (street name and number)

Address 2 (apartment, unit, or box number)

City      State      ZIP Code

Country

Telephone Number (Daytime)      Telephone Number (Evening)

Account Number

E-mail address

Check appropriate box (check only one box):

☐ Individual (includes joint owner accounts)    ☐ Pension Plan    ☐ Trust

☐ Corporation    ☐ Estate

☐ IRA/401(k)    ☐ Other _____ (please specify)

NOTE: Separate Claim Forms should be submitted for each separate legal entity (for example, a claim from joint owners should not include separate transactions of just one of the joint owners, an Individual should not combine IRA transactions with transactions made solely in the Individual's name). Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity no matter how many separate accounts that entity has (for example, a Corporation with multiple brokerage accounts should include all transactions made in ARIAD common stock during the relevant time period on one Claim Form, no matter how many accounts the transactions were made in.)

Social Security Number      Taxpayer Identification Number

     or

Social Security Number      Taxpayer Identification Number

     or

## PART II – SCHEDULE OF TRANSACTIONS IN ARIAD PUBLICLY TRADED COMMON STOCK

**1. HOLDINGS AS OF DECEMBER 10, 2012** – State the total number of shares of ARIAD common stock held as of the close of trading on December 10, 2012. If none, write "zero" or "0." **(If other than zero, must be documented.)**[1]

**2. PURCHASES/ACQUISITIONS FROM DECEMBER 11, 2012 THROUGH DECEMBER 14, 2012** – Separately list each and every purchase of ARIAD common stock from December 11, 2012 through December 14, 2012, inclusive. (NOTE: If you acquired your ARIAD common stock during this period other than by an open market purchase, please provide a complete description of the terms of the acquisition on a separate page) **(All purchases/acquisitions must be documented.)**[2]

| Date of Purchase/Acquisition (List Chronologically) (MM/DD/YY) | Number of Shares Purchased/Acquired | Purchase/Acquisition Price Per Share | Total Purchase/Acquisition Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

**3. PURCHASES/ACQUISITIONS FROM DECEMBER 15, 2012 THROUGH MARCH 13, 2013** – State the total number of shares of ARIAD common stock purchased/acquired (including free receipts) from December 15, 2012 through March 13, 2013, inclusive. If none, write "zero" or "0." **(If other than zero, must be documented.)**

**4. SALES FROM DECEMBER 11, 2012 THROUGH MARCH 13, 2013** – Separately list each and every sale of ARIAD common stock from December 11, 2012 through March 13, 2013, inclusive. **(If other than zero, must be documented.)**

**IF NONE, CHECK HERE** ☐

| Date of Sale (List Chronologically) (MM/DD/YY) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

**5. HOLDINGS AS OF MARCH 13, 2013** – State the total number of shares of ARIAD common stock held as of the *close* of trading on March 13, 2013. If none, write "zero" or "0." **(If other than zero, must be documented.)**

### IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS PHOTOCOPY THIS PAGE

---

[1] Documentation to show holding would commonly include the monthly brokerage statement for the account in which the stock was held.

[2] Documentation to show a purchase or sale should normally include a trade confirmation slip or a monthly statement showing the trade.



03-CA7281

T5883 v.08 01.29.2018

NOTE: Information requested with respect to your purchases/acquisitions of ARIAD publicly traded common stock from after the opening of trading on December 14, 2012 through and including the close of trading on March 13, 2013 is needed in order to balance your claim; purchases during this period, however, are not eligible under the settlement and will not be used for purposes of calculating your Recognized Claim pursuant to the Plan of Allocation.

## CLAIMANT'S STATEMENT

6. I affirm that I purchased or otherwise acquired the publicly traded common stock of ARIAD Pharmaceuticals, Inc. during the period from December 11, 2012 through December 14, 2012, inclusive. (Do not submit this Claim Form if you did not purchase or otherwise acquire shares of publicly traded common stock of ARIAD during this period).

7. By submitting this Claim Form, I state that I believe in good faith that I am a Settlement Class Member as defined above and in the Notice, or am acting for such person; that I am not a Defendant in the Action or anyone excluded from the Settlement Class; that I have read and understand the Notice; that I believe that I am entitled to receive a share of the Net Settlement Fund; that I elect to participate in the proposed Settlement described in the Notice; and that I have not filed a request for exclusion. (If you are acting in a representative capacity on behalf of a Settlement Class Member (for example, as an executor, administrator, trustee, or other representative), you must submit evidence of your current authority to act on behalf of that Settlement Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.)

