# EXHIBIT 6

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

IN RE ARIAD PHARMACEUTICALS,    )   No. 1:13-cv-12544 (WGY)
INC. SECURITIES LITIGATION        )

**DECLARATION OF SANFORD P. DUMAIN IN SUPPORT OF**
**PLAINTIFFS' CO-LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS'**
**FEES AND PAYMENT OF LITIGATION EXPENSES FILED ON BEHALF OF**
**MILBERG TADLER PHILLIPS GROSSMAN LLP**

Sanford P. Dumain declares as follows:

1.     I am of counsel with the law firm of Milberg Tadler Phillips Grossman LLP and was a partner of Milberg LLP,[1] one of the Court-appointed Plaintiffs' Co-Lead Counsel in the above-captioned action (the "Action"). I submit this declaration in support of Plaintiffs' Co-Lead Counsel's application for an award of attorneys' fees in connection with services rendered in the Action, as well as for payment of litigation expenses in connection with the Action. I have personal knowledge of the facts set forth herein and, if called upon, could and would testify thereto.

2.     My firm, as Plaintiffs' Co-Lead Counsel, was involved in all aspects of the litigation and its settlement as set forth in the Joint Declaration of Sanford P. Dumain, John C. Browne, and Jonathan Gardner in Support of (I) Motion for Final Approval of Class Action Settlement and Plan of Allocation and (II) Motion for an Award of Attorneys' Fees and Payment of Litigation Expenses.

3.     The schedule attached hereto as Exhibit A is a detailed summary indicating the amount of time spent by attorneys and professional support staff employees of my firm with ten

---

1 Milberg Tadler Phillips Grossman LLP was established in 2018 by members of Milberg LLP and Sanders Phillips Grossman LLC. As of January 1, 2018, Milberg LLP's lawyers are now prosecuting new and active cases out of Milberg Tadler Phillips Grossman LLP.

or more hours in the Action, and the lodestar calculation for those individuals based on my firm's current hourly rates. For personnel who are no longer employed by my firm, the lodestar calculation is based upon the hourly rates for such personnel in his or her final year of employment by my firm. The schedule was prepared from contemporaneous daily time records regularly prepared and maintained by my firm. Time expended on the Action after January 19, 2018 (the date the Settlement was preliminarily approved by the Court) and all time expended on this application for fees and expenses, has not been included in this request.

4.     The hourly rates for the attorneys and professional support staff in my firm included in Exhibit A are their customary rates, which have been accepted in other securities litigation.

5.     The total number of hours reflected in Exhibit A from inception through and including January 19, 2018 is 1,657.20 hours [1,655.00 hours for Milberg LLP and 2.20 hours for Milberg Tadler Phillips Grossman LLP]. The total lodestar reflected in Exhibit A for that period is $973,027.50 [$971,797.50 for Milberg LLP and $1,230.00 for Milberg Tadler Phillips Grossman LLP]. This consists of $835,127.50 for attorneys' time [$834,107.50 for Milberg LLP and $1,020.00 for Milberg Tadler Phillips Grossman LLP] and $137,900.00 for professional support staff time [$137,690.00 for Milberg LLP and $210.00 for Milberg Tadler Phillips Grossman LLP].

6.     My firm's lodestar figures are based upon the firm's hourly rates, which rates do not include charges for expense items. Expense items are billed separately and such charges are not duplicated in my firm's hourly rates.

7.     Milberg LLP has a referral fee agreement with Fisher Law Offices in Hingham, Massachusetts relating to this case. Payment, if any, made by Milberg LLP to Fisher Law Offices

under this fee agreement would be from Milberg LLP's fee allocation and would not increase the overall fees requested by Plaintiffs' Counsel or reduce the amount recovered by the Settlement Class. The details of this fee agreement can be provided to the Court at the Court's request.

8.      As detailed in Exhibit B, my firm is seeking payment for a total of $117,736.60 in expenses in connection with the prosecution of this Action through March 15, 2018. This includes $116,437.06 in expenses for Milberg LLP and $1,299.54 in expenses for Milberg Tadler Phillips Grossman LLP.

9.      The litigation expenses reflected in Exhibit B are the actual expenses or reflect "caps" based on the application of the following criteria:

(a)      Out-of-town travel – airfare is at coach rates, hotel charges per night are capped at $350 for large cities and $250 for small cities; meals are capped at $20 per person for breakfast, $25 per person for lunch, and $50 per person for dinner.

(b)      Out-of-Office Working Meals – Capped at $25 per person for lunch and $50 per person for dinner.

(c)      Internal Copying – Charged at $0.10 per page.

(d)      On-Line Research – Charges reflected are for out-of-pocket payments to the vendors for research done in connection with this litigation. On-line research is billed to each case based on actual usage at a set charge by the vendor.

10.      The litigation expenses in this Action are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records and other source materials and are an accurate record of the expenses.

11.      With respect to the standing of my firm, attached hereto as Exhibit C is a brief biography of my firm and attorneys in my firm who were involved in this Action.

12.     Milberg LLP was also responsible for maintaining a joint litigation fund on behalf of Plaintiffs' Co-Lead Counsel (the "Litigation Expense Fund") in order to monitor the major expenses incurred in the Action and to facilitate their payment. The expenses incurred by the Litigation Expense Fund are reported in Exhibit D, attached hereto. The Litigation Expense Fund has received contributions totaling $92,000.00 from Plaintiffs' Co-Lead Counsel and has incurred a total of $143,176.83 in expenses in connection with the prosecution of the Action. Accordingly, there is an unpaid and outstanding balance of $51,176.83, which has been added to my firm's expense report so that, upon Court approval, these expenses can be paid.

13.     The expenditures from the Litigation Expense Fund are separately reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records and other source materials and are an accurate record of the expenses incurred.

I declare, under penalty of perjury, that the foregoing facts are true and correct. Executed on the 4th day of April, 2018.

_____
Sanford P. Dumain

**EXHIBIT A**

*In re ARIAD Pharmaceuticals, Inc. Securities Litigation*
Case No. 1:13-cv-12544-WGY (D. Mass.)

