# EXHIBIT 7

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE ARIAD PHARMACEUTICALS, | )   No. 1:13-cv-12544 (WGY) |
| INC. SECURITIES LITIGATION | ) |

**DECLARATION OF STEVEN J. BUTTACAVOLI IN SUPPORT OF**
**PLAINTIFFS' CO-LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS'**
**FEES AND PAYMENT OF LITIGATION EXPENSES FILED ON BEHALF OF**
**BERMAN TABACCO**

Steven J. Buttacavoli declares as follows:

1.      I am a partner with the law firm of Berman Tabacco, local counsel to Plaintiffs in above-captioned action (the "Action").  I am a member in good standing of the Bar of the Commonwealth of Massachusetts and the United States District Court for the District of Massachusetts.  I submit this declaration in support of Plaintiffs' Co-Lead Counsel's application for an award of attorneys' fees in connection with services rendered in the Action, as well as for payment of litigation expenses in connection with the Action.  I have personal knowledge of the facts set forth herein and, if called upon, could and would testify thereto.

2.      Berman Tabacco acted as local counsel to Plaintiffs in the Action.   In this capacity, my firm assisted Co-Lead Counsel by ensuring that Plaintiffs' filings and conduct adhered to the Local Rules of this Court, advised on litigation strategy, provided analysis and comment on briefing filed in this Court and in the United States Court of Appeals for the First Circuit, attended court hearings, and provided other assistance throughout the course of the Action as requested by Co-Lead Counsel.

3.      The schedule attached hereto as Exhibit A is a detailed summary indicating the amount of time spent by attorneys and professional support staff employees of my firm in the Action, and the lodestar calculation for those individuals based on my firm's current hourly rates. For personnel who are no longer employed by my firm, the lodestar calculation is based upon the

hourly rates for such personnel in his or her final year of employment by my firm. The schedule was prepared from contemporaneous daily time records regularly prepared and maintained by my firm. Time expended on the Action after January 19, 2018 (the date the Settlement was preliminarily approved by the Court), and all time expended on this application for fees and expenses, has not been included in this request.

4.      The hourly rates for the attorneys and professional support staff in my firm included in Exhibit A are their customary rates; my firm's hourly rates have been accepted in other securities litigation.

5.      The total number of hours reflected in Exhibit A from inception through and including January 19, 2018, is 125.0. The total lodestar reflected in Exhibit A for that period is $99,126.50, consisting of $95,304.00 for attorneys' time and $3,822.50 for professional support staff time.

6.      My firm's lodestar figures are based upon the firm's hourly rates, which rates do not include charges for expense items. Expense items are billed separately and such charges are not duplicated in my firm's hourly rates.

7.      As detailed in Exhibit B, my firm is seeking payment for a total of $2,241.35 in expenses in connection with the prosecution of this Action through March 15, 2018.

8.      The litigation expenses reflected in Exhibit B are the actual expenses or reflect "caps" based on the application of the following relevant criteria:

        (a)      Internal Copying – Charged at $0.10 per page.

        (b)      On-Line Research – Charges reflected are for out-of-pocket payments to the vendors for research done in connection with this litigation. On-line research is billed to each case based on actual usage at a set charge by the vendor.

9.      The litigation expenses in this Action are reflected on the books and records of

my firm.  These books and records are prepared from expense vouchers, check records and other source materials and are an accurate record of the expenses.

10.    With respect to the standing of my firm, attached hereto as Exhibit C is a brief biography of my firm and the attorneys in my firm who were involved in this Action.

I declare, under penalty of perjury, that the foregoing facts are true and correct.  Executed on the 29th day of March, 2018.

_____/s/ Steven J. Buttacavoli_____
Steven J. Buttacavoli

**EXHIBIT A**

*In re ARIAD Pharmaceuticals, Inc. Securities Litigation*
Case No. 1:13-cv-12544-WGY (D. Mass.)

**BERMAN TABACCO**

**TIME REPORT**

Inception through and including January 19, 2018

| NAME | HOURS | HOURLY RATE | LODESTAR |
|---|---|---|---|
| **Partners** | | | |
| Buttacavoli, Steven | 28.10 | $725 | $20,372.50 |
| DeValerio, Glen | 51.30 | $895 | $45,913.50 |
| Donovan-Maher, Kathleen | 10.60 | $875 | $9,275.00 |
| Stern, Leslie | 14.80 | $860 | $12,728.00 |
| | | | |
| **Associates** | | | |
| Andrews, Daryl | 11.50 | $610 | $7,015.00 |
| | | | |
| **Paralegals** | | | |
| Beaulieu, Karen | 2.50 | $375 | $937.50 |
| Becker, Kathy | 0.70 | $350 | $245.00 |
| Scarsciotti, Jeannine | 5.50 | $480 | $2,640.00 |
| | | | |
| **TOTAL** | | | **$99,126.50** |

**EXHIBIT B**

*In re ARIAD Pharmaceuticals, Inc. Securities Litigation*
Case No. 1:13-cv-12544-WGY (D. Mass.)

<u>**BERMAN TABACCO**</u>

**EXPENSE REPORT**

Inception through and including March 15, 2018

| CATEGORY | AMOUNT |
|---|---|
| Long Distance Telephone/Conference Calls | $55.32 |
| Filing/Service Fees | $500.00 |
| On-Line Legal Research | $1,645.93 |
| Internal Copying | $23.30 |
| Local Work-Related Transportation | $16.80 |
| | |
| **TOTAL EXPENSES:** | **$2,241.35** |

**EXHIBIT C**

*In re ARIAD Pharmaceuticals, Inc. Securities Litigation*
Case No. 1:13-cv-12544-WGY (D. Mass.)

**<u>BERMAN TABACCO</u>**

**FIRM RÉSUMÉ**

(Attached)

# BERMAN TABACCO

**THE FIRM**

Berman Tabacco is a national law firm with 34 attorneys located in offices in Boston and San Francisco.  Since its founding in 1982, the firm has devoted its practice to complex litigation, primarily representing plaintiffs seeking redress under U.S. federal and state securities and antitrust laws.

Over the past three-and-a-half decades, Berman Tabacco's attorneys have prosecuted hundreds of class actions, recovering billions of dollars on behalf of the firm's clients and the classes they represented.  In addition to financial recoveries, the firm has achieved significant changes in corporate governance and business practices of defendant companies.  Indeed, the firm appears as among the firms with the most settlements on the list of the top 100 largest securities class actions in SCAS' published report, *Top 100 U.S. Class Action Settlements of All Time (as of 12/31/2017)*.  According to the most recent ISS Securities Class Action Services "Top 50 for 2015" report, Berman Tabacco was one of only six firms that recovered more than half-a-billion dollars for investors in 2015.[1]  It currently holds leadership positions in securities and antitrust cases around the country.

Berman Tabacco is rated AV® Preeminent™ by Martindale-Hubbell®.  The firm was recognized as a "Top Ten Plaintiffs' firm" for its work "on behalf of individuals and institutions who have suffered financial harm due to violations of securities or antitrust laws" by Benchmark Litigation in 2017 and 2018.[2]  The Legal 500 also recently ranked the firm as "recommended" in securities litigation in its 2017 U.S. edition (as well as ranking seven of the firm's attorneys in the same category). Additionally, Chambers USA Nationwide 2017 recognized the firm in the Securities Litigation – Mainly Plaintiff category.  Benchmark also ranked the firm as "Highly Recommended" – the seventh time the firm has received that distinction.   Berman Tabacco's lawyers are frequently singled out for favorable comments by our clients, presiding judges and opposing counsel.  For examples, please see:

### *SECURITIES PRACTICE*

Berman Tabacco has more than 36 years of experience in securities litigation and has represented public pension funds and other institutional investors in this area since 1998.  As reported by Cornerstone Research, the firm has successfully prosecuted some of the most significant shareholder class action lawsuits.[3]  Indeed, the firm appears as among the firms with the most

---

[1] ISS's report "lists the top 50 plaintiffs' law firms ranked by the total dollar value of the final class action settlements occurring in 2015 in which the law firm served as lead or co-lead counsel."  ISS Securities Class Action Services, *Top 50 for 2015* (May 2016).

[2] *See* https://www.benchmarklitigation.com/firms/berman-tabacco/f-195.

