**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| IN RE ARIAD PHARMACEUTICALS, INC. | ) | No. 1:13-cv-12544 (WGY) |
| SECURITIES LITIGATION | ) | |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF (1) PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION AND (2) PLAINTIFFS' CO-LEAD COUNSEL'S MOTION FOR AN <u>AWARD OF ATTORNEYS' FEES AND PAYMENT OF LITIGATION EXPENSES</u>**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii

PRELIMINARY STATEMENT ......................................................................................................... 1

ARGUMENT ........................................................................................................................................ 2

I.    THE REACTION OF THE SETTLEMENT CLASS SUPPORTS FINAL APPROVAL OF THE SETTLEMENT AND PLAN OF ALLOCATION ......................... 2

II.    THE REACTION OF THE SETTLEMENT CLASS ALSO SUPPORTS APPROVAL OF THE ATTORNEYS' FEES AND EXPENSE APPLICATION .............. 3

CLAIMS INFORMATION TO DATE ............................................................................................... 3

CONCLUSION ..................................................................................................................................... 4

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Bussie v. Allmerica Fin. Corp.*,
   50 F. Supp. 2d 59 (D. Mass. 1999) .................................................................................... 2

*In re StockerYale, Inc. Sec. Litig.*,
   No. 1:05-cv-00177, 2007 WL 4589772 (D.N.H. Dec. 18, 2007) ........................................ 2

*In re Tyco Int'l, Ltd.*,
   535 F. Supp. 2d 249 (D.N.H. 2007) ............................................................................... 2, 3

**STATUTES**

Fed. R. Civ. P. 23(a) ........................................................................................................................ 1

Fed. R. Civ. P. 23(b)(3) ................................................................................................................... 1

Fed. R. Civ. P. 23(e) ........................................................................................................................ 1

Fed. R. Civ. P. 23(h) ........................................................................................................................ 1

Pursuant to Rules 23(a), (b)(3), (e), and (h) of the Federal Rules of Civil Procedure, the City of Fort Lauderdale Police & Fire Retirement System and William A. Gaul (the "Settlement Class Representatives"), on behalf of themselves and the proposed Settlement Class, by and through their counsel, respectfully submit this reply memorandum of law in further support of (1) Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation and (2) Plaintiffs' Co-Lead Counsel's Motion for an Award of Attorneys' Fees and Payment of Litigation Expenses. (ECF Nos. 248-52).[1]

## PRELIMINARY STATEMENT

The Settlement Class Representatives and their counsel are pleased to advise the Court of the positive reaction of the Settlement Class to the proposed Settlement, Plan of Allocation, and the application for attorneys' fees and expenses. The April 19, 2018 deadline for objections and exclusions has passed and no objections or requests for exclusion have been received.

A total of 7,686 Claim Packets have been mailed to potential Settlement Class Members and nominees[2] and Summary Notice was published in *Investor's Business Daily* and transmitted over *PR Newswire*.[3] The Claims Administrator—Epiq Class Action & Claims Solutions, Inc.—has monitored all mail delivered to this case's post office box and has received no requests for exclusion from the Settlement Class. *See* Supplemental Mailing Decl., ¶¶ 4-5. Epiq also confirms that it has not received any objections (although objections were to be filed with the Clerk of the

---

[1] Capitalized terms not otherwise defined herein have the meanings set forth and defined in the Stipulation and Agreement of Settlement, dated November 29, 2017 (ECF No. 236).

[2] *See* the accompanying Supplemental Declaration of Alexander Villanova Regarding: (A) Mailing of the Notice and Claim Form; (B) Requests for Exclusion and Objections; and (C) Claims Received To Date ("Supplemental Mailing Decl."), submitted herewith, ¶ 3.

[3] *See* the previously-filed Declaration of Alexander Villanova Regarding: (A) Mailing of the Notice and Claim Form; (B) Publication of the Summary Notice; and (C) Report on Requests for Exclusion and Objections ("Mailing Declaration") (ECF No. 252-3, ¶ 13).

Court and served on counsel, Epiq checked the post office box for any objections in the event an objector did not follow the instructions and instead mailed an objection to Epiq). *See Id.*, ¶ 6.

Moreover, no objections have been filed with the Court and no objections have been served on counsel.

It is respectfully submitted that these results are a testament to the fairness, adequacy, and reasonableness of the proposed Settlement, Plan of Allocation, and the application for attorneys' fees and expenses.

## ARGUMENT

**I.    THE REACTION OF THE SETTLEMENT CLASS SUPPORTS FINAL APPROVAL OF THE SETTLEMENT AND PLAN OF ALLOCATION**

The reaction of a class to a settlement is a significant factor in assessing the fairness and adequacy of a settlement. *In re Tyco Int'l, Ltd.*, 535 F. Supp. 2d 249, 261 (D.N.H. 2007) (finding reaction of class favored approval where it was "almost entirely positive"); *In re StockerYale, Inc. Sec. Litig.,* No. 1:05-cv-00177, 2007 WL 4589772, at *3 (D.N.H. Dec. 18, 2007); *see also Bussie v. Allmerica Fin. Corp.*, 50 F. Supp. 2d 59, 77 (D. Mass. 1999) (noting that favorable reaction of class to settlement, albeit not dispositive, constitutes strong evidence of fairness and supports judicial approval of proposed settlement).[4]

Here, no one has objected to the Settlement or Plan of Allocation and no one has submitted a request for exclusion from the Settlement Class. *See* Supplemental Mailing Decl., ¶¶ 4-6.

