**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

IN RE ARIAD PHARMACEUTICALS,    )   No. 1:13-cv-12544 (WGY)
INC. SECURITIES LITIGATION        )

## ORDER AND FINAL JUDGMENT

WHEREAS:

On the 10th day of May, 2018, a hearing having been held before this Court to determine:

(1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated

November 29, 2017 (the "Stipulation") are fair, reasonable, and adequate for the settlement,

including the release of the Defendants and the Released Parties, and should be approved; (2)

whether judgment should be entered dismissing the Action without costs, except as provided in

the Stipulation, as against the Defendants; (3) whether to approve the Plan of Allocation as a fair

and reasonable method to allocate the settlement proceeds among the members of the Settlement

Class; and (4) whether and in what amount to award Plaintiffs' Counsel fees and payment of

expenses.

The Court having considered all matters submitted to it at the hearing and otherwise

being fully informed; and it appearing that the Notice of Pendency of Class Action and Proposed

Settlement, Motion for Attorneys' Fees and Settlement Fairness Hearing (the "Notice") and a

Proof of Claim and Release form (the "Claim Form"), substantially in the forms approved by the

Court was mailed to all potential Settlement Class Members who could be identified through

reasonable effort, and that a Summary Notice of Pendency of Class Action, Proposed Settlement

and Settlement Hearing (the "Publication Notice"), substantially in the form approved by the

Court was published in *Investor's Business Daily* and transmitted over *PRNewswire* pursuant to

the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the Settlement:

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      This Judgment incorporates by reference: (i) the Stipulation and (ii) the Notice. Capitalized terms not defined in this Judgment shall have the meanings set forth and defined in the Stipulation.

2.      The Court has jurisdiction over the subject matter of the Action, the Settlement Class Representatives, all Settlement Class Members, and the Defendants.

3.      The Court hereby affirms its determinations in the Order for Notice and Hearing, and, pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies, for purposes of the Settlement only, this action as a class action on behalf of all persons and entities that purchased, or otherwise acquired, shares of ARIAD Pharmaceuticals, Inc. ("ARIAD") publicly traded common stock during the period from December 11, 2012 through December 14, 2012, inclusive (the "Settlement Class Period"), and were damaged thereby. Excluded from the Settlement Class are: (i) Defendants; (ii) the officers, directors, and affiliates of ARIAD; (iii) members of immediate family of any Individual Defendant; (iv) any entity in which any Defendant has or had a controlling interest; (v) ARIAD's employee retirement and/or benefit plan(s) and their participants and/or beneficiaries to the extent they purchased or acquired ARIAD common stock through any such plan(s); and (vi) the legal representatives, heirs, successors or assigns of any such excluded person. No timely and valid requests for exclusion from the Settlement Class were received.

2

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, the Court hereby reaffirms its determinations in the Order for Notice and Hearing appointing the City of Fort Lauderdale Police & Fire Retirement System and William A. Gaul as Settlement Class Representatives; appointing the law firms of Bernstein Litowitz Berger & Grossmann LLP, Labaton Sucharow LLP, and Milberg LLP as Settlement Class Counsel for the Settlement Class and Berman DeValerio LLP as Settlement Liaison Counsel for the Settlement Class.

5.      The form and method of notifying the Settlement Class of the pendency of the action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto. Plaintiffs' Co-Lead Counsel has filed with the Court proof of mailing of the Notice and Claim Form and proof of publication of the Publication Notice.

6.      No objections to the Settlement have been filed.

7.      In light of the benefits to the Settlement Class, the complexity, expense, and possible duration of further litigation against Defendants, the risks of establishing liability and damages, and the costs of continued litigation, the Court fully and finally approves the Settlement provided for in the Stipulation in all respects, and finds that the Settlement is, in all respects, fair, reasonable, and adequate. The Parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

8.     The Complaint, which the Court finds was filed on a good faith basis in accordance with the Private Securities Litigation Reform Act and Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information, is hereby dismissed without prejudice and without costs, except as provided in the Stipulation, as against the Defendants.