8. I consent to the jurisdiction of the Court with respect to all questions concerning the validity of this Claim Form. I understand and agree that my claim may be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to my status as a Settlement Class Member and the validity and amount of my claim. No discovery shall be allowed on the merits of the Action or Settlement in connection with processing of the Proofs of Claim.

9. I have set forth where requested above all relevant information with respect to each purchase or other acquisition of ARIAD common stock during the Settlement Class Period, and each sale, if any, of such securities. I agree to furnish additional information (including purchase information during the 90-day look back period or transactions in other ARIAD securities) to the Claims Administrator to support this claim if requested to do so.

10. I have enclosed photocopies of the stockbroker's confirmation slips, stockbroker's statements, or other documents evidencing each purchase, acquisition, sale or retention of ARIAD common stock listed above in support of my claim. (If any such documents are not in your possession, please obtain a copy or equivalent documents from your broker because these documents are necessary to prove and process your claim.)

11. I understand that the information contained in this Claim Form is subject to such verification as the Claims Administrator may request or as the Court may direct, and I agree to cooperate in any such verification.

12. I hereby acknowledge that, upon the occurrence of the Effective Date, by operation of law, I on behalf of myself and on behalf of my heirs, executors, administrators, predecessors, successors, and assigns (or, if I am submitting this Claim Form on behalf of a corporation, a partnership, estate or one or more other persons, I on behalf of it, him, her or them and on behalf of its, his, her or their heirs, executors, administrators, predecessors, successors, and assigns) shall fully and completely release, remise and discharge each of the "Released Defendant Parties" of all "Settled Claims," as defined in the Notice.

13. I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a) (1)(c) of the Internal Revenue Code because: (a) I am (We are) exempt from backup withholding, or (b) I (We) have not been notified by the I.R.S. that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE: If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS CLAIM FORM IS TRUE, CORRECT AND COMPLETE.

Signature of claimant

Date [  ] [  ] – [  ] [  ] – [  ] [  ]
        MM        DD        YY

Print name here

Signature of joint claimant, if any

Date [  ] [  ] – [  ] [  ] – [  ] [  ]
        MM        DD        YY

Print name here

*If the claimant is other than an individual or is not the person completing this form, the following also must be provided:*

Signature of person signing on behalf of claimant

Date [  ] [  ] – [  ] [  ] – [  ] [  ]
        MM        DD        YY

Print your name here

Capacity of person(s) signing, e.g. beneficial purchaser(s), executor, administrator, trustee, etc.

THIS CLAIM FORM MUST BE SUBMITTED ONLINE OR BY MAIL NO LATER THAN **APRIL 26, 2018**, TO:

*In re ARIAD Pharmaceuticals, Inc. Securities Litigation*
c/o Epiq Systems, Inc.
Claims Administrator
P.O. Box 4230
Portland, OR 97208-4230
***www.AriadSecuritiesLitigation.com***
(888) 524-4593

To be considered timely, your Claim Form must be postmarked or received by the deadline above. Unless your Claim Form is submitted with a postmark, it will be deemed to have been submitted when actually received by the Claims Administrator. It will take a significant amount of time to process all Claim Forms. This work will be completed as promptly as time permits, given the need to investigate and tabulate each Claim Form.

## REMINDER CHECKLIST

1. ☐ Please be sure to sign this Claim Form. If this Claim Form is submitted on behalf of joint claimants, then both claimants must sign.

2. ☐ Please remember to attach supporting documents. Do NOT send any stock certificates. **Keep copies of everything you submit.**

3. ☐ Do NOT use highlighter on the Claim Form or any supporting documents.

4. ☐ If you move after submitting this Claim Form, please notify the Claims Administrator of the change in your address.

## NOTE: RECEIPT ACKNOWLEDGMENT NEEDED

The Claims Administrator will send a written confirmation of its receipt of your Claim Form. Do not assume your claim is submitted until you receive this written confirmation. Your claim is not deemed fully submitted until the Claims Administrator sends you written confirmation of its receipt. If you do not receive an acknowledgement postcard within thirty (30) days of submitting the Claim Form, then please call the Claims Administrator toll free at 1-(888) 524-4593.