## MILBERG LLP

### TIME REPORT

Inception through and including December 31, 2017

| NAME | HOURS | HOURLY RATE | LODESTAR |
|---|---|---|---|
| **Partners** | | | |
| Clark, Melissa | 536.00 | $550 | $294,800.00 |
| Kelston, Henry J. | 26.20 | $700 | $18,340.00 |
| Khurana, Arvind B. | 125.00 | $625 | $78,125.00 |
| Rado, Andrei | 59.50 | $650 | $38,675.00 |
| Tadler, Ariana J. | 139.90 | $875 | $122,412.50 |
| Wallner, Robert A. | 45.80 | $900 | $41,220.00 |
| **Of Counsel** | | | |
| Andrejkovics, Paul J. | 79.80 | $700 | $55,860.00 |
| Dumain, Sanford P. | 55.90 | $925 | $51,707.50 |
| **Senior Counsel** | | | |
| McKenna, Elizabeth | 17.80 | $625 | $11,125.00 |
| Slidders, Charles | 211.90 | $575 | $121,842.50 |
| **Paralegals** | | | |
| Bomzer, Cindy | 32.20 | $325 | $10,465.00 |
| Joseph, Jason A. | 58.50 | $325 | $19,012.50 |
| Michael, Stephanie | 33.50 | $275 | $9,212.50 |
| Powers, Dana | 19.00 | $300 | $5,700.00 |
| Sclafani, David | 19.00 | $325 | $6,175.00 |
| **Investigators** | | | |
| Bursey, W. S. | 15.50 | $550 | $8,525.00 |
| Edwards, Thomas W. | 87.00 | $475 | $41,325.00 |
| Petrick, Michelle | 50.00 | $475 | $23,750.00 |
| **Investor Analysis & Class Communication** | | | |
| Thompson, Chris | 31.00 | $325 | $10,075.00 |
| **Document Clerk** | | | |
| Velazquez, Ray | 11.50 | $300 | $3,450.00 |
| **MILBERG LLP TOTAL** | **1,655.00** | | **$971,797.50** |

5

## MILBERG TADLER PHILLIPS GROSSMAN LLP

### TIME REPORT

January 1, 2018 through and including January 19, 2018

| NAME | HOURS | HOURLY RATE | LODESTAR |
|------|-------|-------------|----------|
| **Partners** | | | |
| Clark, Melissa | .20 | $550 | $ 110.00 |
| **Of Counsel** | | | |
| Andrejkovics, Paul J. | 1.30 | $700 | $ 910.00 |
| **Document Clerk** | | | |
| Velazquez, Ray | .70 | $300 | $ 210.00 |
| **MILBERG TADLER PHILLIPS GROSSMAN LLP TOTAL** | **2.20** | | **$1,230.00** |

**EXHIBIT B**

*In re ARIAD Pharmaceuticals, Inc. Securities Litigation*
Case No. 1:13-cv-12544-WGY (D. Mass.)

**MILBERG LLP**

**EXPENSE REPORT**

Inception through and including December 31, 2017

| CATEGORY | AMOUNT |
|---|---|
| Experts/Consultants* | $51,176.83 |
| Mediation | $12,500.00 |
| Long Distance Telephone/Conference Calls | $37.75 |
| Express Mail/Messengers | $417.77 |
| Litigation Support | $7,028.91 |
| Filing/Service Fees | $827.00 |
| On-Line Legal Research | $20,531.82 |
| Internal Copying | $1,127.20 |
| Out of Town Travel | $2,474.39 |
| Out of Office Working Meals | $155.07 |
| Local Work-Related Transportation | $160.32 |
| Contributions to Litigation Fund | $20,000.00 |
| | |
| **TOTAL MILBERG LLP EXPENSES:** | **$116,437.06** |

\* This is the unpaid and outstanding balance of $51,176.83 from the Litigation Expense Fund (see paragraph 12 above and Exhibit D below).

## MILBERG TADLER PHILLIPS GROSSMAN LLP

### EXPENSE REPORT

January 1, 2018 through and including January 19, 2018

| CATEGORY | AMOUNT |
|---|---|
| On-Line Legal Research | $376.09 |
| Out of Town Travel** | $778.00 |
| Out of Office Working Meals** | $125.00 |
| Local Work-Related Transportation | $20.45 |
|  |  |
| **TOTAL MILBERG TADLER PHILLIPS GROSSMAN LLP EXPENSES:** | **$1,299.54** |

** $500.00 in estimated costs has been included for representatives of Milberg Tadler Phillips Grossman LLP to attend the final approval hearing. If less than $500.00 is incurred, the actual amount incurred will be deducted from the Settlement Fund. If more than $500.00 is incurred, $500.00 will be the cap and only that amount will be deducted from the Settlement Fund.

**EXHIBIT C**

*In re ARIAD Pharmaceuticals, Inc. Securities Litigation*
Case No. 1:13-cv-12544-WGY (D. Mass.)

## MILBERG TADLER PHILLIPS GROSSMAN LLP

### FIRM RÉSUMÉ

### THE FIRM'S PRACTICE AND ACHIEVEMENTS

Milberg Tadler Phillips Grossman LLP ("MTPG") helps clients challenge corporate wrongdoing through class action, mass tort, personal injury, consumer, and shareholder rights services. MTPG was established in 2018 by members of both Milberg LLP, a leading class action and complex litigation firm, and Sanders Phillips Grossman LLC, a nationally recognized plaintiffs' law firm representing consumers in mass tort and personal injury cases. Through these firms' strategic partnership, MTPG represents government entities and individuals who have suffered harm from securities fraud, data breaches, antitrust violations, consumer fraud, corporate misconduct, opioids, water contamination, and a wide range of commercial and pharmaceutical malfeasance.[1] The firm is headquartered in New York City.

Milberg LLP has been widely recognized as a leading class action and complex litigation firm, representing individual and institutional investors, unions, and consumers. Founded in 1965, Milberg LLP took the lead in landmark cases that set groundbreaking legal precedents and prompted changes in corporate governance benefitting shareholders and consumers. It was one of the first law firms to prosecute class actions in federal courts on behalf of investors and consumers. Milberg LLP pioneered this type of litigation and is widely recognized as a leader in defending the rights of victims of corporate and other large-scale wrongdoing. The firm's practice has focused on the prosecution of class and complex actions in many fields, including securities, corporate fiduciary, ERISA, consumer, False Claims Act, antitrust, bankruptcy, mass tort, and human rights litigation.