[3] Cornerstone Research, *Securities Class Action Filings*: *2011 Year in Review* (2012), at p. 23, *available at* http://securities.stanford.edu/research-reports/1996-2011/Cornerstone-Research-Securities-Class-Action-Filings-2011-YIR.pdf.

# BERMAN TABACCO

settlements on the list of the top 100 largest securities class actions in SCAS' published report, *Top 100 U.S. Class Action Settlements of All Time (as of 12/31/2017)*.  According to the most recent ISS Securities Class Action Services "Top 50 for 2015" report, Berman Tabacco was one of only six firms that recovered more than half-a-billion dollars for investors in 2015.[4]  SCAS similarly ranked the firm among the few that obtained over half-a-billion in settlements in 2004 and 2009, and ranked the firm 3rd in terms of settlement averages for class actions in 2009, 2010 and 4th in 2004 (SCAS ceased rankings according to settlement sizes in 2012).

Specifically, the firm has been appointed lead or co-lead counsel in more than 100 actions, recovering billions of dollars on behalf of defrauded investors and the classes they represent under the Private Securities Litigation Reform Act of 1995 ("PSLRA").  The firm has an extremely rigorous case-evaluation process and highly experienced litigation attorneys.  Its dismissal rate for cases brought under the PSLRA is less than half the overall dismissal rate for such cases according to one authoritative study.[5]

Berman Tabacco serves as monitoring, evaluation and/or litigation counsel to nearly 100 institutional investors, including statewide public employee retirement systems in more than 17 states, 14 public funds with more than $50 billion in assets, six of the 10 largest public pension plans in the country and 11 of the largest 20.[6]  For many institutional investors, the firm's services include electronically monitoring the client's portfolio for losses due to securities fraud in U.S. securities cases.

The firm provides portfolio monitoring, case evaluation and litigation services to its institutional clients, including the litigation of class and individual claims pursuant to U.S. federal and state securities laws, as well as derivative cases pursuant to state law.  The firm also offers institutional investors legal services in other areas, including (a) representing institutional investors in general commercial litigation; (b) representing institutional investors in their capacity as defendants in constructive fraudulent transfer cases; (c) negotiating resolution of disputes with money managers and custodians; and (d) pursuing shareholder rights, such as books and records demands and merger and acquisition cases.

---

[4] ISS's report "lists the top 50 plaintiffs' law firms ranked by the total dollar value of the final class action settlements occurring in 2015 in which the law firm served as lead or co-lead counsel."  ISS Securities Class Action Services, *Top 50 for 2015* (May 2, 2016).

[5]  Firm data reflects dismissal rates through present.  Overall dismissal rates come from *Securities Class Action Filings: 2017 Year in Review*, p. 15 (Cornerstone Research 2017),
https://www.cornerstone.com/Publications/Reports/Securities-Class-Action-Filings-2017-YIR.

[6] Based on an June 2017 query of the Standard & Poor's Money Market Directories, *www.mmdwebaccess.com*, whereby public pension funds were ranked according to defined benefit assets under management.  Actual valuation dates vary.

# BERMAN TABACCO

**RESULTS**

***SECURITIES SETTLEMENTS***

Examples of the firm's settlements include:

*Carlson v. Xerox Corp.*, No. 00-cv-1621 (D. Conn.).  Representing the Louisiana State Employees' Retirement System as co-lead counsel, Berman Tabacco negotiated a $750 million settlement to resolve claims of securities fraud against Xerox, certain top officers and its auditor KPMG LLP. When it received final court approval in January 2009, the recovery was the 10th largest securities class action settlement of all time.  The judge praised plaintiffs' counsel for obtaining "a very large settlement" despite vigorous opposition in a case complicated by an alleged fraud that "involved multiple accounting standards that touched on numerous aspects of a multinational corporation's business, implicated operating units around the world, and spanned five annual reporting periods. … [and] the rudiments of the accounting principles at issue in the case were complex, as were numerous other aspects of the case. … The class received high-quality legal representation and obtained a very large settlement in the face of vigorous opposition by highly experienced and skilled defense counsel."

*In re IndyMac Mortgage-Backed Litigation*, No. 09-cv-4583 (S.D.N.Y.).   Representing the Wyoming State Treasurer's Office and the Wyoming Retirement System as lead plaintiffs, Berman Tabacco achieved settlements totaling $346 million in a case regarding the securitization and sale of mortgage-backed securities ("MBS") by IndyMac Bank and related entities.  In February 2015, the court approved a $340 million settlement with six underwriters of IndyMac MBS offerings, adding to a previous $6 million partial settlement and making the total recovery one of the largest MBS class action settlements to date.  This settlement is extraordinary, not only because of its size but also because $340 million of the settlement amount was paid entirely by underwriters who had due diligence defenses.  In most other MBS cases, by contrast, plaintiffs were able to recover the settlement fund monies from the issuing entities, who are held to a strict liability standard for which there is no due diligence defense.  (The issuer in this action, IndyMac Bank, is no longer in existence.)

*In re Bristol-Myers Squibb Securities Litigation*, No. 02-cv-2251 (S.D.N.Y.).  Berman Tabacco represented the Fresno County Employees' Retirement Association and Louisiana State Employees' Retirement System as co-lead plaintiffs and negotiated a settlement of $300 million in July 2004.  At that time, the settlement was the largest by a drug company in a U.S. securities fraud case.

*In re The Bear Stearns Cos. Inc. Securities, Derivative and ERISA Litigation*, Master File No. 08-MDL No. 1963/08 Civ. 2793 (S.D.N.Y.)  Berman Tabacco acted as co-lead counsel for court-appointed lead plaintiff the State of Michigan Retirement Systems in this case arising from investment losses suffered in the Bear Stearns Companies' 2008 collapse. The firm negotiated $294.9 million in settlements, comprised of $275 million from Bear Stearns and $19.9 million from auditor Deloitte

# BERMAN TABACCO

& Touche LLP. The settlement received final approval November 9, 2012.  At the time, the settlement for $294.9 million represented one of the 40 largest securities class action settlements under the PSLRA.   This is particularly significant in light of the fact that no government entity had pursued actions or claims against Bear Stearns or its former officers and directors related to the same conduct complained of in the firm's action.

*In re El Paso Securities Litigation*, No. H-02-2717 (S.D. Tex.).   Representing the Oklahoma Firefighters Pension and Retirement System as co-lead plaintiff, Berman Tabacco helped negotiate a settlement totaling $285 million, including $12 million from auditors PricewaterhouseCoopers.  The court granted final approval of the settlement in March 2007.

*California Public Employees' Retirement System v. Moody's Corp.*, No. CGC-09-490241 (Cal. Super. Ct. San Francisco Cty.).  As lead counsel representing the California Public Employees' Retirement System (CalPERS), the firm negotiated a combined $255 million settlement with the credit rating agencies Moody's and Standard & Poor's to settle CalPERS' claim that "Aaa" ratings on three structured investment vehicles were negligent misrepresentations under California law. In addition to obtaining a substantial recovery for investment losses, this case was groundbreaking in that (a) the settlements rank as the largest known recoveries from Moody's and S&P in a private lawsuit for civil damages, and (b) it resulted in a published appellate court opinion finding that rating agencies can, in certain circumstances, be liable for negligent misrepresentations under California law for their ratings of privately-placed securities.

*In re Centennial Technologies Securities Litigation*, No. 97-cv-10304 (D. Mass.).  Berman Tabacco served as sole lead counsel in a class action involving a massive accounting scandal that shot down the company's high-flying stock.  Berman Tabacco negotiated a settlement that permitted a turnaround of the company and provided a substantial recovery for class members.  The firm negotiated changes in corporate practice, including strengthening internal financial controls and obtaining 37% of the company's stock for the class.  The firm also recovered $20 million from Coopers & Lybrand, Centennial's auditor at the time.  In addition, the firm recovered $2.1 million from defendants Jay Alix & Associates and Lawrence J. Ramaekers for a total recovery of more than $35 million for the class. The firm subsequently obtained a $207 million judgment against former Centennial CEO Emanuel Pinez.