For the reasons explained in our previous submissions, it is respectfully submitted that the Settlement is fair, reasonable, and adequate and should be approved by the Court.

---

[4] All internal quotations and citations are omitted, unless otherwise noted.

## II. THE REACTION OF THE SETTLEMENT CLASS ALSO SUPPORTS APPROVAL OF THE ATTORNEYS' FEES AND EXPENSE APPLICATION

Not one Settlement Class Member has objected to the application for an award of attorneys' fees and payment of litigation expenses. That there have been no objections is further evidence that the requested fee is fair and reasonable. *See, e.g., Tyco*, 535 F. Supp. 2d at 269 (finding reaction of class supported approval of fee where only a "tiny percentage of the class has objected to the proposed fee request").

For the reasons explained in our previous submissions, it is respectfully submitted that the requested fees and expenses are fair and reasonable, and should be awarded by the Court.

## CLAIMS INFORMATION TO DATE

The Supplemental Mailing Declaration also provides claims submission information to date. *See* Supplemental Mailing Decl., ¶¶ 7-8. The April 26, 2018 postmark deadline for submitting a Claim Form has recently passed. As of the April 26, 2018 claim filing deadline, Epiq has received 5,106 claims. *Id.*, ¶7. Of these, 4,916 were filed by or on behalf of institutions and 190 were submitted by or on behalf of individuals. *Id.*, ¶8.[5] Accordingly, thousands of investors stand to benefit from the proposed Settlement.

Furthermore, the preliminary total "Recognized Losses" of claimants to date, pursuant to the proposed Plan of Allocation, is approximately $8,746,796.68. *Id.*, ¶8. (Because these numbers are preliminary and subject to change during the claims administration process, Epiq is not able to provide final recovery amounts at this time.). Accordingly, based on currently available information, the proposed Settlement may provide a gross recovery of approximately

---

[5] As Epiq is still receiving, processing, and reviewing claims, the information provided herein is preliminary and subject to further quality assurance and quality control. Many of the claims received contain deficiencies, and claimants have not yet been given an opportunity to correct their deficiencies. These results are intended only for informational purposes at this time. *See* Supplemental Mailing Decl. ¶ 8.

3

40% of the current preliminary total "Recognized Losses", and a net recovery of approximately 26% of the current preliminary total "Recognized Losses" after taking into consideration the deduction of the requested attorneys' fees and litigation expenses. By either measure, the Settlement is a very favorable result.

As previously mentioned in the moving papers, the Settlement is not "claims made" and all proceeds of the Settlement, after the deduction of Court-approved fees and costs, will be distributed to eligible Settlement Class Members. There is also no reversion to Defendants.

## CONCLUSION

For all these reasons and for those in the previous submissions, Settlement Class Representatives and Plaintiffs' Co-Lead Counsel respectfully request that the Court: (i) grant final approval of the Settlement and Plan of Allocation; (ii) reaffirm its determination to certify the Settlement Class for purposes of carrying out the Settlement; (iii) award attorneys' fees in the amount of 25% of the Gross Settlement Fund, *i.e.*, $875,000 plus interest accrued at the same rate as earned by the Gross Settlement Fund; and (iv) award $288,846.02 in litigation expenses and $61,450 in reimbursement of the Settlement Class Representatives' costs and expenses. Three proposed orders are attached to this reply as Exhibit A (Order and Final Judgment), Exhibit B (Order Approving Plan of Allocation) and Exhibit C (Order Awarding Attorneys' Fees and Expenses).

DATED: May 3, 2018                                          Respectfully submitted,

**BERMAN TABACCO**
Steven J. Buttacavoli (BBO # 651440)
1 Liberty Square
Boston, Massachusetts 02109
Telephone: (617) 542-8300
Facsimile: (617) 542-1194
sbuttacavoli@bermantabacco.com

*Liaison Counsel for Plaintiffs*

**MILBERG TADLER PHILLIPS GROSSMAN LLP**

By: */s/ Sanford P. Dumain*
    Sanford P. Dumain (*pro hac vice*)
One Penn Plaza, Suite 1920
New York, NY 10119
Tel: (212) 594-5300
Fax: (212) 868-1229
sdumain@milberg.com

*Co-Lead Counsel for Plaintiffs*

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

By: */s/ John C. Browne*
    John C. Browne (*pro hac vice*)
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 554-1400
Fax: (212) 554-1444
johnb@blbglaw.com

*Co-Lead Counsel for Plaintiffs*

**LABATON SUCHAROW LLP**

By: */s/ Jonathan Gardner*
    Jonathan Gardner (*pro hac vice*)
140 Broadway
New York, NY 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
jgardner@labaton.com

*Co-Lead Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of May, 2018, this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants.

                                                 */s/ Sanford P. Dumain*
                                                 Sanford P. Dumain