9.     As of the Effective Date, the Settlement Class Representatives and members of the Settlement Class, on behalf of themselves, their heirs, executors, administrators, parents, subsidiaries, affiliates, custodians, agents, attorneys, representatives, trustees, Estates, spouses, immediate family members, predecessors, successors, and assigns, and any other Person claiming through or on behalf of them, shall be deemed to have, to the fullest extent permitted by law, fully, finally, and forever waived, released, relinquished, settled, discharged, and dismissed each and every one of the Settled Claims against each and every one of the Released Defendant Parties, whether or not such Settlement Class Member executes and delivers the Claim Form, and whether or not such Settlement Class Member shares in the Gross Settlement Fund or the Net Settlement Fund, and shall be permanently barred and enjoined from instituting, commencing or prosecuting the Settled Claims against the Released Defendant Parties. The Settled Claims are hereby compromised, settled, released, discharged and dismissed as against the Released Defendant Parties on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

10.    As of the Effective Date, the Defendants and the other Released Defendant Parties, on behalf of themselves, their heirs, executors, administrators, parents, subsidiaries, affiliates, custodians, agents, attorneys, representatives, trustees, Estates, spouses, immediate family members, predecessors, successors, and assigns, and any other Person claiming through or on behalf of them, shall be deemed to have, to the fullest extent permitted by law, fully,

4

finally, and forever waived, released, relinquished, settled, discharged, and dismissed, each and every one of the Settled Defendants' Claims against each and every one of the Released Plaintiff Parties, and shall be permanently barred and enjoined from instituting, commencing or prosecuting any and all of the Settled Defendants' Claims against any and all of the Released Plaintiff Parties. The Settled Defendants' Claims are hereby compromised, settled, released, discharged and dismissed as against the Released Plaintiff Parties on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

11.     Notwithstanding the provisions of ¶¶ 9 and 10 of this Order and Final Judgment, none of the Settlement Class Representatives, Released Plaintiff Parties, Defendants, or Released Defendant Parties release any claims relating to the enforcement of the Settlement.

12.     Neither this Order and Final Judgment, the Stipulation, nor any of its terms and provisions, nor any of the negotiations, proceedings, or agreements related to them, nor any matter arising in connection with such negotiations, proceedings, or agreements shall be:

(a)     described as, construed as, offered or received as, or deemed to be (i) evidence of a presumption, concession, or admission by any Defendant of the truth of any fact alleged or the validity of any claim that has been, or could have been, asserted in the Action, or (ii) evidence of or construed as or deemed to be evidence of any presumption, concession, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been, could have been, or in the future might be asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of any of the Defendants;

5

(b)     described as, construed as, offered or received as, or deemed to be evidence of a presumption, concession or admission of any liability, fault, wrongdoing, breach of duty, wrongful act or misrepresentation or omission in any statement or written document approved or made by any of the Defendants, or against or to the prejudice of Settlement Class Representatives or any other Members of the Settlement Class, as evidence of any infirmity in the claims of Settlement Class Representatives or the other members of the Settlement Class;

(c)     described as, construed as, offered or received against any of the Defendants, Settlement Class Representatives, any other member of the Settlement Class, or their respective counsel, as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, breach of duty, wrongful act or misrepresentation or omission, or in any way referred to for any other reason as against any of the Defendants, Settlement Class Representatives, any other member of the Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that any of the Defendants, Settlement Class Representatives, or any other Member of the Settlement Class may refer to it to effectuate the liability protection granted them hereunder;

(d)     construed against Defendants, the Settlement Class Representatives or any of the other Settlement Class Members as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

(e)     construed as or received in evidence as an admission, concession or presumption against the Settlement Class Representatives or any of the other Settlement Class

6

Members that any of their claims are without merit, or that any defenses asserted by any of the Defendants have any merit, or that damages recoverable under the Complaint would not have exceeded the Cash Settlement Amount, provided, however, that the Defendants may file the Stipulation and/or this Order and Final Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13.     If the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection with this Order and Final Judgment shall be null and void to the extent provided by and in accordance with the Stipulation.

14.     A separate order shall be entered regarding Plaintiffs' Co-Lead Counsel's application for attorneys' fees and payment of expenses as allowed by the Court. A separate order shall also be entered regarding the proposed Plan of Allocation for the Net Settlement Fund. Those orders shall in no way disturb or affect this Order and Final Judgment and shall be considered separate from this Order and Final Judgment.

15.     The Court finds that all parties to the Action and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

16.     Exclusive jurisdiction is hereby retained over the parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, and including

7

any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Settlement Class.

17.     The stipulation or orders entered during this Action relating to the confidentiality of information shall survive this Settlement.

18.     Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

19.     There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54 (b) of the Federal Rules of Civil Procedure.

Dated:          Boston, Massachusetts
                _May  10_____, 2018


                              _William G. Young_
                              WILLIAM G. YOUNG
                              DISTRICT JUDGE

8