05-CA7281
T5885 v.08 01.29.2018

# EXHIBIT C

# CONFIRMATION OF PUBLICATION

**IN THE MATTER OF:** *In re ARIAD Pharmaceuticals, Inc. Securities Litigation*

I, Kyle Bingham, hereby certify that

(a) I am the Manager of Strategic Communications at Epiq, and;

(b) The Notice of which the annexed is a copy was published in the following publications on the following dates:

*2.12.18 – Investor's Business Daily*
*2.12.18 – PR Newswire*

X _____
(Signature)

MANAGER OF STRATEGIC COMMUNICATIONS
(Title)

# MUTUAL FUND PERFORMANCE



**SMALL-CAP GROWTH FUNDS VS. BIG-CAP GROWTH FUNDS**

**VALUE FUNDS VS. GROWTH FUNDS**

When the One is heading up, Small-Cap Growth Funds are outperforming Big-Cap.

When the One is heading up, Value Funds are outperforming Growth Funds.

## Top Growth Funds
### Last 3 Months (All Total Returns)

| Mutual Fund | Rating | % Change 3 Mos | % Change 36 Mos | $ Net Assets |
|---|---|---|---|---|
| Kinetics Internet | + 10 A | | 157 mil |
| Delaware A SMIDCapGrow | + 10 A | | 13 mil |
| Kinetics SmGpGport | + 9 A | | 184 mil |
| Dreyfus MidCapGrF | + 8 B | | 13 mil |
| Lord Abbett I SecMicroGr | + 7 B + | | 149 mil |
| Federated A KaufSmlCap | + 6 A + | | 902 mil |
| Morgan Stan A MltiCpGrt | + 6 A + | | 374 mil |
| Morgan Stan Ins CapGrl | + 6 A + | | 3,823 bil |
| Oak Associates WhtOakSelGr | + 6 A + | | 309 mil |
| Oak Associates PinOakEqty | + 5 A + | | 375 mil |
| Glenmede StrategicEq | + 5 A + | | 209 mil |
| Kinetics ParadigmNL | + 5 A + | | 786 mil |
| Provident ProvTrStrat | + 5 A + | | 137 mil |
| PRIMECAPOdyssey AggrGrowth | + 5 A + | | 6,891 bil |
| Virtus Funds I SmlCapCore | + 5 A + | | 200 mil |
| PgImInvest SelGwth | + 5 A + | | 401 mil |
| Schwartz Funds AveMarGr | + 5 A + | | 410 mil |
| Alger SmidCpGrA | + 5 A + | | 340 mil |
| Wells Fargo Inst EndvSelect | + 4 A + | | 207 mil |
| ABFunds A DiscovGrA | + 4 A - | | 2.3 bil |
| Neubg Brm Inv MidGrwth | + 4 A + | | 1.3 bil |
| BlackRock A GrwInv | + 4 A + | | 901 mil |
| FMI LargeCap | + 4 A + | | 7,598 bil |
| AdvisorTwo FrCrGrInst | + 4 A + | | 292 mil |
| Neubg Brm Inv ResRespons | + 4 B | | 2,393 bil |

## Top Growth Funds
### Last 36 Months (All Total Returns)

| Mutual Fund | % Change in 2016 | Rating | % Change 36 Mos | $ Net Assets |
|---|---|---|---|---|
| ProFunds Inv UltNasdq | 0 | A + | 517 mil |
| Virtus Funds I SmlCapCore | 0 | A - | 466 mil |
| PRIMECAPOdyssey AggrGrowth | 1 | A + | 6,891 bil |
| Price LgCpGrInst1 | 2 | A + | 12,531 bil |
| Fidelity GrwthCmpny | 2 | A + | 42,188 bil |
| Morgan Stan Ins CapGrl | 4 | A + | 3,823 bil |
| Fidelity OTC | 0 | A + | 16,947 bil |
| Fidelity Adv EdgwdEdgwdGrInst | 3 | A + | 6.3 bil |
| USAA NasdaqInt00 | 0 | A + | 1,399 bil |
| Natixis GrowthY | 1 | A - | 7,145 bil |
| PriceFds LgCoreGr | 0 | A + | 3,410 mil |
| PriceFds BlueChipGrw | 2 | A + | 45.8 bil |
| Frank/Tmp Fr A Dynatech | 2 | A + | 8,486 bil |
| Morgan Stan A MltiCpGrt | 3 | A + | 374 mil |
| PRIMECAPOdyssey Growth | 1 | A + | 9,713 bil |
| PgImInvest SelGwth | 0 | A + | 401 mil |
| Brown Capit Mgmt SmallCo | 2 | A + | 3.4 bil |
| Mass Mutl Select BlueChipGrL | 6 | A + | 1,061 bil |
| Rydex Investor Ndq100 | 0 | A + | 285 mil |
| Federated A KaufSmlCap | 5 | A + | 902 mil |
| Federated Inst MDTSmlCpGr | 4 | A + | 196 mil |
| Natixis USMltCap6qA | 3 | A + | 891 mil |
| Oak Associates WhtOakSelGr | 5 | A + | 309 mil |
| Harbor CapAppInns | 5 | A + | 28,903 bil |
| Fidelity NasdaqIndex | 0 | A + | 5,477 bil |