In its early years, Milberg LLP built a new area of legal practice in representing shareholder interests under the then recently amended Rule 23 of the Federal Rules of Civil Procedure, which allowed securities fraud cases, among others, to proceed as class actions. In the following decades, Milberg LLP obtained decisions establishing important legal precedents in many of its areas of practice and prosecuted cases that set benchmarks in terms of case theories, organization, discovery, trial results, methods of settlement, and amounts recovered and distributed to clients and class members.

Important milestones in Milberg LLP's early years include the firm's involvement in the *U.S. Financial* litigation in the early 1970s, one of the earliest large class actions, which resulted in a $50 million recovery for purchasers of the securities of a failed real estate development company; the Ninth Circuit decision in *Blackie v. Barrack* in 1975, which established the fraud-on-the-market doctrine for securities fraud actions; Milberg LLP's co-lead counsel position in the *In re Washington Public Power Supply System Securities Litigation*, a seminal securities fraud action in the 1980s in terms of complexity and amounts recovered; the representation of the Federal Deposit Insurance Corporation in a year-long trial to recover banking losses from a major accounting firm, leading to a precedent-setting global settlement; attacking the Drexel-Milken "daisy chain" of illicit junk-bond financing arrangements with numerous cases that resulted in substantial recoveries for investors; representing life insurance policyholders defrauded by "vanishing premium" and other improper sales tactics and obtaining large

---

1 This firm resume speaks both to Milberg LLP's history, given that certain cases were prosecuted by Milberg LLP lawyers, and about the future for Milberg LLP lawyers, who are prosecuting new and active cases out of Milberg Tadler Phillips Grossman LLP as of January 1, 2018.

recoveries from industry participants; and ground-breaking roles in the multi-front attack on deception and other improper activities in the tobacco industry.

Throughout its history, Milberg LLP has remained at the forefront in its areas of practice. Significant litigation results include: *In re Vivendi Universal, S.A. Securities Litigation* (jury verdict for plaintiff class in January 2010); *In re Tyco International, Ltd. Securities Litigation* ($3.2 billion settlement); *In re Nortel Networks Corp. Securities Litigation* (settlement for cash and stock valued at $1.142 billion); *In re Merck & Co., Inc. Securities Litigation*, Nos. 05-1151 and 05-2367 (D.N.J.) (a $1.062 billion recovery). Milberg LLP has been responsible for recoveries valued at approximately $56 billion during the life of the firm.

Milberg LLP lawyers (now at MTPG) serve as co-lead counsel in class actions challenging the use of "natural" labeling on food products made with crops grown from seeds that have been genetically engineered using sophisticated laboratory techniques (GMOs). *In re Conagra Foods, Inc.*, No.11-05379 (M.D. Cal.) (multi-state class certified; affirmed by Ninth Circuit; petition for writ of certiorari denied by U.S. Supreme Court); *Frito-Lay North America, Inc. "All Natural" Litigation*, No. 12-MD-02413 (E.D.N.Y) (recently resolved by a court-approved settlement).

U.S. District Judge Lucy H. Koh appointed partner Ariana Tadler along with four other attorneys to serve on an executive committee overseeing class litigation alleging massive data breaches affecting more than a billion users, *In re Yahoo Inc. Customer Data Security Breach Litigation*, No. 5:16-MD-02752, in the U.S. District Court for the Northern District of California.

Sanders Phillips Grossman LLC provides exemplary legal representation in the practice areas of Defective Drugs, Defective Medical Devices, Consumer Fraud, Whistleblower, Class Actions, Catastrophic Injury and Toxic Exposure. As a nationally recognized leading plaintiff's law firm for the past three decades, the firm and its predecessors have recovered more than one billion dollars for injured consumers. Sanders Phillips Grossman has offices in Seattle, WA; Los Angeles, CA; and Puerto Rico.

MTPG's ability to pursue claims against defendants is augmented by its investigators, headed by a 27-year veteran of the Federal Bureau of Investigation. The firm's lawyers are regularly recognized as some of the nation's leading lawyers by the National Law Journal, Legal 500, Chambers USA, and Super Lawyers, among others.

## PRO BONO AND COMMUNITY INVOLVEMENT

The Firm is committed to giving back to the community. We support numerous organizations and causes consistent with our values and our commitment to equal justice for all. These have included the Innocence Project, the DSY Development School for Youth, and Public Justice.

The Firm's commitment to pro bono work is also facilitated by its support of Mobilization for Justice, which provides community-based representation to needy New Yorkers related to housing, jobs, and family issues. A number of our associates and partners have been trained by the organization's staff on the specific challenges that often confront these underserved New Yorkers and are "on-call" when help is needed.

## NOTEWORTHY RESULTS

The quality of MTPG's attorneys' representation is further evidenced by the Milberg LLP and MTPG's numerous significant recoveries and successes, some of which are described below, by way of example.

- ***In re Merck & Co., Inc. Securities Litigation***, Nos. 05-1151 and 05-2367 (D.N.J.). Milberg LLP served as co-lead counsel in this federal securities fraud class action, and following over 12 years of hard-fought litigation, ultimately obtained a combined settlement totaling $1.062 billion, the largest securities class action settlement ever against a pharmaceutical company, which received final approval on June 28, 2016. This lawsuit involved claims under the Securities Exchange Act of 1934 against

10

Merck and certain of its executives arising out of allegations that defendants made materially false and misleading statements concerning the safety profile and commercial viability of Merck's purported "blockbuster" drug VIOXX. During this litigation, Milberg LLP and co-lead counsel engaged in exhaustive discovery, including the review and analysis of over 35 million pages of documents involving complex scientific and medical issues, as well as the examination of over 59 fact and expert witnesses. Plaintiffs successfully appealed the dismissal of this action on state of limitations grounds to the Third Circuit Court of Appeals, and prevailed in defendants' further appeal to the Supreme Court, resulting in a unanimous decision by the Supreme Court in Plaintiffs' favor which clarified the law regarding the application of the statute of limitations to federal securities fraud claims. Plaintiffs' claims also survived additional motions to dismiss and motions for summary judgment, and the parties reached settlement less than three months before trial was scheduled to commence.

- *In re Vivendi Universal, S.A. Securities Litigation*, No. 02-5571 (S.D.N.Y.). Milberg LLP lawyers served among lead trial counsel and obtained a jury verdict for a class of defrauded investors after a trial lasting nearly four months. The jury found Vivendi liable for 57 false or misleading class period statements. At the close of the trial, Judge Richard Holwell commented, "I can only say that this is by far the best tried case that I have had in my time on the bench. I don't think either side could have tried the case better than these counsel have."