*In re Digital Lightwave Securities Litigation*, No. 98-152-cv-T-24C (M.D. Fla.).  As co-lead counsel, Berman Tabacco negotiated a settlement that included changing company management and strengthening the company's internal financial controls.  The class received 1.8 million shares of freely tradable common stock that traded at just below $4 per share when the court approved the settlement.  At the time the shares were distributed to the members of the class, the stock traded at approximately $100 per share and class members received more than 200% of their losses after the payment of attorneys' fees and expenses.  The total value of the settlement, at the time of distribution, was almost $200 million.

# BERMAN TABACCO

*In re Lernout & Hauspie Securities Litigation*, No. 00-11589 (D. Mass.), and *Quaak v. Dexia, S.A.*, No. 03-11566 (D. Mass.).  In December 2004, as co-lead counsel, Berman Tabacco negotiated what was then the third-largest settlement ever paid by accounting firms in a securities class action – a $115 million agreement with the U.S. and Belgian affiliates of KPMG International.  The case stemmed from KPMG's work for Lernout & Hauspie Speech Products, a software company driven into bankruptcy by a massive fraud.  In March 2005, the firm reached an additional settlement worth $5.27 million with certain of Lernout & Hauspie's former top officers and directors.  In the related *Quaak* case, the firm negotiated a $60 million settlement with Dexia Bank Belgium to settle claims stemming from the bank's alleged role in the fraudulent scheme at Lernout & Hauspie.  The court granted final approval of the Dexia settlement in June 2007, bringing the total settlement value to more than $180 million.

*In re BP PLC Securities Litigation*, No. 10-md-2185 (S.D. Tex.).  The firm was co-lead counsel representing co-lead plaintiff Ohio Public Employees Retirement System.  Lead plaintiffs reached a $175 million settlement to resolve claims brought on behalf of a class of investors who purchased BP's American Depositary Shares ("ADS") between April 26, 2010 and May 28, 2010.  The action alleged that BP and two of its former officers made false and misleading statements regarding the severity of the Gulf of Mexico oil spill.  More specifically, plaintiffs alleged that BP misrepresented that its best estimate of the oil spill flow rate was from 1,000 to 5,000 barrels of oil per day, when internal BP estimates showed substantially higher potential flow rates.  On February 13, 2017, the court granted final approval of the settlement, ending more than six years of hard fought litigation that included extensive fact and expert discovery, multiple rounds of briefing on defendants' motions to dismiss, two rounds of briefing on class certification, a successful defense of BP's appeal of the district court's class certification decision and briefing on cross-motions for summary judgment.

*In re Fannie Mae 2008 Securities Litigation*, No. 08-cv-7831 (S.D.N.Y.). As co-lead counsel representing the Massachusetts Pension Reserves Investment Management Board, a co-lead plaintiff for the common stock class, Berman Tabacco helped negotiate a $170 million settlement with Fannie Mae.  To achieve the settlement, which was approved in March 2015, plaintiffs had to overcome the challenges posed by the federal government's placement of Fannie Mae into conservatorship and by the Second Circuit's upholding of dismissal of similar claims against Freddie Mac, Fannie Mae's sibling Government-Sponsored Enterprise.

*In re Symbol Technologies, Inc. Securities Litigation*, No. 2:02-cv-01383 (E.D.N.Y.).  Berman Tabacco represented the Louisiana Municipal Police Employees' Retirement System as co-lead plaintiff, obtaining a $139 million partial settlement in June 2004.  Subsequently, Symbol's former auditor, Deloitte & Touche LLP, agreed to pay $24 million, bringing the total settlement to $163 million.  The court granted final approval in September 2006.

*In re Prison Realty Securities Litigation*, No. 3:99-cv-0452 (M.D. Tenn.) (*In re Old CCA Securities Litigation*, No. 3:99-cv-0458).  The firm represented the former shareholders of Corrections Corporation of America, which merged with another company to form Prison Realty Trust, Inc.

# BERMAN TABACCO

The action charged that the registration statement issued in connection with the merger contained untrue statements. Overcoming arguments that the class' claims of securities fraud were released in prior litigation involving the merger, the firm successfully defeated the motions to dismiss. It subsequently negotiated a global settlement of approximately $120 million in cash and stock for this case and other related litigation.

*Oracle Cases*, Coordination Proceeding, Special Title (Rule 1550(b)) No. 4180 (Cal. Super. Ct. San Mateo Cty.). In this coordinated derivative action, Oracle Corporation shareholders alleged that the company's Chief Executive Officer, Lawrence J. Ellison, profited from illegal insider trading. Acting as co-lead counsel, the firm reached a settlement, pursuant to which Mr. Ellison would personally make charitable donations of $100 million over five years in Oracle's name to an institution or charity approved by the company and pay $22 million in attorneys' fees and expenses associated with the prosecution of the case. The innovative agreement, approved by a judge in December 2005, benefited Oracle through increased goodwill and brand recognition, while minimizing concerns that would have been raised by a payment from Mr. Ellison to the company, given his significant ownership stake. The lawsuit resulted in important changes to Oracle's internal trading policies that decrease the chances that an insider will be able to trade in possession of material, non-public information.

*In re International Rectifier Securities Litigation*, No. 07-cv-2544 (C.D. Cal.). As co-lead counsel representing the Massachusetts Laborers' Pension Fund, the firm negotiated a $90 million settlement with International Rectifier Corporation and certain top officers and directors. The case alleged that the company engaged in numerous accounting improprieties to inflate its financial results. The court granted final approval of the settlement in February 2010. At the settlement approval hearing, the Honorable John F. Walter, the presiding judge, praised counsel, stating: "I think the work by the lawyers – all the lawyers in this case – was excellent. … In this case, the papers were excellent. So it makes our job easier and, quite frankly, more interesting when I have lawyers with the skill of the lawyers that are present in the courtroom today who have worked on this case … the motion practice in this case was, quite frankly, very intellectually challenging and well done. … I've presided over this consolidated action since its commencement and have nothing but the highest respect for the professionalism of the attorneys involved in this case. … The fact that plaintiffs' counsel were able to successfully prosecute this action against such formidable opponents is an impressive feat."

*In re State Street Bank & Trust Co. ERISA Litigation*, No. 07-cv-8488 (S.D.N.Y.). The firm acted as co-lead counsel in this consolidated class action case, which alleged that defendant State Street Bank and Trust Company and its affiliate, State Street Global Advisors, Inc., (collectively, "State Street") breached their fiduciary duties under the Employee Retirement Income Security Act of 1974 ("ERISA") by failing to prudently manage the assets of ERISA plans invested in State Street fixed income funds during 2007. After well over a year of litigation, during which Berman Tabacco and its co-counsel reviewed approximately 13 million pages of documents and took more than 30 depositions, the parties negotiated an all-cash $89.75 million settlement, which received final approval in 2010.

# BERMAN TABACCO

*In re Philip Services Corp. Securities Litigation*, No. 98-cv-0835 (S.D.N.Y).  As co-lead counsel, Berman Tabacco negotiated settlements totaling $79.75 million with the bankrupt company's former auditors, top officers, directors and underwriters.  The case alleged that Philip Services and its top officers and directors made false and misleading statements regarding the company's publicly reported revenues, earnings, assets and liabilities. The district court initially dismissed the claims on grounds of *forum non conveniens*, but the firm successfully obtained a reversal by the United States Court of Appeals for the Second Circuit.  The court granted final approval of the settlements in March 2007.

*In re Reliant Securities Litigation*, No. 02-cv-1810 (S.D. Tex.).  As lead counsel representing the Louisiana Municipal Police Employees' Retirement System, the firm negotiated a $75 million cash settlement from the company and Deloitte & Touche LLP.  The settlement received final approval in January 2006.

*In re KLA-Tencor Corp. Securities Litigation*, No. 06-cv-04065 (N.D. Cal.).  Representing co-lead plaintiff Louisiana Municipal Police Employees' Retirement System, Berman Tabacco negotiated a $65 million agreement to settle claims that KLA-Tencor illegally backdated stock option grants, issued false and misleading statements regarding grants to key executives and inflated the company's financial results by understating expenses associated with the backdated options.  The court granted final approval of the settlement in 2008.  At the conclusion of the case, Judge Charles R. Breyer praised plaintiffs' counsel for "working very hard" in exchange for an "extraordinarily reasonable" fee, stating: "I appreciate the fact that you've done an outstanding job, and you've been entirely reasonable in what you've done.  Congratulations for working very hard on this."