---

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE ARIAD PHARMACEUTICALS, INC.
SECURITIES LITIGATION

No. 1:13-cv-12544 (WGY)

**SUMMARY NOTICE OF PENDENCY OF CLASS ACTION,
PROPOSED SETTLEMENT AND SETTLEMENT FAIRNESS HEARING**

TO: All persons and entities that purchased, or otherwise acquired, shares of ARIAD Pharmaceuticals, Inc. ("ARIAD") publicly traded common stock during the period from December 11, 2012 through December 14, 2012, inclusive, and were damaged thereby (the "Settlement Class").

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the Court, that the above-captioned action has been certified as a class action for purposes of a proposed settlement in the amount of $3,500,000 in cash, that if approved, will resolve the action in its entirety.

A hearing will be held before the Honorable William G. Young in the John Joseph Moakley United States Courthouse, 1 Courthouse Way, 5th Floor, Courtroom 18, Boston, Massachusetts 02210, at **2:00 p.m., on May 10, 2018** to determine whether the proposed settlement should be approved by the Court as fair, reasonable, and adequate, and to consider the application of Plaintiffs' Co-Lead Counsel for attorneys' fees and reimbursement of expenses. The Court may change the date or the hearing without providing another notice. You do not need to attend the hearing to receive a distribution from the Net Settlement Fund.

IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS DESCRIBED ABOVE, YOUR RIGHTS WILL BE AFFECTED AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT FUND. If you have not yet received the full printed Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees, and Settlement Fairness Hearing (the "Notice") and a Proof of Claim form (the "Claim Form"), you may obtain copies of these documents by contacting the Claims Administrator:

In re ARIAD Pharmaceuticals, Inc.
Securities Litigation
c/o Epiq Systems, Inc.
Claims Administrator
P.O. Box 4230
Portland, OR 97208-4230
(888) 524-4593
www.AriadSecuritiesLitigation.com

Inquiries, other than requests for the Notice and Claim Form, may be made to Plaintiffs' Co-Lead Counsel:

John C. Browne
BERNSTEIN LITOWITZ
BERGER & GROSSMANN LLP
1251 Avenue of the Americas
New York, NY 10020
Tel: (800) 380-8496
Fax: (212) 554-1444
jclab@blbglaw.com

Jonathan Gardner
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005
Tel: (888) 219-6877
Fax: (212) 818-0477
settlementquestions@labaton.com

Sanford P. Dumain
MILBERG TADLER PHILLIPS GROSSMAN LLP
One Pennsylvania Plaza, Suite 1920
New York, NY 10119
Tel: (800) 320-5081
Fax: (212) 868-1229
sdumain@milberg.com

To participate in the Settlement, you must submit a Claim Form online using the settlement website www.AriadSecuritiesLitigation.com or by mail, such that it is *postmarked or received no later than April 26, 2018*. If you are a Settlement Class Member and do not exclude yourself from the Settlement Class, you will be bound by the Order and Final Judgment of the Court. To exclude yourself from the Settlement Class, you must submit a request for exclusion in accordance with the instructions set forth in the Notice such that it is *postmarked no later than April 19, 2018*. Any objections to the Settlement must be *filed no later than April 19, 2018*. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not share in the Settlement but you nevertheless will be bound by the Order and Final Judgment of the Court.

Further information may be obtained by contacting the Claims Administrator. Please do not contact the Court, Defendants, or Defendants' Counsel regarding this notice.