- *In re Target Corporation Customer Data Security Breach Litigation*, No. 14-md-02522-PAM (D. Minn.). Partner Ariana J. Tadler serves on the Steering Committee guiding the landmark data breach case. In addition to participating in overall case strategy, the drafting of pleadings and motions and settlement negotiation, the Milberg LLP team was responsible for leading discovery, which included targeted discovery requests, the establishment of a series of discovery protocols, the selection of a data-hosting provider, and discovery motion practice that involved unique topics warranting special attention. The case, which involved an estimated 110 million consumers whose personal information was compromised, settled for $10 million, entitling individual consumers to recover losses up to $10,000. (An appeal remains pending before the Eighth Circuit.)

- *In re Conagra Foods, Inc.*, No.11-05379 (M.D. Cal.). The firm is co-lead counsel in a class action against ConAgra Foods, Inc., the maker of Wesson Oils, concerning the company's use of the phrase "100% Natural" to market food products made with crops grown from seeds that have been genetically engineered using sophisticated laboratory techniques. The District Court certified eleven separate statewide classes of Wesson purchasers. ConAgra appealed the class certification order to the Ninth Circuit Court of Appeals, which affirmed in a decision considered extremely favorable to consumer class actions. Conagra petitioned the U.S. Supreme Court for review of the Ninth Circuit's decision. The Supreme Court denied the petition.

- *In re Chase Bank USA, N.A. "Check Loan" Contract Litig.*, No. 09-2032 (N.D. Cal.). Milberg LLP served on the Executive Committee representing the class in this action against JP Morgan Chase & Co. The complaint alleged that Chase improperly increased by 150% the minimum monthly payment requirement for customers who entered into balance transfer loans with "fixed" interest rates that were guaranteed to remain so for the "life of the loan." Milberg and its co-counsel achieved a $100 million settlement for the class.

- *Mason v. Medline*, No. 07-05615 (N.D. Ill.). Milberg LLP successfully represented a healthcare worker in a False Claims Act case against his former employer, Medline Industries, Inc., one of the nation's largest suppliers of medical and surgical products, along with its charitable arm, The Medline

Foundation. The suit alleged that Medline engaged in a widespread illegal kickback scheme targeting hospitals and other healthcare providers that purchase medical products paid for by federal healthcare programs. Although a party to the settlement agreement, the U.S. Department of Justice chose not to intervene in the lawsuit. Milberg LLP pursued the case on a non-intervened basis and recovered $85 million on behalf of the federal government -- one of the largest settlements of a False Claims Act case in which the government declined to intervene. The whistleblower was awarded 27.5% of the proceeds.

- *Blessing v. Sirius XM Radio, Inc.*, No. 09-10035 (S.D.N.Y.). This antitrust case stemmed from the 2008 merger of Sirius Satellite Radio, Inc. and XM Satellite Holdings, Inc. that created Sirius XM, the nation's only satellite radio company. The plaintiffs alleged that the merger of the only two U.S. satellite radio providers was an illegal move to eliminate competition and monopolize the satellite radio market. Before the merger, Sirius CEO Mel Karmazin convinced regulators not to block the deal by promising that "the combined company will not raise prices" and that the merger would actually result in "lower prices and more choice for the consumer." After the merger, Sirius quickly reversed course, raised prices by 15-40%, and eliminated multiple radio stations. Milberg LLP achieved a settlement for the class valued at $180 million.

- *In re Initial Public Offering Securities Litigation*, No. 21-MC-92 (S.D.N.Y.). Milberg LLP represented investors in 300+ consolidated securities actions arising from an alleged market manipulation scheme. Plaintiffs alleged, among other things, that approximately 55 defendant investment banks, in dealing with certain of their clients, conditioned certain allocations of shares in initial public offerings on the subsequent purchase of more shares in the aftermarket, thus artificially boosting the prices of the subject securities. This fraudulent scheme, plaintiffs alleged, was a major contributing factor in the now infamous technology "bubble" of the late 1990s and early 2000s. As a member of the court-appointed Plaintiffs' Executive Committee, and with certain partners appointed by the court as liaison counsel, including partner Ariana J. Tadler, Milberg LLP oversaw the efforts of approximately 60 plaintiffs' firms in combating some of the most well-respected defense firms in the nation. In granting final approval to a $586 million settlement on October 5, 2009, the court described the law firms comprising the Plaintiffs' Executive Committee as the "cream of the crop."

- *In re Tyco International Ltd., Securities Litigation*, MDL 1335 (D.N.H.). Milberg LLP served as co-lead counsel in this litigation, which involved claims under the Securities Act of 1933 and the Securities Exchange Act of 1934 against Tyco and its former CEO, CFO, general counsel, and certain former directors arising out of allegations of Tyco's $5.8 billion overstatement of income and $900 million in insider trading, plus hundreds of millions of dollars looted by insiders motivated to commit the fraud. Plaintiffs also asserted claims under the 1933 and 1934 Acts against PricewaterhouseCoopers LLP for allegedly publishing false audit opinions on Tyco's financial statements during the class period and failing to audit Tyco properly, despite knowledge of the fraud. On December 19, 2007, the court approved a $3.2 billion settlement of the plaintiffs' claims and lauded Milberg LLP's efforts as co-lead counsel:

> This was an extraordinarily complex and hard-fought case. Co-Lead Counsel put massive resources and effort into the case for five long years, accumulating [millions of dollars in expenses] and expending [hundreds of thousands of hours] on a wholly contingent basis. But for Co-Lead Counsel's enormous expenditure of time, money, and effort, they would not have been able to negotiate an end result so

favorable for the class. . . . Lead Counsel's continued, dogged effort over the past five years is a major reason for the magnitude of the recovery. . . .

535 F. Supp. 2d 249, 270 (D.N.H. 2007).

- *In re Biovail Corp. Securities Litigation*, No. 03-8917 (S.D.N.Y.). Milberg LLP, representing Local 282 Welfare Trust Fund and serving as co-lead counsel, litigated this complex securities class action brought on behalf of a class of defrauded investors, alleging that defendants made a series of materially false and misleading statements concerning Canadian company Biovail's publicly reported financial results and the company's then new hypertension/blood pressure drug, Cardizem LA. This was a highly complex case in which counsel took numerous depositions across the U.S. and Canada and obtained documents from defendants and several third-parties, including, among others, UBS, McKinsey & Co., and Merrill Lynch. Milberg LLP obtained a $138 million settlement for the class, and Biovail agreed to institute significant corporate governance changes.