*City of Brockton Retirement System v. Avon Products Inc.*, No. 11-cv-04665 (S.D.N.Y.).  As a member of the executive committee representing named plaintiffs City of Brockton Retirement System and Louisiana Municipal Police Employees' Retirement System, the firm negotiated a $62 million settlement.  The action alleged that Avon Products, Inc. violated federal securities laws by failing to disclose to investors the size and scope of the Company's violations of the Foreign Corrupt Practices Act of 1977 ("FCPA").  In response to Avon's piecemeal disclosures over the course of more than a year, which ultimately revealed the true extent of the FCPA violations, the company's stock lost nearly 20% of its pre-disclosure value.  This case was one of the very few successful securities cases premised on FCPA violations.

*Ehrenreich v. Witter*, No. 95-cv-6637 (S.D. Fla.).  The firm was co-lead counsel in this case involving Sensormatic Electronics Corp., which resulted in a settlement of $53.5 million.  When it as approved in 1998, the settlement was one of the largest class action settlements in the state of Florida.

*In re Thomas & Betts Securities Litigation*, No. 2:00-cv-2127 (W.D. Tenn.).  The firm served as co-lead counsel in this class action, which settled for more than $51 million in 2004.  Plaintiffs had

# BERMAN TABACCO

accused the company and other defendants of issuing false and misleading financial statements for 1996, 1997, 1998, 1999 and the first two quarters of 2000.

*In re Enterasys Networks, Inc. Securities Litigation*, No. C-02-071-M (D.N.H.).  Berman Tabacco acted as sole lead counsel in a case against Enterasys Networks, Inc., in which the Los Angeles County Employees Retirement Association was lead plaintiff.  The company settled in October 2003 for $17 million in cash, stock valued at $33 million and major corporate governance improvements that opened the computer networking company to greater public scrutiny. Changes included requiring the company to back a proposal to eliminate its staggered board of directors, allowing certain large shareholders to propose candidates to the board and expanding the company's annual proxy disclosures.  The settlement received final court approval in December 2003.

*Giarraputo v. UNUMProvident Corp.*, No. 2:99-cv-00301 (D. Me.).  As a member of the executive committee representing plaintiffs, Berman Tabacco secured a $45 million settlement in a lawsuit stemming from the 1999 merger that created UNUMProvident.  Shareholders of both predecessor companies accused the insurer of misleading the public about its business condition before the merger.  The settlement received final approval in June 2002.

*In re General Electric Co. Securities Litigation*, No. 09 Civ. 1951 (S.D.N.Y.).  The firm serves as Lead Counsel on behalf of the State Universities Retirement System of Illinois in a lawsuit against General Electric Co. and certain of its officers.  A settlement in the amount of $40 million was reached with all the parties.  The court approved the settlement on September 6, 2013.

*In re UCAR International, Inc. Securities Litigation*, No. 98-cv-0600 (D. Conn.).  The firm represented the Florida State Board of Administration as the lead plaintiff in a securities claim arising from an accounting restatement.  The case settled for $40 million cash and the requirement that UCAR appoint an independent director to its board of directors.  The settlement was approved in 2000.

*In re American Home Mortgage Securities Litigation*, No. 07-MD-1898 (E.D.N.Y.).  As co-lead counsel representing the Oklahoma Police Pension & Retirement System, the firm negotiated a $37.25 million settlement – including $4.75 million from auditors Deloitte & Touche and $8.5 million from underwriters – despite the difficulties American Home's bankruptcy posed to asset recovery.  The plaintiffs contended that American Home had failed to write down the value of certain loans in its portfolio, which declined substantially in value as the credit markets unraveled.  The settlement received final approval in 2010 and was distributed in 2011.

*In re Avant, Securities Litigation*, No. 96-cv-20132 (N.D. Cal.).  Avant!, a software company, was charged with securities fraud in connection with its alleged theft of a competitor's software code, which Avant! incorporated into its flagship software product.  Serving as lead counsel, the firm recovered $35 million for the class.  The recovery resulted in eligible class claimants receiving almost 50% of their losses after attorneys' fees and expenses.

# BERMAN TABACCO

*In re SmartForce PLC d/b/a SkillSoft Securities Litigation*, No. 02-cv-544 (D.N.H.).  Representing the Teachers' Retirement System of Louisiana as co-lead plaintiff, Berman Tabacco negotiated a $30.5 million partial settlement with SkillSoft.  Subsequently, the firm also negotiated an $8 million cash settlement with Ernst & Young Chartered Accountants and Ernst & Young LLP, SkillSoft's auditors at the time.  The settlements received final approval in September 2004 and November 2005, respectively.

*In re Sykes Enterprises, Inc. Securities Litigation*, No. 8:00-cv-212-T-26F (M.D. Fla.).  The firm represented the Florida State Board of Administration as co-lead plaintiff.  Sykes Enterprises was accused of using improper means to match the company's earnings with Wall Street's expectations.  The firm negotiated a $30 million settlement.

*In re Valence Securities Litigation*, No. 95-cv-20459 (N.D. Cal.).  Berman Tabacco served as co-lead counsel in this action against a Silicon Valley-based company for overstating its performance and the development of an allegedly revolutionary battery technology.  After the Ninth Circuit reversed the district court's decision to grant summary judgment in favor of defendants, the case settled for $30 million in Valence common stock.

*In re Sybase II, Securities Litigation*, No. 98-cv-0252-CAL (N.D. Cal.).  Sybase was charged with inflating its quarterly financial results by improperly recognizing revenue at its wholly owned subsidiary in Japan.  Acting as co-lead counsel, the firm obtained a $28.5 million settlement.

*In re Force Protection Inc. Securities Litigation*, No. 08-cv-845 (D.S.C.).  As co-lead counsel representing the Laborers' Annuity and Benefit System of Chicago, the firm negotiated a $24 million settlement in a securities class action against armored vehicle manufacturer Force Protection, Inc.  The settlement addressed the claims of shareholders who accused the company and its top officers of making false and misleading statements regarding financial results, failing to maintain effective internal controls over financial reporting and failing to comply with government contracting standards.

*In re Zynga Inc. Securities Litigation*, No. 12-cv-04007 (N.D. Cal.).  As co-lead counsel, the firm negotiated a $23 million recovery to settle claims against the company and certain of its officers.  The case alleged that the company and its highest-level officers falsely touted accelerated bookings and aggressive growth through 2012, while concealing crucial information that Zynga was experiencing significant declines in bookings for its games and upcoming Facebook platform changes that would negatively impact Zynga's bookings.  Then, while Zynga's stock was trading at near a class-period high, defendants obtained an early release from the IPO lock-up on their shares to enable them and a few other insiders to reap over $593 million in proceeds in a secondary offering of personally held shares.  The secondary offering was timed just three months before Zynga announced its dismal Q2 2012 earnings at the end of the class period, which caused Zynga's stock to plummet.  The court granted final approval of the settlement in February 2016.

# BERMAN TABACCO

*In re ICG Communications Inc. Securities Litigation*, No. 00-cv-1864 (D. Colo.).  As co-lead counsel representing the Strategic Marketing Analysis Fund, the firm negotiated an $18 million settlement with ICG Communications Inc.  The case alleged that ICG executives misled investors and misrepresented growth, revenues and network capabilities.  The court granted final approval of the settlement in January 2007.

*In re Critical Path, Inc. Securities Litigation*, No. 01-cv-0551 (N.D. Cal.).  The firm negotiated a $17.5 million recovery to settle claims of accounting improprieties at a California software development company.  Representing the Florida State Board of Administration, the firm was able to obtain this recovery despite difficulties arising from the fact that Critical Path teetered on the edge of bankruptcy.  The settlement was approved in June 2002.

*In re Sunrise Senior Living, Inc. Securities Litigation*, No. 07-cv-00102 (D.D.C.).  A federal judge granted final approval of a $13.5 million settlement between Oklahoma Firefighters Pension and Retirement System, represented by Berman Tabacco, and Sunrise Senior Living Inc.