BY ORDER OF THE COURT

## BANK OFFICER's Investment Admission:

# "Why I Invest In This Very Different Type Of Real Estate and Why You Should Too"

Hi, my name is Darin Garman and during the time I owned an Iowa bank and was a member of its Board of Directors and Credit Committee I was exposed to many kinds of investments.

Not surprisingly most of these investments were poor choices and I avoided them altogether. But it was during this time that I did discover an investment, a very different type of real estate investment as a matter of fact, that was not only dependable but in many cases produced low risk double digit returns as well – even when the economy was poor!

Is that simple? I Discovered This Very Unusual Real Estate Investment While Owning This Iowa Bank

Despite the fact that this has arguably been the worst investment climate in history... (In fact, safe investments rarely produce anything over a 2% return today), I DISCOVERED THIS REAL ESTATE INVESTMENT manages to produce higher than average returns year after year and continues to do so AND ITS ALL DONE PASSIVELY! INVESTORS HAVE NO MANAGEMENT OR LANDLORD RESPONSIBILITIES WHATSOEVER.

The truth is many investors do not realize that this simple real estate investment is available to the investment public nor that they can even use their IRA's or 401(k)'s to invest in them and get tax deferred benefits!

For a limited time I am happy to provide information to IBD readers describing this unusual, profitable and simple to understand investment with no cost or obligation. Please, call my special 24 hour recorded "info line" I have at 1-800-471-0856 and request your information or simply log on to www.formeriowabanker.com and see what the fuss is all about!



Darin Garman
The Paranoid Banker

www.formeriowabanker.com
1-800-471-0856

*Past Performance Does Not Guarantee Future Results

This announcement is neither an offer to purchase nor a solicitation of an offer to sell Shares. The Offer is made solely by the Offer to Purchase, dated January 29, 2018, and the related Letter of Transmittal and Stock Power, and any amendments thereto. No securities are being solicited pursuant to the Offer from stockholders resident in any non-U.S. jurisdiction and, if sent, will not be accepted. If Purchaser becomes aware of any valid state statute or state administrative or judicial action prohibiting the making of the Offer, Purchaser will make a good faith effort to comply with such state statute or state administrative or judicial action. If, after good faith effort, Purchaser cannot comply therewith, the Offer will not be made to (nor will tenders be accepted from or on behalf of) the holders of Shares in such state. In any jurisdiction where securities, "blue sky" or other laws require that the Offer to be made by a licensed broker or dealer, the Offer shall be deemed to be made on behalf of Purchaser by one or more registered brokers or dealers licensed under the laws of such jurisdiction.

Notice of Amendment to Offer to Purchase for Cash

up to 50,000 Shares of Common Stock of
PRINCIPAL FINANCIAL GROUP, INC.
at Amended Price of $53.00 Net Per Share
by BAKER MILLS LLC

Pursuant to the Offer to Purchase, dated January 29, 2018 (the "Offer to Purchase"), and the related Letter of Transmittal and Stock Power, each as may be amended or supplemented from time to time (together constituting the "Offer"), Baker Mills LLC, a Delaware limited liability company ("Purchaser") is offering to purchase up to 50,000 shares of common stock, par value $0.01 per share (the "Shares"), of Principal Financial Group, Inc., a Delaware corporation (the "Company").

The offer price for the Offer has been amended to be $53.00 per Share, net to the seller in cash, upon the terms and subject to the conditions set forth in the Offer.

THE OFFER, PRORATION PERIOD AND WITHDRAWAL RIGHTS WILL EXPIRE AT 5:00 P.M., NEW YORK CITY TIME, ON MARCH 2, 2018 UNLESS THE OFFER IS EXTENDED OR EARLIER TERMINATED (THE "EXPIRATION TIME").

IMPORTANT DISCLOSURE
THE AMENDED OFFER PRICE OF $53.00 REPRESENTS AN APPROXIMATELY 17.88% DISCOUNT TO THE CLOSING PRICE OF THE SHARES OF $64.54 ON FEBRUARY 6, 2018 AS TRADED ON THE NASDAQ GLOBAL SELECT MARKET.

Requests for copies of the Offer to Purchase, the Amendment to Offer to Purchase and the Letter of Transmittal and Stock Power may be directed to the Information Agent as set forth below, and copies will be furnished promptly at Purchaser's expense. Questions and requests for assistance may be directed to the Information Agent, Nevada Agency and Transfer Company, at 50 West Liberty Street, Suite 880, Reno NV 89501. The Information Agent's telephone number is (775) 322-0626.