- *In re Nortel Networks Corp. Securities Litigation*, No. 01-1855 (S.D.N.Y.). In this federal securities fraud class action, Milberg LLP served as lead counsel for the class and the court-appointed lead plaintiff, the Trustees of the Ontario Public Service Employees' Union Pension Plan Trust Fund. In certifying the class, the court specifically rejected the defendants' argument that those who traded in Nortel securities on the Toronto Stock Exchange (and not the New York Stock Exchange) should be excluded from the class. The Second Circuit denied the defendants' attempted appeal. On January 29, 2007, the court approved a settlement valued at $1.142 billion. .

- In *In re CMS Energy Corp. Securities Litigation*, No. 02-72004 (E.D. Mich.), a federal securities fraud case arising out of alleged round-trip trading practices by CMS Energy Corporation, Judge Steeh approved a cash settlement of more than $200 million. Milberg LLP served as co-lead counsel in this litigation.

- *In re Deutsche Telekom AG Securities Litigation*, No. 00-9475 (S.D.N.Y.). Milberg LLP served as co-lead counsel in this securities class action alleging that Deutsche Telekom issued a false and misleading registration statement, which improperly failed to disclose its plans to acquire VoiceStream Wireless Corporation and materially overstated the value of the company's real estate assets. In June 2005, Judge Buchwald approved a $120 million cash settlement.

- *In re Converse Technology, Inc. Derivative Litigation*, No. 601272/2006 (N.Y. Sup. Ct. N.Y. Cnty.). On December 28, 2009, Milberg LLP announced a $62 million settlement for the derivative plaintiffs, which was approved by the Court on June 23, 2010. The settlement also resulted in significant corporate governance reforms, including the replacement of the offending directors and officers with new independent directors and officers; the amendment of the company's bylaws to permit certain long-term substantial shareholders to propose, in the Company's own proxy materials, nominees for election as directors (proxy access); and the requirement that all equity grants be approved by both the Compensation Committee and a majority of the non-employee members of the Board.

- *In re Topps Co., Inc. Shareholder Litig.*, No. 600715/2007 (N.Y. Sup. Ct. N.Y. Cnty. Apr. 17, 2007). Milberg LLP served as co-lead counsel in this transactional case, which led to a 2007 decision vindicating the rights of shareholders under the rules of comity and the doctrine of *forum non conveniens* to pursue claims in the most relevant forum, notwithstanding the fact that jurisdiction might also exist in the state of incorporation. This case was settled in late 2007 in exchange for a number of valuable disclosures for the class.

13

## PRECEDENT-SETTING DECISIONS

MTPG's lawyers have consistently been recognized as leaders in developing the federal securities, antitrust, and consumer protection laws for the benefit of investors and consumers. MTPG's lawyers have represented individual and institutional plaintiffs in hundreds of class action litigations in federal and state courts throughout the country, frequently serving as lead or co-lead counsel. Milberg LLP has also been responsible for establishing many important precedents, including the following:

- *Platinum Partners v. Chicago Board Options Exchange, Inc.*, No. 1-11-2903 (Ill. App. Ct. 2012). Milberg LLP represented an investment management group in a case against the Chicago Board Options Exchange, Inc. ("CBOE") and Options Clearing Corp. ("OCC"). The plaintiff investment management group alleged that it was injured when the CBOE and OCC privately disclosed strike price information to certain insiders prior to the information being made public. In the interim between the private disclosure and the public announcements, the plaintiff purchased tens of thousands of affected options. The lower court dismissed the complaint on the grounds that the CBOE and OCC, as self-regulatory organizations, were immune from suit. However, the Appellate Court reversed, holding that a private disclosure to insiders served no regulatory purpose and should not be protected from suit. The Illinois Supreme Court declined the defendants' petition for leave to appeal.

- *In re Lord Abbett Mutual Funds Fee Litigation*, 553 F.3d 248 (3d Cir. 2009). This important decision set significant precedent regarding the scope of preemption under the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"). In reversing the District Court's dismissal of the plaintiffs' claims, the Third Circuit held that "SLUSA does not mandate dismissal of an action in its entirety where the action includes only some pre-empted claims." In so holding, the court explained that "nothing in the language, legislative history, or relevant case law mandates the dismissal of an entire action that includes both claims that do not offend SLUSA's prohibition on state law securities class actions and claims that do . . . ."

- In *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007), in which Milberg LLP was lead counsel for the class, the United States Supreme Court announced a uniform standard for evaluating the sufficiency of a complaint under the PSLRA. The court held that on a motion to dismiss, a court "must consider the complaint in its entirety," accepting "all factual allegations in the complaint as true," as well as "tak[ing] into account plausible opposing inferences." On remand, the Seventh Circuit concluded that "the plaintiffs have succeeded, with regard to the statements identified in our previous opinion as having been adequately alleged to be false and material, in pleading scienter in conformity with the requirements of the PSLRA. We therefore adhere to our decision to reverse the judgment of the district court dismissing the suit." The unanimous decision was written by Judge Richard A. Posner.

- *South Ferry LP #2 v. Killinger*, 542 F.3d 776 (9th Cir. 2008). The important opinion issued by the Ninth Circuit in this securities fraud class action clarified, in the post-*Tellabs* environment, whether a theory of scienter based on the "core operations" inference satisfies the PSLRA's heightened pleading standard. In siding with the plaintiffs, represented by Milberg LLP, the Ninth Circuit held that "[a]llegations that rely on the core operations inference are among the allegations that may be considered in the complete PSLRA analysis." The court explained that under the "holistic" approach required by *Tellabs*, all allegations must be "read as a whole" in considering whether plaintiffs adequately plead scienter. After remand, the District Court found that the plaintiffs sufficiently alleged scienter under the Ninth Circuit's analysis.

14

## ATTORNEYS INVOLVED IN THIS ACTION

**ARIANA J. TADLER** is a Managing Partner at Milberg Tadler Phillips Grossman LLP. She has extensive experience litigating and managing complex securities and consumer class actions, including high profile, fast-paced cases and data breach litigations. Ms. Tadler is recognized as one of the nation's preeminent leading authorities on electronic discovery and pioneered the establishment of an E-Discovery Practice group within a plaintiffs' firm structure. Ms. Tadler is regularly invited to speak on a variety of litigation and discovery-related topics and has authored numerous articles and developed and promoted best practice tips and tools, including The Jumpstart Outline, published by The Sedona Conference®.