*Hallet v. Li & Fung, Ltd.*, No. 95-cv-08917 (S.D.N.Y.).  Cyrk Inc. was charged with misrepresenting its financial results and failing to disclose that its largest customer was ending its relationship with the company.  In 1998, Berman Tabacco successfully recovered more than $13 million for defrauded investors.

*In re Warnaco Group, Inc. Securities Litigation*, No. 00-cv-6266 (S.D.N.Y.).  Representing the Fresno County Employees' Retirement Association as co-lead plaintiff, the firm negotiated a $12.85 million settlement with several current and former top officers of the company.

*Gelfer v. Pegasystems, Inc.*, No. 98-cv-12527 (D. Mass.).  As co-lead counsel, Berman Tabacco negotiated a settlement valued at $12.5 million, $4.5 million in cash and $7.5 million in shares of the company's stock or cash, at the company's option.

*Sand Point Partners, L.P. v. Pediatrix Medical Group, Inc.*, No. 99-cv-6181 (S.D. Fla.).  Berman Tabacco represented the Florida State Board of Administration, which was appointed co-lead plaintiff along with several other public pension funds.  The complaint accused Pediatrix of Medicaid billing fraud, claiming that the company illegally increased revenue and profit margins by improperly coding treatment rendered.  The case settled for $12 million on the eve of trial in 2002.

*In re Molten Metal Technology Inc. Securities Litigation*, No. 1:97-cv-10325 (D. Mass.), and *Axler v. Scientific Ecology Group, Inc.*, No. 1:98-cv-10161 (D. Mass.).  As co-lead counsel, Berman Tabacco played a key role in settling the actions after Molten Metal and several affiliates filed a petition for bankruptcy reorganization in Massachusetts.  The individual defendants and the insurance carriers in Molten Metal agreed to settle for $11.91 million.  After the bankruptcy, a trustee objected to the use of insurance proceeds for the settlement.  The parties agreed to pay

# BERMAN TABACCO

the trustee $1.325 million of the Molten Metal settlement.  The parties also agreed to settle claims against Scientific Ecology Group for $1.25 million, giving Molten Metal's investors $11.835 million.

*In re CHS Electronics, Inc. Securities Litigation*, No. 99-8186-CIV (S.D. Fla.).  The firm helped obtain an $11.5 million settlement for co-lead plaintiff Warburg, Dillon, Read, LLC (now UBS Warburg).

*In re Summit Technology Securities Litigation*, No. 96-cv-11589 (D. Mass.).  Berman Tabacco, as co-lead counsel, negotiated a $10 million settlement for the benefit of the class.

*In re Exide Corp. Securities Litigation*, No. 98-cv-60061 (E.D. Mich.).  Exide was charged with having altered its inventory accounting system to artificially inflate profits by reselling used, outdated or unsuitable batteries as new ones.  As co-lead counsel for the class, Berman Tabacco recovered more than $10 million in cash for class members.

*In re Fidelity/Micron Securities Litigation*, No. 95-cv-12676 (D. Mass.).  The firm recovered $10 million in cash for Micron investors after a Fidelity Fund manager touted Micron while secretly selling the stock.

*In re Par Pharmaceutical Securities Litigation*, No. 06-cv-03226 (D.N.J.).  As counsel for court-appointed plaintiff, the Louisiana Municipal Police Employees' Retirement System, Berman Tabacco obtained an $8.1 million settlement from the company and its former CEO and CFO, which the court approved in January 2013.  The case alleged that the company had misled investors about its accounting practices, including overstatement of revenues.

*In re Interspeed, Inc. Securities Litigation*, No. 00-cv-12090-EFH (D. Mass.).  Berman Tabacco served as co-lead counsel and negotiated a $7.5 million settlement on behalf of the class.  The settlement was reached in an early stage of the proceedings, largely as a result of the financial condition of Interspeed and the need to salvage a recovery from its available assets and insurance.

*In re Abercrombie & Fitch Co. Securities Litigation*, No. M21-83 (S.D.N.Y).  As a member of the executive committee in this case, the firm recovered more than $6 million on behalf of investors. The case alleged that the clothing company misled investors with respect to declining sales, which affected the company's financial condition.  The court granted final approval of the settlement in January 2007.

*In re WorldCom, Inc. Securities Litigation*, No. 02-cv-3288 (S.D.N.Y.).  As counsel to court-appointed bondholder representatives, the County of Fresno, California and the Fresno County Employees' Retirement Association, Berman Tabacco helped a team of lawyers representing the lead plaintiff, the New York State Common Retirement Fund, obtain settlements worth more than $6.13 billion.

# BERMAN TABACCO

### ANTITRUST PRACTICE

Berman Tabacco has a national reputation for our work prosecuting antitrust class actions involving price-fixing, market allocation agreements, patent misuse, monopolization and group boycotts among other types of anticompetitive conduct.  Representing clients ranging from Fortune 500 companies and public pension funds to individual consumers, the experienced senior attorneys in our Antitrust Practice Group have engineered substantial settlements and changed business practices of defendant companies, recovering more than $1 billion for our clients overall.

Berman Tabacco has played a major role in the prosecution of numerous landmark antitrust cases.  For example, the firm was lead counsel in the Toys "R" Us litigation, which developed the antitrust laws with respect to "hub and spoke" conspiracies and resulted in a $56 million settlement.  Berman Tabacco brought the first action centered on so-called "reverse payments" between a brand name drug maker and a generic drug maker, resulting in an $80 million settlement from the drug makers, which had been accused of keeping a generic version of their blood pressure medication off the market.

The firm's victories for victims of antitrust violations have come at the trial court level and also through landmark appellate court victories, which have contributed to shaping private enforcement of antitrust law.  For example, in the Cardizem CD case, Berman Tabacco was co-lead counsel representing health insurer Aetna in an antitrust class action and obtained a pioneering ruling in the federal court of appeals regarding the "reverse payment" by a generic drug manufacturer to the brand name drug manufacturer.  In a first of its kind ruling, the appellate court held that the brand name drug manufacturer's payment of $40 million per year to the generic company for the generic to delay bringing its competing drug to market was a *per se* unlawful market allocation agreement. Today that victory still shapes the ongoing antitrust battle over competition in the pharmaceutical market.

In the firm's case against diamond giant De Beers, the Third Circuit, sitting *en banc*, vacated an earlier panel decision and upheld the certification of a nationwide settlement class, removing the last obstacle to final approval of a historic $295 million settlement.  The Third Circuit's important decision provides a roadmap for obtaining settlement class certification in complex, nationwide class actions involving laws of numerous states.

In 2016, the firm won reversal of a grant of summary judgment for defendant automakers in a group boycott-conspiracy case involving the export of new motor vehicles from Canada to the U.S.  The California Court of Appeal found that plaintiffs had presented evidence of "patently anticompetitive conduct" with evidence gathered in the pre-trial phase, which was powerful enough to go to a jury.  The ruling is a rare example of an appellate court analyzing and reversing a trial court's evidentiary rulings to find evidence of a conspiracy.

# Berman Tabacco

Today the firm currently holds leadership positions in significant antitrust class actions around the country, including as co-lead counsel in *In re Lithium Ion Batteries Antitrust Litigation*, and is actively representing major public pension funds in prosecuting price-fixing in the financial derivatives and commodities markets in the Euribor, Yen LIBOR, Foreign Currency Exchange and Canadian Dollar Offered Rate actions.

While the majority of antitrust cases settle, our attorneys have experience taking antitrust class actions to trial. Because we represent only plaintiffs in antitrust matters, we do not have the conflicts of interest of other national law firms that represent both plaintiffs and defendants. Our experience also allows us to counsel medium and larger-sized corporations considering whether to participate as a class member or opt-out and pursue an individual strategy.

**RESULTS**

***ANTITRUST SETTLEMENTS***

Over the past two-and-a-half decades, Berman Tabacco has actively prosecuted scores of complex antitrust cases that led to substantial settlements for its clients.  These include:

*In re NASDAQ Market-Makers Antitrust Litigation*, No. 94-cv-3996 (S.D.N.Y).  The firm played a significant role in one of the largest antitrust settlements on record in a case that involved alleged price-fixing by more than 30 NASDAQ Market-Makers on about 6,000 NASDAQ-listed stocks over a four-year period.  The settlement was valued at nearly $1 billion.