Copyright 2018 Investor's Business Daily Inc.



# Announcing a Proposed Class Action Settlement Involving All Persons that Purchased Shares of ARIAD Pharmaceuticals, Inc. Publicly Traded Common Stock During Settlement Class Period

NEWS PROVIDED BY
**Labaton Sucharow LLP, Bernstein Litowitz Berger & Grossmann LLP, and Milberg Tadler Phillips Grossman LLP** →
07:59 ET

BOSTON, Feb. 12, 2018 /PRNewswire/ --

**UNITED STATES DISTRICT COURT**

**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| IN RE ARIAD PHARMACEUTICALS, | ) | No. 1:13-cv-12544 (WGY) |
| INC. SECURITIES LITIGATION | ) | |

TO:    All persons and entities that purchased, or otherwise acquired, shares of ARIAD Pharmaceuticals, Inc. ("ARIAD") publicly traded common stock during the period from December 11, 2012 through December 14, 2012, inclusive, and were damaged thereby (the "Settlement Class").

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the Court, that the above-captioned action has been certified as a class action for purposes of a proposed settlement in the amount of $3,500,000 in cash, that if approved, will resolve the action in its entirety.

A hearing will be held before the Honorable William G. Young in the John Joseph Moakley United States Courthouse, 1 Courthouse Way, 5th Floor, Courtroom 18, Boston, Massachusetts 02210, at **2:00 p.m.**, on **May 10, 2018** to determine whether the proposed settlement should be approved by the Court as fair, reasonable, and adequate, and to consider the application of Plaintiffs' Co-Lead Counsel for attorneys' fees and reimbursement of expenses. The Court may change the date of the hearing without providing another notice. You do not need to attend the hearing to receive a distribution from the Net Settlement Fund.

IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS DESCRIBED ABOVE, YOUR RIGHTS WILL BE AFFECTED AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT FUND. If you have not yet received the full printed Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Settlement Fairness Hearing (the "Notice") and a Proof of Claim form (the "Claim Form"), you may obtain copies of these documents by contacting the Claims Administrator:

In re ARIAD Pharmaceuticals, Inc. Securities Litigation

c/o Epiq Systems, Inc.

Claims Administrator

P.O. Box 4230

Portland, OR 97208-4230

(888) 524-4593

***www.AriadSecuritiesLitigation.com***

Inquiries, other than requests for the Notice and Claim Form, may be made to Plaintiffs' Co-Lead Counsel:

John C. Browne

BERNSTEIN LITOWITZ

BERGER & GROSSMANN LLP

1251 Avenue of the Americas

New York, NY 10020

Tel: (800) 380-8496

Fax: (212) 554-1444

johnb@blbglaw.com


Jonathan Gardner

LABATON SUCHAROW LLP

140 Broadway

New York, NY 10005

Tel: (888) 219-6877

Fax: (212) 818-0477

settlementquestions@labaton.com


Sanford P. Dumain

MILBERG TADLER PHILLIPS GROSSMAN LLP

One Pennsylvania Plaza, Suite 1920

New York, NY 10119

Tel: (800) 320-5081

Fax: (212) 868-1229

sdumain@milberg.com

To participate in the Settlement, you must submit a Claim Form online using the settlement website *www.AriadSecuritiesLitigation.com* or by mail, such that it is **postmarked or received no later than April 26, 2018**. If you are a Settlement Class Member and do not exclude yourself from the Settlement Class, you will be bound by the Order and Final Judgment of the Court. To exclude yourself from the Settlement Class, you must submit a request for exclusion in accordance with the instructions set forth in the Notice such that it is **postmarked no later than April 19, 2018**. Any objections to the Settlement must be **filed no later than April 19, 2018**. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not share in the Settlement but you nevertheless will be bound by the Order and Final Judgment of the Court.

Further information may be obtained by contacting the Claims Administrator. Please do not contact the Court, Defendants, or Defendants' Counsel regarding this notice.

BY ORDER OF THE COURT

URL: www.AriadSecuritiesLitigation.com

SOURCE Labaton Sucharow LLP, Bernstein Litowitz Berger & Grossmann LLP, and Milberg Tadler Phillips Grossman LLP