Ms. Tadler and her team have actively litigated numerous highly publicized data breach litigations on behalf of consumers and data service users. Ms. Tadler is one of five court-appointed members of the Plaintiffs' Executive Committee in the Yahoo! data breach litigation, a class action arising from a breach affecting more than 3 billion Yahoo! user accounts. The firm's team, under Ms. Tadler's direction, is primarily responsible for the massive and complex discovery in the case. To date, the team has taken the lead in drafting extensive formal requests for Production of Documents as well as negotiating a series of discovery-related orders entered by the Court, including a protective order, E-Discovery protocol, "Rule 502" order governing the inadvertent production of privileged materials, and ESI Search Protocol. MTPG is supervising the ongoing review of case documents, applying advanced technological tools to facilitate efficient review. Ms. Tadler is a member of the court-appointed Steering Committee in *In re Target Corporation Customer Data Security Breach Litigation*, representing consumers in a class action alleging that Target Corp. failed to protect customers from a massive data breach during the holiday shopping season.

Ms. Tadler is currently serving as lead counsel in a number of consumer cases involving the mislabeling as "natural" products that contained GMOs, including *In re ConAgra Foods, Inc.*, in which a class was certified by the district court, affirmed by the Court of Appeals for the Ninth Circuit and successfully survived a petition for a writ of certiorari to the United States Supreme Court by defendants. Ms. Tadler successfully represented an alternative energy company in its claims of negligence against one of the Big 4 accounting firms. Ms. Tadler's accomplishments also include litigation of three cases in the Eastern District of Virginia (a/k/a the "Rocket Docket") in less than four years, including *In re MicroStrategy Securities Litigation* in which plaintiffs' counsel negotiated settlements valued at more than $150 million. Ms. Tadler served as one of the court-appointed plaintiffs' liaison counsel in the *Initial Public Offering Securities Litigation* in which the court approved a $586 million cash settlement. Among the thousands of defendants in this coordinated action were 55 prominent investment banks and more than 300 corporate issuers.

Ms. Tadler also has been retained as Special Discovery Counsel in complex litigation and class actions. She represented the government of Colombia as Special Discovery Counsel in its pursuit of claims alleging smuggling and illegal sales of alcohol by several international companies for violation of United States RICO statutes and other common law claims. The engagement encompassed identifying relevant information responsive to defendants' requests, confirming and guiding preservation practices, and interviewing and collecting data from more than 100 custodians in 23 Colombian Departments (Colombia's equivalent to our States in the U.S.). The team also reviewed and produced data in the litigation, and was tasked with ensuring compliance with the various privacy laws of Colombia and the United States with regard to personal data, controlled data and the transfer of sensitive information — all hot topics in the area of E-

Discovery today. Lawyers from other firms faced with E-Discovery challenges seek out Ms. Tadler for her guidance and counsel.

Ms. Tadler was recently appointed by United States Supreme Court Chief Justice Roberts to serve on the Federal Civil Rules Advisory Committee. Additionally, she has been appointed by Committee Chair Judge John D. Bates to the subcommittee tasked with reviewing and considering potential civil rules for multidistrict litigation (MDL) cases.

Ms. Tadler recently completed her service on The Sedona Conference®'s Board of Directors and, after serving for five years as Chair, is Chair Emeritus of the Steering Committee for Working Group 1 on Electronic Document Retention and Production, the preeminent "think tank" on E-Discovery. In addition, she serves on the Advisory Board of Georgetown University Law Center's Advanced E-Discovery Institute where she has helped educate federal judges and lawyers on E-Discovery issues and also serves on the Bloomberg Law Litigation Innovation Board. Ms. Tadler also recently completed her service as Executive Director for the Board of Advisors of the Benjamin N. Cardozo School of Law's Data Law Initiative (CDLI).

Ms. Tadler continues to be recognized for her litigation prowess by prominent legal industry rating organizations. Ms. Tadler's most recent accolades include Band 1 (highest) recognition by Chambers and Partners' for E-Discovery; selection by Super Lawyers 2017 "Top 100 Lawyers in New York Metro Area"; Super Lawyers 2017 "Top 50 Women Lawyers in New York Metro Area"; Who's Who Legal Litigation: Leading Practitioner-E-Discovery (2017); and AV® Preeminent rating from Martindale Hubbell. The Legal 500 2016 rankings stated: "'Consummate professional' Ariana Tadler, who leads the E-Discovery unit [of Milberg LLP], is 'exceptional, clear and forceful, a giant in her field' ... 'able to navigate technical discovery issues at a very high level.'"

Ms. Tadler is a member of several legal industry associations, including: American Bar Association; American Bar Foundation (Fellow); American Association for Justice; Federal Bar Council; New York State Bar Association; National Association of Women Lawyers; New York Women's Bar Association; and The New York Inn of Court. Ms. Tadler is a fellow of the Litigation Counsel of America, an invitation-only trial lawyer honorary society that recognizes the country's top attorneys. She is also involved in various community and not-for-profit organizations and currently serves on the board of Mobilization for Justice for which she once served as Chair.

With gratitude for and in recognition of the many opportunities that have paved the way for her career growth and success, Ms. Tadler commits countless hours to mentoring others in their educational and professional pursuits. She is particularly focused on fostering education and career opportunities for women and underprivileged youth.

Ms. Tadler is also a Principal in Meta-e Discovery LLC, a data hosting, management and consulting company, which is the result of the spin-off of Milberg LLP's prior Litigation Support and Data Hosting services division that Ms. Tadler helped to build.

Ms. Tadler graduated from Hamilton College in 1989. In 1992, she received her J.D. from Fordham University School of Law, where she was the Articles and Commentary Editor of the Fordham Urban Law Journal, a member of the Moot Court Board, and the 1990 recipient of the American Jurisprudence Award in Criminal Law.

**MELISSA R. CLARK** has spent more than a decade litigating complex and class action financial, privacy, and consumer cases.

Prior to joining Milberg LLP, Ms. Clark was an associate at a boutique firm in New York, where she was part of a securities litigation team that recovered several multimillion-dollar settlements on behalf of investors.