*In re Foreign Currency Conversion Fee Antitrust Litigation*, MDL No. 1409 (S.D.N.Y.).  Berman Tabacco, as head of discovery against defendant Citigroup Inc., played a key role in reaching a $336 million settlement.  The agreement settled claims that the defendants, which include the VISA, MasterCard and Diners Club networks and other leading bank members of the VISA and MasterCard networks, violated federal and state antitrust laws in connection with fees charged to U.S. cardholders for transactions effected in foreign currencies.

*In re DRAM Antitrust Litigation*, No. M:02-cv-01486 (N.D. Cal.).  As liaison counsel, the firm actively participated in this multidistrict litigation, which ultimately resulted in significant settlements with some of the world's leading manufacturers of Dynamic Random Access Memory (DRAM) chips.  The defendant chip-makers allegedly conspired to fix prices of the DRAM memory chips sold in the United States during the class period.  The negotiated settlements totaled nearly $326 million.

*Sullivan v. DB Investments, Inc.*, No. 04-02819 (D.N.J.).  Berman Tabacco represents a class of diamond resellers, such as diamond jewelry stores, in this case alleging that the De Beers group of companies unlawfully monopolized the worldwide supply of diamonds in a scheme to overcharge resellers and consumers. In May 2008, a federal judge approved the settlement, which included a cash payment to class members of $295 million, an agreement by De Beers to

# BERMAN TABACCO

submit to the jurisdiction of the United States court to enforce the terms of the settlement and a comprehensive injunction limiting De Beers' ability to restrict the worldwide supply of diamonds in the future. This case is significant not only because of the large cash recovery but also because previous efforts to obtain jurisdiction over De Beers in both private and government actions had failed.  On August 27, 2010, the United States Court of Appeals for the Third Circuit agreed to hear arguments over whether to uphold the district court's certification of the settlement class.  By agreeing to schedule an *en banc* appeal before the full court, the Third Circuit vacated a July 13, 2010 ruling by a three-judge panel of the appeals court that, in a 2-to-1 decision, had ordered a remand of the case back to the district court, which may have required substantial adjustments to the original settlement.  On February 23, 2011, the Third Circuit, sitting *en banc*, again heard oral argument from the parties.  On December 20, 2011, the *en banc* Third Circuit handed down its decision affirming the district court in all respects.

*In re Sorbates Direct Purchaser Antitrust Litigation*, No. C 98-4886 CAL (N.D. Cal.).  The firm served as lead counsel alleging that six manufacturers of Sorbates, a food preservative, violated antitrust laws through participation in a worldwide conspiracy to fix prices and allocations to customers in the United States.  The firm negotiated a partial settlement of $82 million with four of the defendants in 2000.  Following intensive pretrial litigation, the firm achieved a further $14.5 million settlement with the two remaining defendants, Japanese manufacturers, in 2002.  The total settlement achieved for the class was $96.5 million.

*In re Disposable Contact Lens Antitrust Litigation*, MDL No. 1030 (M.D. Fla.).  The firm acted as co-lead counsel and chief trial counsel.  Representing both a national class and the State of Florida, the firm helped secure settlements from defendants Bausch & Lomb and the American Optometric Association before trial and from Johnson & Johnson after five weeks of trial.  The settlements were valued at more than $92 million and also included significant injunctive relief to make disposable contact lenses available at more discount outlets and more competitive prices.

*In re Cardizem CD Antitrust Litigation*, No. 99-01278 (E.D. Mich.).  In another case involving generic drug competition, Berman Tabacco, as co-lead counsel, helped secure an $80 million settlement from French-German drug maker Aventis Pharmaceuticals and the Andrx Corporation of Florida.  The payment to consumers, state agencies and insurance companies settled claims that the companies conspired to prevent the marketing of a less expensive generic version of the blood pressure medication Cardizem CD.  The state attorneys general of New York and Michigan joined the case in support of the class.  The firm achieved a significant appellate victory in a first of its kind ruling that the brand name drugmaker's payment of $40 million per year for the generic company to delay bringing its generic version of blood-pressure medication Cardizem CD to market constituted an agreement not to compete that is a *per se* violation of the antitrust laws.

*In re Toys "R" Us Antitrust Litigation*, MDL No. 1211 (E.D.N.Y.).  The California office negotiated a $56 million settlement to answer claims that the retailer violated laws by colluding to cut off or limit supplies of popular toys to stores that sold the products at lower prices.  The case developed

# BERMAN TABACCO

the antitrust laws with respect to a "hub and spoke" conspiracy, where a downstream power seller coerces upstream manufacturers to the detriment of consumers.  One component of the settlement required Toys "R" Us to donate $36 million worth of toys to needy children throughout the United States over a three-year period.

*In re Reformulated Gasoline (RFG) Antitrust and Patent Litigation*, MDL No. 05-1671 (C.D. Cal.).  Berman Tabacco, as one of four co-lead counsels in the case, negotiated a $48 million settlement with Union Oil Company and Unocal.  The agreement settled claims that the defendants manipulated the California gas market for summertime reformulated gasoline and increased prices for consumers.  The settlement is noteworthy because it delivers to consumers a combination of clean air benefits and the prospect of funding for alternative fuel research.  The settlement received final court approval in November 2008.

*In re Abbott Laboratories Norvir Antitrust Litigation*, Nos. 04-1511, 04-4203 (N.D. Cal.).  Berman Tabacco acted as co-lead counsel in a case on behalf of indirect purchasers alleging that the defendant pharmaceutical company engaged in an illegal leveraged monopoly in the sale of its AIDS boosting drug known as Norvir (or Ritanovir).  Plaintiffs were successful through summary judgment, including the invalidation of two key patents based on prior art, but were reversed on appeal in the Ninth Circuit as to the leveraged monopoly theory.  The case settled for $10 million, which was distributed net of fees and costs on a *cy pres* basis to 10 different AIDS research and charity organizations throughout the United States.

*Automotive Refinishing Paint Antitrust*, J.C.C.P. No. 4199 (Cal. Super. Ct.).  In this class action, indirect purchaser-plaintiffs brought suit in California State Court against five manufacturers of automotive refinishing coatings and chemicals alleging that they violated California law by unlawfully conspiring to fix paint prices.  Settlements were reached with all defendants totaling $9.4 million, 55% of which was allocated among an End-User Class consisting of consumers and distributed on a *cy pres*, or charitable, basis to thirty-nine court-approved organizations throughout California, and the remaining 45% of which was distributed directly to a Refinishing Class consisting principally of auto-body shops located throughout California.

**LEADERSHIP ROLES**

The firm currently acts as lead or co-lead counsel in high-profile securities and antitrust class actions and also represents investors in individual actions, ERISA cases and derivative cases.

The following is a representative list of active class action cases in which the firm serves as lead or co-lead counsel or as executive committee member.

- *Massachusetts Laborers' Pension Fund v. Wells Fargo & Co., et al.*, C.A. No. 12997-VCG (Del. Ch. Ct.).  Counsel for Massachusetts Laborers' Pension Fund and the Employees' Retirement System of the City of Providence in action under Section 220 of the Delaware General Corporation Law in order to evaluate whether the facts support a derivative suit

# BERMAN TABACCO

on behalf of Wells Fargo against its officers and directors for breaches of their fiduciary duties.

- *Ohio Public Employees Retirement System v. BP America, Inc.*, No. 12-cv-01837 (S.D. Tex.). Counsel for plaintiffs in individual action.

- *In re Digital Domain Media Group, Inc. Securities Litigation*, No. 12-14333-CIV (S.D. Fla.). Co-lead Counsel.

- *Sullivan v. Barclays PLC*, No. 13-cv-2811 (S.D.N.Y.). Counsel for plaintiffs and represents California State Teachers' Retirement System.

- *Laydon v. Mizuho Bank, Ltd.*, No. 1:12-cv-03419 (GBD) (S.D.N.Y.), and *Sonterra Capital Master Fund, Ltd. v. UBS AG*, No. 1:15-cv-05844 (GBD) (S.D.N.Y.) Counsel for plaintiffs and represents California State Teachers' Retirement System and Oklahoma Police Pension and Retirement System.