Her legal work experience also includes judicial externships with the Honorable Jerry Brown, Chief Judge of the United States Bankruptcy Court, Eastern District of Louisiana and the Honorable Jay C. Zainey of the United States District Court, Eastern District of

Louisiana. In addition, Ms. Clark clerked for the San Francisco District Attorney's Office.

Ms. Clark received her B.S. degree from Florida State University in 2004 and her J.D. from Tulane University in 2007. While at Tulane Law, Ms. Clark was a Senior Justice and Chairperson for the Moot Court Board and a Legal Research & Writing Senior Fellow.

She also studied for a semester at UC Berkeley-Boalt Hall, where she received high honors in Securities & Class Action Litigation and was a visiting member of the *California Law Review*.

Ms. Clark is an active member of the New York State Bar Association, where she serves on the Law, Youth & Citizenship Committee and Mock Trial subcommittee, and the American Bar Association, where she serves on the Professional Liability Committee as co-editor of the newsletter.

Ms. Clark is admitted to practice in the state of New York, the United States District Courts for the Southern, Eastern, and Western Districts of New York, and the United States Court of Appeals for the First Circuit. She was recognized as a New York Super Lawyers "Rising Star" each year from 2011-2017.

**HENRY KELSTON** received a B.S. degree, *cum laude*, from Tufts University in 1975, and a J.D. degree from New York University School of Law in 1978, where he was a member of the *Annual Survey of American Law*.

Mr. Kelston's practice is concentrated in the areas of complex litigation and electronic discovery. He has extensive experience in state and federal court litigation, administrative proceedings, and arbitrations. Mr. Kelston is a regular speaker and CLE presenter on electronic discovery. He is a member of The Sedona Conference® Working Group 1 on Electronic Document Retention and Production. Prior to joining Milberg LLP, he practiced at Proskauer Rose in New York and Siegel, O'Connor & Kainen in Connecticut.

Mr. Kelston is admitted in the United States District Courts for the Southern and Eastern Districts of New York and the District of Connecticut.

**ARVIND B. KHURANA** [No longer with the Firm.] received his B.A. from State University of New York at Albany in 1993, and a J.D. from St. John's University School of Law in 1999, *Dean's List Graduate*. While in law school, Mr. Khurana was on the Dean's List from 1995-1999 and a member of the *American Bankruptcy Institute Law Review*.

Mr. Khurana focuses his practice primarily on class actions on behalf of defrauded investors and consumers, as well as complex commercial litigation. Prior to joining Milberg LLP in August 2005, Mr. Khurana worked as an associate with a major international law firm in New York, concentrating in the area of complex commercial litigation.

Mr. Khurana is a member of the Federal Bar Council and admitted to practice in the state and federal courts of New York. He is also a member of the Firm's Diversity Committee.

**ANDREI RADO** focuses his practice on securities litigation, consumer class actions, and SEC whistleblower matters.

Since the passage of the Dodd-Frank Act in 2010, Mr. Rado has represented numerous whistleblowers before the commission under a program that rewards and protects whistleblowers that report violations of securities laws to the Securities and Exchange Commission. These involved a variety of complaints, including allegations of bribing foreign officials to gain business, accounting fraud, and consumer fraud, against a variety of companies diverse in size and business.

Mr. Rado's securities practice has included numerous complex litigations nationwide, including *In re Initial Public Offering Securities Litigation*, which alleged, in hundreds of consolidated cases then pending in the Southern District of New York, that investment banks manipulated the initial public offerings of hundreds of companies, and mutual fund timing cases alleging that mutual fund managers allowed select investors to profit by improperly timing their trading in fund shares.

Mr. Rado also investigates, launches, and litigates consumer class actions. These cases are as diverse as consumer fraud itself. Early in his

career, Mr. Rado litigated a case against jewelry company Zales for improperly denying credit-insurance claims made by unemployed and retired consumers, and a class action against computer maker Gateway for improperly understating in advertising the costs of internet access to consumers, some of whom incurred internet-access fees of hundreds of dollars. More recently, among other cases, Mr. Rado has launched and litigated consumer cases against companies that misled consumers by inflating the technical specifications of their products, and "all natural" food cases, including the first case alleging that products made from genetically modified organisms (GMOs) should not be advertised as natural.

Mr. Rado is editor of Milberg's consumer blog classactioncentral.com

Prior to joining Milberg, Mr. Rado worked as an attorney at a New York City-based investment bank focusing on compliance, with rules and regulations relating to re-sales of control and restricted securities under the Securities Act of 1933. Mr. Rado also worked at another prominent New York City law firm specializing in plaintiffs' securities class action litigation.

Mr. Rado received his Juris Doctor degree from St. John's University School of Law, *cum laude*, in 1999. While in law school, Mr. Rado served as a senior member of the *New York International Law Review*. He is admitted to practice in the courts of the State of New York, as well as the United States District Court for the Southern District of New York. Mr. Rado was born in Bucharest Romania, and lived in Israel for several years before immigrating to New York in the early 80s.

**ROBERT A. WALLNER** received his B.A. degree from the University of Pennsylvania in 1976 graduating *magna cum laude*. He attended New York University School of Law, earning his J.D. degree in 1979. He was elected to the law school's Order of the Coif and served as an editor of the *New York University Law Review*.

Mr. Wallner has litigated complex securities, consumer and antitrust class actions throughout the country. He has represented plaintiffs in lawsuits arising out of the Madoff Ponzi scheme, including the court-appointed

litigation trustee of two Madoff "feeder funds." He has also represented investors in *In re Merck & Co., Inc. Securities Litigation* (D.N.J.), which resulted in a $1.062 billion recovery, *In re Initial Public Offering Securities Litigation* (S.D.N.Y), *In re CMS Energy Corporation Securities Litigation* (E.D. Mich.), and *In re Deutsche Telekom AG Securities Litigation* (S.D.N.Y.), and consumers in *In re Synthroid Marketing Litigation* (N.D. Ill.) and the *Mercedes-Benz Tire Litigation* (D.N.J.).

Mr. Wallner is a frequent lecturer on securities and complex litigation issues. He has served on the editorial board of *Securities Litigation Report*, as a faculty member of the American Bar Association's First Annual National Institute on Securities Litigation and Arbitration, and as a member of the Federal Courts Committee of the Association of the Bar of the City of New York. He has been recognized in Lawdragon's "100 Lawyers You Need to Know in Securities Litigation."