- *Trabakoolas v. Watts Water Technologies, Inc.*, No. 4:12-cv-01172-YGR (N.D. Cal.). Liaison Counsel and member of Plaintiffs' Steering Committee.

- *In re Lithium Ion Batteries Antitrust Litigation*, No. 13-md-2420-YGR (N.D. Cal.). Co-Lead Counsel.

- *Carlin v. DairyAmerica, Inc.*, No. 09-cv-00430 (E.D. Cal.). Member of the Interim Executive Committee and Liaison Counsel.

- *Automobile Antitrust Cases I and II*, Coordination Proceeding Nos. 4298 and 4303 (Cal. Super. Ct. San Francisco Cty.). Counsel for Plaintiffs.

**TRIAL EXPERIENCE**

The firm has significant experience taking class actions to trial. Over the years, Berman Tabacco's attorneys have tried cases against pharmaceutical companies in courtrooms in New York and Boston, a railroad conglomerate in Delaware, one of the nation's largest trustee banks in Philadelphia, a major food retailer in St. Louis and the top officers of a failed New England bank.

The firm has been involved in more trials than most of the firms in the plaintiffs' class action bar. Our partners' trial experience includes:

- *MAZ Partners, LP v. Bruce A. Shear, et al.*, No. 1:11-cv-11049-PBS (D. Mass.). After two-week trial in 2017 in this breach of fiduciary class action, jury verdict for plaintiffs but no damage award. Following post-trial briefing, court exercised its equitable power and ordered $3 million award by defendant.

# Berman Tabacco

- *Conway v. Licata*, No. 13-12193 (D. Mass.).  2015 jury verdict for defendants (firm's client) after two-week trial on the vast majority of counts, awarding the plaintiffs a mere fraction of the damages sought.  Jury also returned a verdict for defendants on one of their counterclaims.

- *In re MetLife Demutualization Litigation*, No. 00-Civ-2258 (E.D.N.Y.).  This case settled for $50 million after the jury was empaneled.

- *White v. Heartland High-Yield Municipal Bond Fund*, No. 00-C-1388 (E.D. Wis.).   firm attorneys conducted three weeks of a jury trial against final defendant, PwC, before a settlement was reached for $8.25 million.  The total settlement amount was $23.25 million.

- *In re Disposable Contact Lens Antitrust Litigation*, MDL No. 1030 (M.D. Fla.).  Settled for $60 million with defendant Johnson & Johnson after five weeks of trial.

- *Gutman v. Howard Savings Bank*, No. 2:90-cv-02397 (D.N.J.).  Jury verdict for plaintiffs after three weeks of trial in individual action.  The firm also obtained a landmark opinion allowing investors to pursue common law fraud claims arising out of their decision to retain securities as opposed to purchasing new shares.  *See Gutman v. Howard Savings Bank*, 748 F. Supp. 254 (D.N.J. 1990).

- *Hurley v. Federal Deposit Insurance Corp.*, No. 88-cv-940 (D. Mass.).  Bench verdict for plaintiffs.

- *Levine v. Fenster*, No. 2-cv-895131 (D.N.J.).  Plaintiffs' verdict of $3 million following four-week trial.

- *In re Equitec Securities Litigation*, No. 90-cv-2064 (N.D. Cal.).  Parties reached a $35 million settlement at the close of evidence following five-month trial.

- *In re ICN/Viratek Securities Litigation*, No. 87-cv-4296 (S.D.N.Y.).  Hung jury with 8-1 vote in favor of plaintiffs; the case eventually settled for over $14.5 million.

- *In re Biogen Securities Litigation*, No. 94-cv-12177 (D. Mass.).  Verdict for defendants.

- *Upp v. Mellon*, No. 91-5219 (E.D. Pa.).  In this bench trial, tried through verdict in 1992, the court found for a class of trust beneficiaries in a suit against the trustee bank and ordered disgorgement of fees. The Third Circuit later reversed based on lack of jurisdiction.

# BERMAN TABACCO

**SELECTED ATTORNEYS**

*Partners*

**STEVEN J. BUTTACAVOLI**

A partner in the firm's Boston office, Steven J. Buttacavoli focuses his practice on securities litigation.

At Berman Tabacco, Mr. Buttacavoli is an integral member of the litigation team representing co-lead plaintiff in *In re BP p.l.c. Securities Litigation*, where he has assisted in drafting the amended complaint, drafting the opposition to defendants' motion to dismiss, drafting plaintiffs' motion for class certification, drafting summary judgment and *Daubert* briefs, and led fact and expert discovery efforts in this matter.  A $175 million settlement has been reached, subject to final approval by the court.  Mr. Buttacavoli also represents four Ohio pension funds in connection with a separate, individual action filed against BP in connection with the funds' purchase of BP ordinary shares on the London Stock Exchange.  He also helped coordinate lead plaintiff's investigation and analysis of securities fraud claims against the General Electric Co., drafted the consolidated amended complaint in a class action against the company, drafted lead plaintiff's opposition to defendants' motions to dismiss and subsequent briefing with the court and conducted discovery in that matter, which settled for $40 million in 2013.  Mr. Buttacavoli also helped coordinate lead plaintiff's investigation and analysis of securities fraud claims against the former top executives of BankUnited, drafted the consolidated amended complaint and opposition to defendants' motions to dismiss and drafted materials prepared in connection with the mediation and settlement of *In re BankUnited Securities Litigation*.  In addition, Mr. Buttacavoli advises whistleblowers in connection with the reporting of potential securities violations to the U.S. Securities and Exchange Commission and has advised numerous clients regarding potential claims involving custodian banks' foreign currency exchange pricing practices.

Prior to joining Berman Tabacco in 2009, Mr. Buttacavoli worked as an associate at Foley Hoag LLP in Boston, where he defended securities class actions and U.S. Securities and Exchange Commission enforcement actions, conducted internal investigations, responded to criminal investigations by the United States Attorney's Office and advised clients in connection with litigation risk analysis and mitigation strategies.

Mr. Buttacavoli earned an A.B. in International Relations from the College of William & Mary and a Master of Public Policy degree from Georgetown University.  In 2001, he earned his J.D., *magna cum laude,* from the Georgetown University Law Center, where he was a member of the Order of the Coif.  Mr. Buttacavoli was also a Senior Articles and Notes Editor for the *American Criminal Law Review.*

# BERMAN TABACCO

In 2017, Mr. Buttacavoli was ranked as a Recommended Attorney in Securities Litigation by The Legal 500.  He is admitted to practice in the state and federal courts of the Commonwealth of Massachusetts and the United States Courts of Appeals for the First, Third and Fifth Circuits.

**KATHLEEN M. DONOVAN-MAHER**

Kathleen M. Donovan-Maher is a member of the firm's Executive Committee and manages the Boston office.  She became a partner at Berman Tabacco in 1999 and, in addition to managing the firm, she focuses her work in the firm's securities and whistleblower practices.

During her career, Ms. Donovan-Maher has successfully helped to prosecute numerous class actions.  She led the day-to-day prosecution of the litigation against General Electric Co., which settled for $40 million in 2013.  Ms. Donovan-Maher also served as discovery captain in the *NASDAQ Market Makers Antitrust Litigation,* which settled for $1.027 billion and was a member of the trial team in the *ICN/Viratek Securities Litigation*, which settled for $14.5 million after the jury deadlocked at the conclusion of the 1996 trial.  Other cases in which Ms. Donovan-Maher has played a chief role include, but are not limited to, *In re BankUnited Securities Litigation, In re American Home Mortgage, Wyatt v. El Paso Corp., In re Enterasys Networks, Inc. Securities Litigation* and *In re SmartForce/SkillSoft Securities Litigation*.  In all cases, Ms. Donovan-Maher's efforts helped achieve significant financial recoveries for such public retirement systems as the State Universities Retirement System of Illinois, Oklahoma Police Pension & Retirement System, the Los Angeles County Employees Retirement Association and the Teachers' Retirement System of Louisiana.

In addition to a monetary award, the *Enterasys Networks* settlement also included corporate governance improvements, requiring the company to back a proposal to eliminate its staggered board of directors, allow certain large shareholders to propose candidates to the board and expand the company's annual proxy disclosures.