**PAUL J. ANDREJKOVICS** graduated from Union College, Schenectady, NY, in 1992, *Phi Beta Kappa*, *magna cum laude*, with a B.A. degree in political science. In 1995, Mr. Andrejkovics received his J.D. degree from Albany Law School.

Mr. Andrejkovics's practice concentrates on class action settlements and settlement administration. He was admitted as a member of the New York bar in 1996 and is admitted to practice before the United States District Court for the Northern, Southern, and Eastern Districts of New York.

**SANFORD P. DUMAIN** attended Columbia University where he received his B.A. degree in 1978. He graduated *cum laude* from Benjamin N. Cardozo School of Law of Yeshiva University in 1981.

Mr. Dumain represents plaintiffs in cases involving securities fraud, consumer fraud, insurance fraud, and violations of the antitrust laws.

Mr. Dumain was co-lead counsel in *In re Tyco International Ltd., Securities Litigation* in which $3.2 billion were recovered for investors. Mr. Dumain also served as lead counsel in the securities class actions against Nortel and Biovail, which are the highest and third highest

18

recoveries ever in cases involving Canadian companies. The *Nortel* settlement was valued at over $1 billion and *Biovail* settled for over $138 million in cash. Mr. Dumain successfully represented the City of San Jose, California against 13 of the City's broker-dealers and its outside accountants in connection with major losses in unauthorized bond trading.

Mr. Dumain began his career as a law clerk to Judge Warren W. Eginton, United States District Court for the District of Connecticut 1981-1982. During the early years of his practice, he also served as an Adjunct Instructor in Legal Writing and Moot Court at Benjamin N. Cardozo School of Law.

Mr. Dumain has lectured for ALI-CLE concerning accountants' liability and has prosecuted several actions against accounting firms.

Judge Janet C. Hall of the District of Connecticut made the following comment in *In re Fine Host Corporation Securities Litigation* No. 97-2619 (D. Conn.): "The court also finds that the plaintiff class received excellent counseling, particularly from the Chair of the Plaintiffs' Executive Committee, Attorney Dumain."

Mr. Dumain is admitted to practice in the State of New York, United States District Court for the Southern, Eastern, and Western Districts of New York, District of Colorado, and District of Connecticut, and United States Courts of Appeals for the First, Second, Third, Sixth, Seventh, and Eighth Circuits.

**ELIZABETH MCKENNA** is Senior Counsel with MTPG and has spent almost 20 years as a litigator. She currently focuses her practice on complex and class action consumer protection and privacy cases, as well as antitrust cases involving price-fixing, unlawful monopolization, and other anticompetitive practices. Ms. McKenna also represents defrauded individuals and institutional investors in class and other representative actions involving complex financial issues.

Ms. McKenna was part of the team appointed co-lead counsel for Indirect Purchaser Plaintiffs in *in re Fresh & Process Potatoes Antitrust Litig.*, No. 4:10-md-2186 (D. Idaho), as well as *In re Processed Egg Products Antitrust Litig.*, No. 2:08-md-2002 (E.D. Pa.).

Prior to joining Milberg, Ms. McKenna worked as an attorney in the New York office of Healy & Baillie, LLP (now part of Blank Rome LLP), where she practiced commercial litigation, as well as admiralty and maritime law.

Ms. McKenna graduated from Columbia University in 1991 with a B.A. degree in English, and a J.D. degree from Fordham Law School in 1998. While at Fordham, Ms. McKenna was a Stein Scholar in Public Interest Law & Ethics, a member of the Fordham Environmental Law Journal, and a Co-Director of the Fordham Student Sponsored Fellowship.

Ms. McKenna is admitted to practice in the state courts of New York and in the United States District Courts for the Southern and Eastern Districts of New York.

**CHARLES SLIDDERS** received his L.L.B. from Melbourne University in 1994, with honors, and his L.L.M. from Monash University in 2002. Mr. Slidders is an experienced commercial litigator with almost fifteen years of litigation experience. Prior to joining Milberg in 2008, Mr. Slidders was the principal and founding partner of one of Melbourne, Australia's premier boutique commercial litigation firms. He has frequently appeared in Australia's mainstream media in relation to his legal work.

Mr. Slidders has significant experience in plaintiffs' and class action litigation. He has acted in all facets of complex litigation before state and federal courts and has also argued before federal Circuit Courts. He has significant expertise in antitrust, securities, and privacy law, and consumer fraud legislation.

Mr. Slidders has also been influential in shaping the law in Australia. He precipitated the retrospective amendment of Victoria's domestic building laws after finding a loophole in the legislation that he successfully litigated before the Supreme Court of Victoria. He also initiated one of Australia's largest multiparty claims alleging breach of fiduciary duties by property developers.

Mr. Slidders is admitted to the bar of New York and is admitted to practice law in Victoria, Australia.

EXHIBIT D

*In re ARIAD Pharmaceuticals, Inc. Securities Litigation*
Case No. 1:13-cv-12544-WGY (D. Mass.)

**MILBERG LLP**

**LITIGATION EXPENSE FUND**

Inception through and including March 15, 2018

| *CONTRIBUTIONS:* | | *TOTALS* |
|---|---|---|
| Bernstein Litowitz Berger & Grossmann LLP | | $36,000.00 |
| Labaton Sucharow LLP | | $36,000.00 |
| Milberg LLP | | $20,000.00 |
| *TOTAL CONTRIBUTIONS* | | **$92,000.00** |
| | | |
| *EXPENSES INCURRED BY THE LITIGATION EXPENSE FUND:* | | |
| **Experts** | | $135,093.00 |
| **Market Efficiency/Damages/Loss Causation/Plan of Allocation** | | |
| Global Economics | $92,485.00 | |
| **Insider Trading** | | |
| Hasan Nejat Seyhum | $38,543.00 | |
| **FDA FOIA Request** | | |
| Benjamin L. England & Associates, LLC | $2,065.00 | |
| **Damages/Loss Causation** | | |
| Financial Market Analysis | $2,000.00 | |
| | | |
| **Appellate Services** | | |
| Z & J LLC dba AppealTech | | $7,969.08 |
| | | |
| **Court Reporting/Transcripts** | | |
| Richard H. Romanow RHR | | $114.75 |
| | | |
| *TOTAL EXPENSES OF LITIGATION EXPENSE FUND* | | **$143,176.83** |
| | | |
| *BALANCE REMAINING IN LITIGATION EXPENSE FUND AS OF APRIL 5, 2018* | | **-$51,176.83** |