In *In re Centennial Technologies Litigation,* Ms. Donovan-Maher secured a $207 million judgment against defendant Emanuel Pinez, Centennial's founder and former CEO and Chairman of the Board of Directors who was the primary architect of one of the largest financial frauds in Massachusetts history at the time.

Ms. Donovan-Maher graduated from Suffolk University *magna cum laude* in 1988, receiving a B.S. degree in Business Administration, concentrating in Finance with a minor in Economics. Ms. Donovan-Maher earned an award for maintaining the highest grade point average among students with concentrations in Finance.  She graduated from Suffolk University Law School three years later after serving two years on the *Transnational Law Review*.

A member in good standing of the state bar of Massachusetts, Ms. Donovan-Maher is admitted to practice law in the U.S. District Court for the District of Massachusetts and the U.S. Courts of Appeals in the First, Second and Third Circuits.   Martindale-Hubbell® has rated her AV®

# BERMAN TABACCO

Preeminent™ and selected her for the 2013 Bar Register of Preeminent Women Lawyers.  She is also designated a Local Litigation Star by Benchmark Litigation in 2013, 2014 and 2015.  Ms. Donovan-Maher is a frequent author on continuing legal education issues for such groups as ALI-ABA and PLI.  She is also a member of Phi Delta Phi, Delta Mu Delta National Honor Society in Business Administration, Omicron Delta Epsilon International Honor Society of Economics, the American Bar Association and the Boston Bar Association.

## LESLIE R. STERN

A partner in Boston, Leslie R. Stern heads the New Case Investigations Team for institutional clients.  The team investigates possible securities law violations, gauging clients' damages and evaluating the merits of cases to determine the best course of legal action.

In her role with the New Case Investigations Team, Ms. Stern oversees a portfolio monitoring program that combines the power of an online loss calculation system with the hands-on work of a dedicated group of attorneys, investigators and financial analysts.  Her case development duties include preparing detailed case analyses and recommendations, and advising clients on their legal options.

Ms. Stern is a seasoned litigator with more than a decade of experience on cases such as *Carlson v. Xerox Corp*., in which Berman Tabacco represented the Louisiana State Employees' Retirement System as co-lead counsel.  Upon approval in January 2009, the $750 million Xerox settlement ranked as the 10th largest securities class action recovery of all time.  Ms. Stern also worked on *In re Bristol Myers-Squibb Securities Litigation*, which settled for $300 million and *In re Zila Inc. Securities Litigation*, which settled for $5.75 million.

Prior to joining Berman Tabacco in 1998 and being named partner in 2003, Ms. Stern practiced general civil litigation.  She earned a B.S. degree in Finance from American University in 1991 and graduated *cum laude* from Suffolk University Law School in 1995.

While at Suffolk, Ms. Stern served on the Suffolk University Law Review's editorial board and authored three publications.

Ms. Stern has been admitted to practice law in the Commonwealth of Massachusetts and the U.S. District Court for the District of Massachusetts.  She has also been admitted to practice in the First and Fourth Circuits of the U.S. Courts of Appeals.  Ms. Stern is a founding member of the International Financial Litigation Network and a member of both the National Association of Public Pension Attorneys and the National Association of Women Lawyers.  She was also designated a Local Litigation Star by Benchmark Litigation 2013, 2014 and 2015.  In 2017, she was ranked as a Recommended Attorney in Securities Litigation by The Legal 500.

# BERMAN TABACCO

**OFFICES**

| **MASSACHUSETTS** | **CALIFORNIA** |
|---|---|
| One Liberty Square | 44 Montgomery Street, Suite 650 |
| Boston, MA 02109 | San Francisco, CA 94104 |
| Phone: (617) 542-8300 | Phone: (415) 433-3200 |
| Fax: (617) 542-1194 | Fax: (415) 433-6382 |

###

**FORMER EMPLOYEES**

*Partner*

**GLEN DEVALERIO**

Glen DeValerio was a co-founder in 1982 of Berman DeValerio & Pease, LLP, one of the law firms that formed Berman DeValerio in 2001.  He was also the managing partner of the Firm's Boston office and oversees some of the Firm's most important cases.  As one of the lead attorneys in *Carlson v. Xerox Corp.*, he helped negotiate a $750 million settlement, which ranked as the 10th largest securities class action settlement of all time when it received court approval in January 2009.

Mr. DeValerio has extensive securities fraud trial experience, serving as trial counsel in *In re Katy Indus. Securities Litigation*, No. 85-CV-459 (D. Del.); *Hurley v. Federal Deposit Insurance Corp.*, No. 88-cv-1940 (D. Mass.); *Poughkeepsie Savings Bank, F.S.B. v. Morash*, No. 89-civ-1778 (S.D.N.Y.); *Advisors Bancorp v. Painewebber, Inc.*, No. 90-cv-11301 (D. Mass.); and *Schofield v. First Commodity Corp. of Boston*, No. 83-4137-Z (D. Mass.), among others.

Mr. DeValerio has prosecuted federal securities law violations, chiefly class and derivative actions, since the early 1970s.  A 1969 graduate of the University of Rhode Island, he received his law degree in 1973 from the Catholic University Law School and served on the *Catholic University Law Review*'s editorial board for two years. In 1973 and 1974, he worked as a law clerk to the Honorable June L. Green, U.S. District Court for the District of Columbia.

A frequent lecturer on complex securities litigation issues, Mr. DeValerio speaks at continuing legal education seminars sponsored by groups such as PLI, ALI-ABA and the Boston Bar Association.  He is vice president of the International Network for Financial Litigation, an association of law firms seeking to create a global litigation framework to promote legal security, transparency and market confidence.  Mr. DeValerio served as the President of the National Association of Securities and Commercial Law Attorneys from 1996 through 1998.

# BERMAN TABACCO

Mr. DeValerio has been admitted to practice law in the Commonwealth of Massachusetts as well as the U.S. Districts Courts for the Districts of Columbia and Massachusetts.  He has also been admitted to practice in the First, Second, Fourth and Fifth Circuits.  He is AV® Preeminent™ rated by Martindale-Hubbell® and is designated a Local Litigation Star by Benchmark Litigation in 2013, 2014 and 2015.

***Associate***

**DARYL DEVALERIO ANDREWS**

Daryl DeValerio Andrews, was an associate in the Boston office, who focused her practice on securities litigation, where she successfully helped prosecute numerous class actions.  She led the discovery team in the litigation against General Electric Co., which settled for $40 million in 2013 and was a principal attorney in *Sanderson v. Verdasys, Inc*.  She was also involved in a case against major credit rating agencies, *California Public Employees' Retirement System v. Moody's Corp.*.  The case, which had a total recovery of $255 million, was filed on behalf of the nation's largest state pension fund, the California Public Employees' Retirement System (CalPERS), was a landmark litigation seeking to hold rating agencies financially responsible for negligent misrepresentations in the rating of structured investment vehicles.

Ms. Andrews also successfully defended at trial a well-regarded record producer in an action brought by an artist claiming breach of fiduciary duty, fraud, and negligent misrepresentation. Ms. Andrews conducted both direct and cross examinations of witnesses, prepared witnesses for cross, and lead the evidence team.

Ms. Andrews is also the Chairwoman of the Board of Directors of the nonprofit Cystic Fibrosis Lifestyle Foundation.

Prior to joining the Firm as an associate in 2009, Ms. Andrews was a litigation associate at Sherin and Lodgen LLP, where she practiced civil litigation with an emphasis on bankruptcy and real estate litigation and employment law.

After graduating from Boston University School of Law in 2003, Ms. Andrews clerked for Judge Michael A. Ponsor, U.S. District Court for the District of Massachusetts.  During law school, she served on the Public Interest Law Journal and was a legal intern for the U.S. Attorney's Office, Civil Division, where she drafted dispositive motions for a variety of cases and researched legal issues for briefs and motions.  She also interned for two years at Shelter Legal Services, assisting low-income clients on legal matters such as housing, credit, employment and family law issues.

Ms. Andrews earned a B.A. in Education from Smith College in 1997.

Ms. Andrews is admitted to practice law in the Commonwealth of Massachusetts and the U.S. District Court for the District of Massachusetts. She was named a "Rising Star" in 2007, 2008, 2013 -2015 by *Massachusetts Super Lawyers Magazine*.